1  | James P. O'Neil, Esq.        SBN: 67035
   | 657 Gravilla Place
2  | La Jolla, CA  92037
   | Phone: (858) 459-9181
3  | Fax:   (858) 459-9189

4  | Attorney for Plaintiff
   | ELIZABETH GAMEZ-VOM STEEG



FILED

MAY 04 2012

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY_____ Deputy Clerk

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA - RIVERSIDE DIVISION

| IN RE: | ) | Case No. 6:12-bk-12449-WJ |
|---|---|---|
| STEVE GUTHRIE and CHRISTY OLSON, | ) ) | ADV. CASE NO. _____ |
| Debtors, | ) ) | CHAPTER 7 |
| ELIZABETH GAMEZ-VOM STEEG, | ) ) | COMPLAINT FOR DECLARATORY RELIEF FOR DETERMINATION OF NONDISCHARGEABILITY OF PLAINTIFF'S CLAIM UNDER 11 U.S.C. § 523(a) (2) (A) (4) AND (6) |
| Plaintiff, | ) ) ) | |
| v. | ) | |
| STEVE GUTHRIE and CHRISTY OLSON, | ) ) ) | |
| Defendants. | ) ) | |

For cause of action Plaintiff, ELIZABETH GAMEZ-VOM STEEG alleges as follows:

### JURISDICTION AND VENUE

1.    This is an Adversary Proceeding that arises in and relates to the above-captioned Bankruptcy Case in the United States Bankruptcy Court for the Central District of California, Riverside Division, Case No.: 6:12-bk-12449-WJ, commenced by the above-captioned Debtors, STEVE GUTHRIE and CHRISTY OLSON (collectively "Defendants") on January 31, 2012.  This Court has jurisdiction over the subject matter and this action pursuant to a 28 U.S.C. § 157(a) and 1334(b).  This is a Core Proceeding under 28 U.S.C. § 157(b) (2) (A), (B) and (I).

2.      This is an adversary proceeding brought pursuant to Bankruptcy Rules 7001, et seq.

3.      Venue is proper in this Judicial district pursuant to 28 U.S.C. § 1409 (a).

### PARTIES

4.      ELIZABETH GAMEZ-VOM STEEG ("Plaintiff") or ("GAMEZ") an individual and resident of Wrightwood, San Bernardino County, California.

5.      Debtors/Defendants are individual Debtors in Bankruptcy Case No. 6:120bk-12449-WJ, and are both residents of Wrightwood, San Bernardino, California.

6.      Robert Whitmore has been appointed Chapter 7 Trustee in the above-referenced Bankruptcy Case No. 6:12-bk-12449-WJ.

### GENERAL ALLEGATIONS

7.      The original statutory deadline to file Complaints objecting to the dischargeability of debts is May 7, 2012. This Adversary Complaint is timely filed.

8.      GAMEZ is a creditor of both Debtor/Defendants, as defined in 11 U.S.C. § 101(10).

9.      In or about September, 2007, Debtor/Defendant STEVE GUTHRIE, after failing to disclose to GAMEZ that he was not a licensed contractor (his Contractor's License having been revoked by the State of California approximately eight years earlier) entered into a Home Improvement Contract, whereby he undertook to perform a substantial remolding job on GAMEZ's personal residence in Wrightwood, California. From time to time over approximately the next two years, GAMEZ paid STEVE GUTHRIE more than $500,000 for the work on GAMEZ's residence, which he performed as an unlicensed contractor.

10.      From time to time during and after September, 2007, Debtor/Defendant CHRISTY OLSEN aided and abetted STEVE GUTHRIE, her husband, in inducing GAMEZ to enter into the contract described in paragraph 9 of this Complaint, and in the performance of work and collecting of funds from GAMEZ, all the while knowing STEVE GUTHRIE was not a licensed contractor, and that his licensed had been revoked approximately eight years earlier.

11.      STEVE GUTHRIE and CHRISTY OLSON each lacked the knowledge, skill and ability to perform home improvement work in a good workmanlike manner, and as a result of their efforts to try to improve GAMEZ's residence, they actually damaged the GAMEZ residence substantially, so as to

COMPLAINT FOR DECLARATORY RELIEF FOR DETERMINATION OF NONDISCHARGEABILITY

1   make it almost uninhabitable, and to the extent that the estimated cost of repairing the residence to make

2   it habitable is approximately $680,000.

3       12.   As a result of the above-described circumstances, GAMEZ filed suit against the

4   Debtors/Defendants, and each of them, in San Bernardino County, California Superior Court,

5   commencing that certain case entitled <u>Elizabeth Gamez-Vom Steeg v. Steve Michael Guthrie, et al.</u>,

6   Superior Court of California, County of San Bernardino, Victorville Division, Case No. CIVVS 100969

7   ("The State Court Case").

8       13.   The State Court Case proceeded to trial before the Honorable Marsha Slough, Judge of

9   the Superior Court, on March 8, 2011, and after a three-day Court Trial Judge Slough issued a Statement

10  of Decision on March 15, 2011, a true copy of which is attached hereto as Exhibit 1, in which she

11  recited <u>inter alia</u>

12      a..   "Mr. Guthrie breached the contract as it relates to performing the various services,

13  all the way . . . to rendering the home, basically, in a state of total and utter disrepair upon his . . .

14  cessation of his work.

15      b.   Mr. Guthrie admitted that in his answer to the unverified complaint, <u>Mr. Guthrie</u>

16  <u>was contracting without a license.</u>

17      c.   <u>I do find that there was a conspiracy</u> to act by both overt acts and covert acts <u>on</u>

18  <u>the part of Mr. and Mrs. Guthrie (Mr. GUTHRIE and Ms. OLSON)</u> that damaged the Plaintiff.

19      d.   As it relates to the fourth cause of action, that alleges fraud and intentional

20  misrepresentation. And <u>it is alleged that against both Mr. and Mrs. Guthrie (Mr. GUTHRIE and Ms.</u>

21  <u>OLSON)</u>. And it relates to the fraud: again, based on the same factors that I stated as it relates to the

22  conspiracy, <u>I do find the elements of fraud as well as the elements of intentional of misrepresentation to</u>

23  <u>have been established during the course of this trial and not adequately rebutted.</u>

24      e.   And that, again, is <u>only as it relates to Mr. Steve Guthrie</u>, and that is his convert-

25  ing property of plaintiff. Again, <u>there is adequate evidence that he converted the property of the plaintiff</u>

26  <u>and used it, in that being money, materials, and materials from Ms. Gamez to use in another project.</u>

27      <u>I do find the elements of conversion to have been met</u> and unrebutted as well."

28  (Emphasis Added).

COMPLAINT FOR DECLARATORY RELIEF FOR DETERMINATION OF NONDISCHARGEABILITY

14.     On April 18, 2011, the Court in The State Court Case entered its Judgment After Trial by Court, a true copy of which is attached hereto as Exhibit 2, awarding GAMEZ damages in the total amount of $683,190, payable and jointly by Debtors/Defendants herein STEVE GUTHRIE and CHRISTY OLSON, and an additional $10,000 payable only by STEVE GUTHRIE. The Judgment recited in pertinent part:

"IT IS HEREBY ORDERED AND DECREED THAT:

1.      Plaintiff's, ELIZABETH GAMEZ, shall have judgment against Defendant STEVE GUTHRIE on Plaintiff's First Cause of Action, for Breach of Contract, Partially Orally, Partially in Writing, and Partially Implied:

2.      Plaintiff, ELIZABETH GAMEZ, shall be judgment against Defendant STEVEN GUTHRIE Plaintiff's Second Cause of Action, for Contracting Without a License;

3.      Plaintiff, ELIZABETH GAMEZ, shall have judgment against Defendants STEVEN GUTHRIE and CHRISTY GUTHRIE on Plaintiff's Third Cause of Action, for Conspiracy to Contract and Contracting Without a License;

4.      Plaintiff, ELIZABETH GAMEZ, shall have judgment against Defendants STEVEN GUTHRIE and CHRISTY GUTHRIE on Plaintiff's Fourth Cause of Action, for Fraud, Intentional Misrepresentation;

5.      Plaintiff, ELIZABETH GAMEZ, shall have judgment against Defendants STEVEN GUTHRIE and CHRISTY GUTHRIE on Plaintiff's Fifth Cause of Action, for Conversion;" (Emphasis Added).

15.     Further, on June 13, 2011, after a hearing on GAMEZ's Motion for an Order Fixing and Awarding Attorneys' Fee and Costs, the Court in The State Court Case entered and Amended Judgment After Trial by Court, a true copy of which is attached hereto as Exhibit 3, awarding GAMEZ attorney's

COMPLAINT FOR DECLARATORY RELIEF FOR DETERMINATION OF NONDISCHARGEABILITY

1  fees in the amount of $39,640 and costs of suit in the amount of $6,741.10, payable and jointly and

2  severely by Debtors/Defendants herein, STEVE GUTHRIE and CHRISTY OLSON.

## FIRST CAUSE OF ACTION FOR DECLARATORY RELIEF

(For Determination That Plaintiff's Claim Based On A State Court

Judgment Is Nondischargeable Under 11 U.S.C. § 523(a)(2))

6      16.  GAMEZ realleges, and incorporates herein by this reference, paragraphs 1 through 15 of

7  her Complaint, as though set forth in full hereafter.

8      17.  GAMEZ is informed and believes, and thereupon alleges that, based on the Statement of

9  Decision (Exhibit 1) and The State Court Judgment (Exhibit 2) the Defendants/Debtors, obtained money

10  from GAMEZ by false pretenses, a false representation, or actual fraud, other than a statement respecting

11  the Debtors' or an insider's financial condition; and that GAMEZ's Judgment and Amended Judgment

12  in The State Court Case are nondischargeable pursuant to 11 U.S.C. § 523(a)(2).

## SECOND CAUSE OF ACTION FOR DECLARATORY RELIEF

(For Determination That Plaintiff's Claim Based On A State Court

Judgment Is Nondischargeable Under 11 U.S.C. § 523(a)(4))

16      16.  GAMEZ realleges, and incorporates herein by this reference, paragraphs 1 through 15 of

17  her Complaint, as though set forth in full hereafter.

18      17.  GAMEZ is informed and believes, and thereupon alleges that, based on the Statement of

19  Decision (Exhibit 1) And The State Court Judgment (Exhibit 2) the Defendants/Debtors obtained money

20  from GAMEZ by larceny (conversion) and that GAMEZ's Judgment and Amended Judgment in The

21  State Court Case are thus nondischargeable pursuant to 11 U.S.C. § 523(a)(4).

## THIRD CAUSE OF ACTION FOR DECLARATORY RELIEF

(For Determination That Plaintiff's Claim Based On A State Court

Judgment Is Nondischargeable Under 11 U.S.C. § 523(a)(6))

25      16.  GAMEZ realleges, and incorporates herein by this reference, paragraphs 1 through 15 of

26  her Complaint, as though set forth in full hereafter.

27      17.  GAMEZ is informed and believes, and thereupon alleges that, based on the Statement of

28  Decision (Exhibit 1) And The State Court Judgment (Exhibit 2) the Defendants/Debtors, willfully and

**COMPLAINT FOR DECLARATORY RELIEF FOR DETERMINATION OF NONDISCHARGEABILITY**

1    maliciously injured GAMEZ; and that GAMEZ's Judgment and Amended Judgment in The State Court

2    Case are thus nondischargeable pursuant to 11 U.S.C. § 523(a)(6).

3         WHEREFORE, Plaintiff ELIZABETH GAMEZ-VOM STEEG prays for judgment against

4    Debtors/Defendants, STEVE GUTHRIE and CHRISTY OLSON as follows:

5        1.     For the Court's determination that Plaintiff's Judgment After Trial by Court and

6    Amended Judgment After Trial by Court in that certain case entitled <u>Elizabeth Gamez-Vom Steeg v.</u>

7    <u>Steve Michael Guthrie, et al</u>. In the Superior Court of The State of California, County of San Diego,

8    Victorville Division, No. CIVVS 1000969, is exempt from discharge under 11 U.S.C. 523(a)(2), (4) and

9    (6);

10        2.     For reasonable attorneys fees;

11        3.     For costs of suit herein incurred; and

12        4.     For such other and further relief as the Court may deem just and proper.

13

14               Respectfully submitted,

15

16

17    Dated:  **5-3-12**

18               James P. O'Neil, Attorney for Plaintiff
           ELIZABETH GAMEZ-VOM STEEG

19

20

21

22

23

24

25

26

27

28

**COMPLAINT FOR DECLARATORY RELIEF FOR DETERMINATION OF NONDISCHARGEABILITY**



1          SUPERIOR COURT OF THE STATE OF CALIFORNIA

2          COUNTY OF SAN BERNARDINO - CIVIL DIVISION

3   DEPARTMENT S-33              HON. MARSHA G. SLOUGH, JUDGE

4

5   ELIZABETH GAMEZ-VON STERG,              )
                                            )
6                  Plaintiff,               )
                                            )
7        vs.                                )  CIVVS-1000969
                                            )
8   STEVEN GUTHRIE, CHRISTY GUTHRIE,        )
                                            )
9                  Defendants.              )
    _____)

10

11

12          **REPORTER'S TRANSCRIPT OF ORAL PROCEEDINGS**

13                    **STATEMENT OF DECISION**

14                  **TUESDAY, MARCH 15, 2011**

15

16   APPEARANCES:

17   For the Plaintiff:          BY: MR. JAMES P. O'NEIL
                                 Attorney at Law
18                               657 Gravilla Place
                                 La Jolla, CA. 92037
19

20   For Defendants:             BY:  MR. STEVEN GUTHRIE
                                 In Pro-Per
21                               BY:  MS. CHRISTY GUTHRIE
                                 In Pro-Per
22

23

24

25

26   Reported by:                MEEMO TOMASSIAN
                                 Official Reporter
                                 C.S.R. No.

**EXHIBIT 1**

-7-

1      STATE OF CALIFORNIA, COUNTY OF SAN BERNARDINO

2                          --oOo--

3  DEPARTMENT S-33                HON. MARSHA G. SLOUGH, JUDGE

4  REPORTED BY: MEEMO TOMASSIAN        TUESDAY, MARCH 15, 2011

5          **REPORTER'S TRANSCRIPT OF ORAL PROCEEDINGS**

6                    **A.M. SESSION**

7                 **STATEMENT OF DECISION**

8

9      APPEARANCES:

10     For the Plaintiff,

11     MR. JAMES P. O'NEIL - Attorney at Law.

12     MR. STEVEN GUTHRIE - In Pro-Per.

13     MS. CHRISTY OLSEN-GUTHRIE - In Pro-Per.

14                          --oOo--

15

16          THE BAILIFF:  Please come to order, Department 33

17  is back in session.

18          THE COURT:  Good morning.

19          MR. O'NEIL:  Good morning, your Honor.

20          MS. GUTHRIE:  Good morning.

21          THE COURT:  You may have a seat. please.

22          MR. O'NEIL:  (Complying.)

23          MS. GUTHRIE:  (Complying.)

24          MR. GUTHRIE:  (Complying.)

25          THE COURT:  We'll go on the record in the Gamez

26  versus Cuthrie matter.  We're here this morning for purposes

1    of the Court to render its verdict.  Mr. And Mrs. Guthrie

2    are present.  Miss Gamez is present, and her lawyer,

3    likewise, is present.

4          Everybody ready to go forward this morning?

5          MR. O'NEIL:  Yes, your Honor.

6          MS. GUTHRIE:  Yes.

7          MR. GUTHRIE:  Yes.

8          THE COURT:  Okay.  First, I will say that I have

9    had an opportunity to go back and review extensive notes

10   that I took during the course of this trial as it relates to

11   the testimony that was elicited during the course of this

12   trial.  I have also had an opportunity to review all of the

13   exhibits that were admitted during this trial.

14         Having had an opportunity to do that, the Court is

15   ready to render its verdict.  In that regard, I will start

16   first off by just addressing the individual causes of

17   action.

18         The first cause of action -- and the Court should

19   indicate that it is a verified complaint.  The first cause

20   of action is for breach of contract, and that is as against

21   Mr. Guthrie only.  Based on my review of the evidence, the

22   Court does find that, indeed, there was a contract, and the

23   contract was for Mr. Guthrie to perform services for the

24   plaintiff.  Mr. Guthrie breached the contract as it relates

25   to performing the various services, all the way from making

26   sure that appropriate materials were used, to installing

1   materials properly, to rendering the home, basically, in a

2   state of total and utter disrepair upon his completion, or,

3   I should say, upon his cessation of his work.

4         The Court does find that all of the elements for

5   breach of contract cause of action have been met.

6         I will address the damage part as just one damages

7   as opposed to breaking it up.

8         MR. O'NEIL:  Very well, your Honor.

9         THE COURT:  The second cause of action is, again,

10  against Mr. Guthrie only.  It alleges that he was

11  contracting without a license.  Indeed, Mr. Guthrie admitted

12  that in his answer to the unverified complaint.  Mr. Guthrie

13  was contracting without a license.

14        The third cause of action is as against Steven and

15  Christy Guthrie, and that alleges conspiracy to contract and

16  contracting without a license.  As it relates to the

17  conspiracy cause of action, the plaintiffs do have a weighty

18  burden of proof.  Plaintiff must show that each member of

19  the conspiracy acted in concert with one another and came to

20  a mutual understanding to accomplish a common and unlawful

21  plan.  And that one or more of them committed an overt act.

22        The common plan in this case was Mr. And Ms.

23  Guthrie convincing, from the outset, the plaintiff that she

24  should basically totally redo her house starting with the

25  basement.  There was uncontradicted testimony that plaintiff

26  started off with a particular plan for the basement, and

1  indeed, it was, again, uncontradicted that Ms. Christy

2  Guthrie worked with the plaintiff to convince her to really

3  totally redo the basement and ultimately redo the whole

4  house.  She assisted by making drawing up plans on her

5  computer program in her home.

6         Both Christy Guthrie and Steven Guthrie knew what,

7  indeed, it would be Mr. Steven Guthrie that would be

8  accomplishing that work.  They both, in my view, worked to

9  get Ms. Gamez, as stated, to continually broaden her scope

10  of work.

11         Both Mr. Guthrie and Ms. Guthrie knew that Mr.

12  Guthrie was not licensed, and, obviously, Ms. Guthrie did

13  not have a contractor's license either.  Both knew that

14  there was no income coming into this home other than the

15  money that was received by Mr. Guthrie from Ms. Gamez every

16  Friday.  Both continued to attempt to aussage the plaintiff

17  that she should continue to work with them to resolve the

18  problems that were becoming apparent during the process of

19  this work.

20         I believe that the testimony of the neighbor

21  corroborates the fact that Mr. And Ms. Guthrie indeed worked

22  together to earn this income from the plaintiff as well as

23  from the neighbor.  The method of obtaining the work from

24  the neighbor, as it relates to Mr. Guthrie, was the same.

25  Him approaching that person and convincing him he would redo

26  his driveway, convincing him that he would then take on a

1    different scope of work, broadening the scope of work, and

2    ultimately, collecting money every Friday just like he did

3    from Ms. Gamez.  And Ms. Guthrie was assisting in that

4    process by allowing her pay pal account to receive some of

5    the money when that neighbor could not pay in cash.

6         This appears to the Court to be corroborating

7    evidence that these two acted in concert for purposes of

8    approaching people to solicit work.  That they're not

9    contracted to, not competent to do and accomplish in a

10   fraudulent fashion.

11        Again, it was uncontradicted -- though, this does

12   not go to the issue of damage to plaintiff, it was

13   uncontradicted that the plumbing from plaintiff's house was

14   used in the neighbor's house.  Therefore, I do find that

15   there was a conspiracy to act by both overt acts and covert

16   acts on the part of Mr. And Ms. Guthrie which damaged the

17   plaintiff.

18        As it relates to the fourth cause of action, that

19   alleges fraud and intentional misrepresentation.  And it is

20   alleged against both Mr. And Mrs. Guthrie.  As it relates to

21   the fraud:  Again, based on the same factors that I stated

22   as it relates to the conspiracy, I do find the elements of

23   fraud as well as the elements of intentional

24   misrepresentation to have been established during the course

25   of this trial and not adequately rebutted.

26        The fifth cause of action is one for conversion.

1    And that, again, is only as it relates to Mr. Steven

2    Guthrie, and that is his converting property of plaintiff.

3    Again, there is adequate evidence that he converted the

4    property of the plaintiff and used it, in that being money,

5    materials, and materials from Ms. Gamez to use in another

6    project.

7         I do find the elements of conversion to have been

8    met and unrebutted as well.

9         The sixth, seventh, eighth, ninth, tenth and

10   eleventh causes of action are against previously dismissed

11   defendants, and therefore, not addressed in the court's

12   verdict today.

13        The 12th cause of action is for negligence.

14   Clearly, it is my belief that the plaintiff met her burden

15   of proof that the defendants, both Mr. And Ms. Guthrie, were

16   negligent in their conduct toward Ms. Gamez and that indeed

17   caused damage to her.

18        As it relates to the issue of damage:  The law is

19   really very clear that when one is contracting without a

20   license, that the person, who is in plaintiff's position in

21   this case, even if they know that the contractor is

22   unlicensed is entitled to all money back.  It's the law.

23        In fact, from my reading of the law, they cannot

24   even offset for the work that they accomplished.  They

25   cannot even offset for the materials that were purchased

26   with the money from the plaintiff and actually used on the

1    construction of the house.

2        One of the issues that I spent some time with as it

3    relates to the issue of damage on contracting without a

4    license was the issue of whether or not a plaintiff has a

5    duty to mitigate damages.  And I struggled with that issue,

6    because at some point, in my mind, I would believe that

7    there would appear to come a point in time where the

8    plaintiff should not continue to give money, particularly to

9    the tune of over $600,000, to someone who is clearly

10   obviously not qualified to do the work that is supposed to

11   be done.

12        And yet, when I read the cases that address the

13   policy considerations, enacting the code that makes an

14   unlicensed contractor liable for all money to go back, it is

15   very clear that "all" means all.  I did not find any case

16   directly on point, but by an analogy, if the contractor is

17   not allowed to offset for work that was accomplished, if

18   they're not allowed to offset for materials that were

19   purchased and actually built out in the project, then "all"

20   seems to mean all.

21        In fact, Business and Professions Code Section 7031

22   subsection (B) reads:  Quote, "a person who utilized the

23   service of an unlicensed contractor may bring an action to

24   recover all compensation paid to the unlicensed contractor."

25        I read "all" to mean all.  I think if the

26   legislature intended to allow for compensation that didn't

1    include all, they would have said that a person could bring

2    an action for damages.  A person who brings an action for

3    damages typically is required to mitigate that action.  But

4    I literally read "all" to mean all, particularly in light of

5    the fact that it is clear that the legislature has enacted

6    this statute with very severe penalty for the purpose, sole

7    purpose, to discourage people who are not properly licensed

8    to be doing work that they are required to have a license

9    for.

10          And in that regard, the Court finds as follows as

11   it relates to the issue of damages:

12          The plaintiff is entitled to her money back.  That

13   has been calculated as the sum of $631,190 (sic).  I will

14   treble that, or add the CCP 1029.8(a) damage of $10,000 on

15   top of it, for a total damage of 6000 -- $683,190.

16   Plaintiff is also entitled to attorney fees and costs, and

17   that will be pursuant to a motion.

18          There was no evidence as it relates to punitive

19   damages presented in the sense of what assets the plaintiff

20   -- excuse me -- assets the defendants have.  I find the

21   conduct of Mr. Guthrie in this case, of Mr. Guthrie in this

22   case, to fall within the purview of conduct that warrants

23   the assessment of punitive damages.

24          He, again, rendered a home basically uninhabitable

25   with his work.  And there was no evidence to contradict the

26   expert testimony that this house is essentially a house of

-15-

1  cards at this point.  He cut out the truss system, and no

2  evidence submitted to indicate that anything was put up in

3  its place to re-establish the security of this home,

4  literally, the security of this home.  He continued to go

5  and ask for money, and more money, and more money, and more

6  money, and more money.  He did work on a home in a manner in

7  which an adolescent wouldn't do to a home, taking a roof off

8  after completing a substantial portion of the internal work,

9  leaving that vulnerable to all weather conditions, and

10  indeed, had to be replaced because of the rains that came

11  and the snows that arrived and the house leaked like a

12  sieve.

13        There's evidence that when he did -- when the work

14  on the stucco was done, that there was improper preparation

15  for the stucco.  The windows left gaps that you can see

16  through.  The island, which was built to accommodate a

17  stove, didn't even have electricity run through it.  And he

18  went to the neighbor and started the same process all over

19  again.  And it is un-rebutted, not even a simple denial from

20  Mr. Guthrie, in evidence or argument, that he used plumbing

21  materials from Ms. Gamez' home and put them in the home of

22  the neighbor.

23        That conduct, and more, is despicable conduct in

24  this Court's view and warrants a punitive damages award.

25  There is no actual testimony as it relates to the assets of

26  Mr. Guthrie other than the fact that there was evidence that

1   he owns a home in Wrightwood.  And there was evidence, and I

2   don't know if he still owns it, so there's no evidence as to

3   whether indeed he has the red truck that's pictured

4   throughout in several of the exhibits.  But he did receive a

5   substantial amount of money from two neighbors to do work.

6          Given the fact that I do not have a good and

7   accurate assessment of punitive damages, the Court is simply

8   going to assess the amount of $10,000 in punitive damages.

9   And, again, that is based on receiving some 600 -- 700,

10  almost $800,000 from the two neighbors.  The $10,000 amount

11  is in punitive damages.

12         With that stated, that's the Court's verdict.  I

13  would ask that counsel please prepare the judgment and all

14  of the appropriate paperwork as it relates to the Court's

15  ruling today.

16         MR. O'NEIL:  Very well, your Honor.

17         Would the Court like me to prepare a statement of

18  decision, or is the Court's oral ruling going to stand as

19  the Court's statement of decision?

20         THE COURT:  The Court's oral statement is the

21  statement of decision, sir.

22         MR. O'NEIL:  Very well, your Honor.

23         THE COURT:  All right.  Thank you, sir.

24         MR. GUTHRIE:  Thank you.

25         THE COURT:  Thank you, and good luck to you.

26         MR. O'NEIL:  Thank you, your Honor.

1    THE COURT:  You're very welcome, sir.

2    Good luck to you, ma'am.

3    MS. GAMEZ:  Thank you, your Honor.

4    THE COURT:  You're very welcome.

5

6    (THE FOLLOWING WAS HEARD IN OPEN COURT, OUTSIDE THE PRESENCE

7    OF ALL PARTIES)

8

9    THE COURT:  Okay.  We'll go on the record in the

10   Gamez versus Guthrie matter.  There are no parties present.

11   I wanted to make sure that I articulated on the record,

12   clearly, the damages, because I think I may have misspoke.

13   I want to make sure that it's very clear that the

14   damages were $673,190 plus $10,000 for CCP 1029.8(a), for a

15   total of $683,190.  And then, there was also $10,000 in

16   punitive damages added.  And the award also includes

17   attorney's fees and costs, which would be submitted via

18   appropriate memorandum.

19

20   (WHEREUPON THE FOREGOING PROCEEDINGS WERE CONCLUDED)

21   --o0o--

22

23

24

25

26

-18-

SUPERIOR COURT FOR THE STATE OF CALIFORNIA

FOR THE COUNTY OF SAN BERNARDINO

DEPARTMENT NO. S-33                    HON. MARSHA G. SLOUGH, JUDGE

**ELIZABETH GAMEZ-VON STERG,**        )
                                      )
                    Plaintiff,        )
                                      )
          vs.                         )    SS
                                      )
**STEVEN GUTHRIE, CHRISTY GUTHRIE,**  )
                    Defendants.       )
                                      )
_____

STATE OF CALIFORNIA          )
                             )    ss
COUNTY OF SAN BERNARDINO     )

          I, Meemo Tomassian, Official Reporter for the

Superior Court of San Bernardino, do hereby certify that to

the best of my ability, the foregoing pages, 1 through 12,

comprise a full, true, and correct transcript of the

proceedings held in the above-entitled matter on

March 15, 2011.

          Dated this 15th day of March, 2011.




                    MEEMO TOMASSIAN, C-10435

EXHIBIT **2**





FILED
SUPERIOR COURT
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

APR 18 2011

By _Winda Blanchard_

Deputy

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SAN BERNARDINO, VICTORVILLE DIVISION

| | |
|---|---|
| ELIZABETH GAMEZ-VOM STEEG, an individual | ) **Case No. CIVVS 1000969** |
| Plaintiff, | ) **JUDGMENT AFTER TRIAL BY COURT** |
| v. | ) San Bernardino County Superior Court |
| STEVEN MICHAEL GUTHRIE, an individual; CHRISTY ELIZABETH OLSEN GUTHRIE, an individual; et al | ) San Bernardino Division<br>) Dept. S - 33, Hon. Marsha G. Slough |
| Defendants. | ) |

The above-entitled cause came on regularly for trial on March 8, 2011; in Dept. S - 33 in the above-entitled Court, the Hon. Marsha Slough, Judge Presiding, sitting without a Jury, a Jury having been duly waived. Plaintiff, ELIZABETH GAMEZ-VOM STEEG ("Plaintiff" or "GAMEZ") appeared personally and by her attorney, James P. O'Neil. Defendants, STEVEN MICHAEL GUTHRIE ("STEVEN GUTHRIE") and CHRISTY ELIZABETH OLSEN GUTHRIE ("CHRISTY GUTHRIE") each personally appeared in pro per. Evidence, both oral and documentary, having been presented by the parties; and the cause having been argued and submitted for decision; and the Court having announced its Tentative Decision in open court on March 15, 2011; and having stated on the record that, pursuant to Rule 3.1590(c)(1) of the California Rules of Court, that the Court's announced Tentative Decision would be the Court's Proposed Statement of Decision, subject to a party's objection under Subdivision (g) of Rule 3.1590; IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1.     Plaintiff, ELIZABETH GAMEZ, shall have judgment against Defendant, STEVEN GUTHRIE, on

**EXHIBIT 2**

1  Plaintiff's First Cause of Action, for Breach of Contract, Partially Orally, Partially in Writing, and

2  Partially Implied;

3  2.  Plaintiff, ELIZABETH GAMEZ, shall have judgment against Defendant STEVEN GUTHRIE on

4  Plaintiff's Second Cause of Action, for Contracting Without a License;

5  3.  Plaintiff, ELIZABETH GAMEZ, shall have judgment against Defendant STEVEN GUTHRIE and

6  CHRISTY GUTHRIE on Plaintiff's Third Cause of Action, for Conspiracy to Contract and

7  Contracting Without a License;

8  4.  Plaintiff, ELIZABETH GAMEZ, shall have judgment against Defendants STEVEN GUTHRIE and

9  CHRISTY GUTHRIE on Plaintiff's Fourth Cause of Action, for Fraud, Intentional

10  Misrepresentation;

11  5.  Plaintiff, ELIZABETH GAMEZ, shall have judgment against Defendant STEVEN GUTHRIE on

12  Plaintiff's Fifth Cause of Action, for Conversion;

13  6.  Plaintiffs Sixth through Eleventh Causes of Action having been dismissed before or during the

14  course of the Trial, the Court makes no rulings on the Sixth through Eleventh Causes of Action;

15  7.  Plaintiff, ELIZABETH GAMEZ, shall have judgment against Defendant STEVEN GUTHRIE on

16  Plaintiff's Twelfth Cause of Action, for Negligence – Construction Defect; and

17  8.  The Court announced no Ruling on Plaintiff's Thirteenth Cause of Action, for Breach of Warranty

18  – Construction Defects.

19  The Court having Ruled as aforementioned on each of the Thirteen Causes of Action in Plaintiff's

20  Complaint, the Court awards Plaintiff, ELIZABETH GAMEZ, damages in the amount of $673,190.00,

21  payable, jointly and severely, by Defendants STEVEN GUTHRIE and CHRISTY GUTHRIE. The Court

22  further awards Plaintiff, ELIZABETH GAMEZ, Code of Civil Procedure Section 1029.8 enhanced damages

23  in the amount of $10,000.00, for a total damage award of $683,190.00 payable jointly and severely by

24  STEVEN GUTHRIE and CHRISTY GUTHRIE.

25  The Court having found that the conduct of STEVEN GUTHRIE was despicable, and supports the

26  awarding of punitive damages, the Court also awards Plaintiff, ELIZABETH GAMEZ, Punitive and

27  exemplary damages in the amount of $10,000.00, said punitive damages to be paid solely by STEVEN

28  GUTHRIE.

1      The Court further finds that, as the prevailing party, Plaintiff ELIZABETH GAMEZ is entitled to

2  recover her costs of suit, pursuant to a Memorandum of Costs to be filed herein pursuant to Code of Civil

3  Procedure Sections 1032 <u>et seq.</u> and to an award of reasonable attorney's fees, the amount to be determined

4  after a hearing on Plaintiff's Motion for an Order Fixing and Awarding Attorney's Fees. The Clerk of the

5  Court is directed to enter the amount of Attorney's Fees and Costs (each amount to be payable jointly and

6  severely by STEVEN GUTHRIE and CHRISTY GUTHRIE to Plaintiff, ELIZABETH GAMEZ) on the lines

7  provided below, after the amounts of those attorneys fees and costs have been determined by further Order

8  of the Court.

9      Attorneys Fees in the amount of    $_____.

10      Costs in the amount of    $_____.

11  ///

12  /// APR 1 8 2011

13  Dated: ~~March~~___, 2011

**Judge Marsha Slough**

Hon. Marsha G. Slough, Judge of the Superior Court

21  Judgment Prepared by:

24  James P. O'Neil, Attorney for Plaintiff
ELIZABETH GAMEZ-VOM STEEG

EXHIBIT **3**

SUPERIOR COURT
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

JUN 1 5 2011

By _Wendy Marshall_
Deputy

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SAN BERNARDINO, VICTORVILLE DIVISION

| | |
|---|---|
| ELIZABETH GAMEZ-VOM STEEG, an individual | Case No. CIVVS 1000969 |
| Plaintiff, | *Amended* |
| v. | JUDGMENT AFTER TRIAL BY COURT |
| STEVEN MICHAEL GUTHRIE, an individual; CHRISTY ELIZABETH OLSEN GUTHRIE, an individual; et al | San Bernardino County Superior Court San Bernardino Division Dept. S - 33, Hon. Marsha G. Slough |
| Defendants. | |

The above-entitled cause came on regularly for trial on March 8, 2011, in Dept. S - 33 in the above-entitled Court, the Hon. Marsha Slough, Judge Presiding, sitting without a Jury, a Jury having been duly waived. Plaintiff, ELIZABETH GAMEZ-VOM STEEG ("Plaintiff" or "GAMEZ") appeared personally and by her attorney, James P. O'Neil. Defendants, STEVEN MICHAEL GUTHRIE ("STEVEN GUTHRIE") and CHRISTY ELIZABETH OLSEN GUTHRIE ("CHRISTY GUTHRIE") also known as CHRISTY E. OLSEN, also known as CHRISTY E. OLSON, each personally appeared in pro per. Evidence, both oral and documentary, having been presented by the parties; and the cause having been argued and submitted for decision; and the Court having announced its Tentative Decision in open court on March 15, 2011; and having stated on the record that, pursuant to Rule 3.1590(c)(1) of the California Rules of Court, that the Court's announced Tentative Decision would be the Court's Proposed Statement of Decision, subject to a party's objection under Subdivision (g) of Rule 3.1590; IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

**EXHIBIT 3**

1.  Plaintiff, ELIZABETH GAMEZ, shall have judgment against Defendant, STEVEN GUTHRIE, on Plaintiff's First Cause of Action, for Breach of Contract, Partially Orally, Partially in Writing, and Partially Implied;

2.  Plaintiff, ELIZABETH GAMEZ, shall have judgment against Defendant STEVEN GUTHRIE on Plaintiff's Second Cause of Action, for Contracting Without a License;

3.  Plaintiff, ELIZABETH GAMEZ, shall have judgment against Defendant STEVEN GUTHRIE and CHRISTY GUTHRIE also known as CHRISTY E. OLSEN, also known as CHRISTY E. OLSON, on Plaintiff's Third Cause of Action, for Conspiracy to Contract and Contracting Without a License;

4.  Plaintiff, ELIZABETH GAMEZ, shall have judgment against Defendants STEVEN GUTHRIE and CHRISTY GUTHRIE also known as CHRISTY E. OLSEN, also known as CHRISTY E. OLSON, on Plaintiff's Fourth Cause of Action, for Fraud, Intentional Misrepresentation;

5.  Plaintiff, ELIZABETH GAMEZ, shall have judgment against Defendant STEVEN GUTHRIE on Plaintiff's Fifth Cause of Action, for Conversion;

6.  Plaintiffs Sixth through Eleventh Causes of Action having been dismissed before or during the course of the Trial, the Court makes no rulings on the Sixth through Eleventh Causes of Action;

7.  Plaintiff, ELIZABETH GAMEZ, shall have judgment against Defendant STEVEN GUTHRIE on Plaintiff's Twelfth Cause of Action, for Negligence – Construction Defect; and

8.  The Court announced no Ruling on Plaintiff's Thirteenth Cause of Action, for Breach of Warranty – Construction Defects.

The Court having Ruled as aforementioned on each of the Thirteen Causes of Action in Plaintiff's Complaint, the Court awards Plaintiff, ELIZABETH GAMEZ, damages in the amount of $673,190.00, payable, jointly and severely, by Defendants STEVEN GUTHRIE and CHRISTY GUTHRIE also known as CHRISTY E. OLSEN, also known as CHRISTY E. OLSON. The Court further awards Plaintiff, ELIZABETH GAMEZ, Code of Civil Procedure Section 1029.8 enhanced damages in the amount of $10,000.00, for a total damage award of $683,190.00 payable jointly and severely by STEVEN GUTHRIE and CHRISTY GUTHRIE also known as CHRISTY E. OLSEN, also known as CHRISTY E. OLSON.

The Court having found that the conduct of STEVEN GUTHRIE was despicable, and supports the awarding of punitive damages, the Court also awards Plaintiff, ELIZABETH GAMEZ, Punitive and

1  exemplary damages in the amount of $10,000.00, said punitive damages to be paid solely by STEVEN

2  GUTHRIE.

3       The Court further finds that as the prevailing party, Plaintiff ELIZABETH GAMEZ is

4  entitled to recover her costs of suit, pursuant to a Memorandum of Costs filed herein pursuant to

5  Code of Civil Procedure § 1032 et seq., and to an award of reasonable attorney's fees; and after

6  a hearing on May 23, 2011, the Court further awards Plaintiff ELIZABETH GAMEZ's

7  attorney's fees in the amount of $39,640.00, and costs of suit in the amount of $6,741.10, each

8  payable jointly and severally by STEVEN GUTHRIE and CHRISTY GUTHRIE also known as

9  CHRISTY OLSEN also known as CHRISTY OLSON.

10

11                                          **Judge Marsha Slough**

12  Dated: May ___, 2011

13           **JUN 1 3 2011**              Hon. Marsha G. Slough, Judge of the Superior Court

14

15

16

17

18

19

20

21

22  Judgment Prepared by:

23

24

25  James P. O'Neil, Attorney for Plaintiff
    ELIZABETH GAMEZ-VOM STEEG

26

27

28

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

     James P O'Neil
     657 Gravilla PLace
     La Jolla, CA 92037

A true and correct copy of the foregoing document described as <u>Complaint for Declaratory</u>
<u>    Relief for Determination of Nondischargeability of</u>
<u>    Plaintiffi's Claim Under 11 U.S.C. Sec. 523 (a) (2)(A) (4) and (6)</u>

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

                             ☐ Service information continued on attached page

II.  **SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served):
On _____5-4-12_____, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.

     Steve Guthrie and Christy Olson
     c/o MIchael D. Franco
     One City Blvd. W-Suite 1110
     Orange, CA 92868-3619
                           ☐ Service information continued on attached page

III.  **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on the judge <u>will be</u> completed no later than 24 hours after the document is filed.

                             ☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| | | |
|---|---|---|
| 5-4-12 | James P. O'Neil | |
| *Date* | *Type Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**

FORM B104  (08/07)                                                          2007 USBC, Central District of California

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Page 2) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|

| PLAINTIFFS<br>ELIZBETH GAMEZ-VOM STEEG | DEFENDANTS<br>STEVE  GUTHRIE  and  CHRISTY  GUTHRIE |
|---|---|
| ATTORNEYS (Firm Name, Address, and Telephone No.)<br>James P. O'Neil          SBN:  67035<br>657 Gravilla Place<br>La Jolla, CA  92037      Tel:  858-459-9181 | ATTORNEYS (If Known)<br>Michael D. Franco<br>One City Blvd. West, Suite 1110<br>Orange, CA  92868          (714) 442-3623 |

| PARTY (Check One Box Only) | PARTY (Check One Box Only) |
|---|---|
| ☐ Debtor      ☐ U.S. Trustee/Bankruptcy Admin<br>☑ Creditor    ☐ Other<br>☐ Trustee | ☑ Debtor      ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor    ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

For Nondischargeability of State Court Judgment After Trial Finding
Fraud, Conspiracy and Conversion:  11 U.S.C. Section 523(a)(2), (4) and (6)

## NATURE OF SUIT
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

| FRBP 7001(1) – Recovery of Money/Property | FRBP 7001(6) – Dischargeability (continued) |
|---|---|
| ☐ 11-Recovery of money/property - §542 turnover of property | ☐ 61-Dischargeability - §523(a)(5), domestic support |
| | ☑ [3] 68-Dischargeability - §523(a)(6), willful and malicious injury |
| ☐ 12-Recovery of money/property - §547 preference | ☐ 63-Dischargeability - §523(a)(8), student loan |
| ☐ 13-Recovery of money/property - §548 fraudulent transfer | ☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation |
| ☐ 14-Recovery of money/property - other | (other than domestic support) |
| | ☐ 65-Dischargeability - other |
| **FRBP 7001(2) – Validity, Priority or Extent of Lien** | |
| ☐ 21-Validity, priority or extent of lien or other interest in property | **FRBP 7001(7) – Injunctive Relief** |
| | ☐ 71-Injunctive relief – imposition of stay |
| **FRBP 7001(3) – Approval of Sale of Property** | ☐ 72-Injunctive relief – other |
| ☐ 31-Approval of sale of property of estate and of a co-owner - §363(h) | **FRBP 7001(8) Subordination of Claim or Interest** |
| | ☐ 81-Subordination of claim or interest |
| **FRBP 7001(4) – Objection/Revocation of Discharge** | |
| ☐ 41-Objection / revocation of discharge - §727(c),(d),(e) | **FRBP 7001(9) Declaratory Judgment** |
| | ☐ 91-Declaratory judgment |
| **FRBP 7001(5) – Revocation of Confirmation** | |
| ☐ 51-Revocation of confirmation | **FRBP 7001(10) Determination of Removed Action** |
| | ☐ 01-Determination of removed claim or cause |
| **FRBP 7001(6) – Dischargeability** | |
| ☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims | **Other** |
| ☐ [1] 62-Dischargeability - §523(a)(2), false pretenses, false<br>representation, actual fraud | ☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*<br>☐ 02-Other (e.g. other actions that would have been brought in state |
| ☐ [2] 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement,<br>larceny | court if unrelated to bankruptcy case) |

**(continued next column)**

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |

Other Relief Sought

FORM B104 (08/07), page 2                                                  2007 USBC, Central District of California

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| **NAME OF DEBTOR**<br>STEVE GUTHRIE and CHRISTY GUTHRIE | **BANKRUPTCY CASE NO.**<br>6:12bk-12449-WJ | |
| **DISTRICT IN WHICH CASE IS PENDING**<br>Central District of California | **DIVISIONAL OFFICE**<br>Riverside | **NAME OF JUDGE**<br>Wayne E. Johnson |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** | | |
| **PLAINTIFF** | **DEFENDANT** | **ADVERSARY PROCEEDING NO.** |
| **DISTRICT IN WHICH ADVERSARY IS PENDING** | **DIVISIONAL OFFICE** | **NAME OF JUDGE** |
| **SIGNATURE OF ATTORNEY (OR PLAINTIFF)** | | |
| **DATE**<br>5-3-12 | **PRINT NAME OF ATTORNEY (OR PLAINTIFF)**<br>James P. O'Neil | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendents.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not presented by an attorney, the plaintiff must sign.