James P. O'Neil, Esq.    SBN: 67035
657 Gravilla Place
La Jolla, CA 92037
Phone: (858) 459-9181
Fax:    (858) 459-9189

Attorney for Plaintiff
ELIZABETH GAMEZ-VOM STEEG

FILED

MAR 12 2013

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY:                   Deputy Clerk

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA - RIVERSIDE DIVISION

| | |
|---|---|
| IN RE: | CASE NO.  6:12-bk-12449-WJ |
| STEVE GUTHRIE and CHRISTY OLSON, | ADV. CASE NO.  6:12-ap-01159-WJ |
| Debtors, | CHAPTER 7 |
| ELIZABETH GAMEZ-VOM STEEG, | **APPENDIX OF EXHIBITS IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REQUEST FOR JUDICIAL NOTICE** |
| Plaintiff, | |
| v. | Date:  April 18, 2013 |
| STEVE GUTHRIE and CHRISTY OLSON, | Time:  1:30 p.m. |
| Defendants. | Place:  Courtroom 302, Hon. Wayne E. Johnson |
| | Trial Date: April 23, 2013 |

Plaintiff/Movent, ELIZABETH GAMEZ-VOM STEEG ("GAMEZ") respectfully submits this Appendix of Exhibits in support of her pending Motion for Summary Judgment which is set for hearing in Courtroom 302 of the above-entitled Court, the Honorable Wayne E. Johnson, Judge Presiding, at 1:30 p.m. on Thursday, April 18, 2013.

The following listed Documents/Exhibits are referred to in one or more of the accompanying documents: The Plaintiff's Memorandum of Points and Authorities, Declaration of James P. O'Neil in Support of Summary Judgment, Proposed Statement of Uncontroverted Facts and Conclusions of Law

1

James P. O'Neil, Esq.        SBN: 67035
657 Gravilla Place
La Jolla, CA  92037
Phone: (858) 459-9181
Fax:    (858) 459-9189

Attorney for Plaintiff
ELIZABETH GAMEZ-VOM STEEG

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA - RIVERSIDE DIVISION

| | |
|---|---|
| IN RE: | ) CASE NO.  6:12-bk-12449-WJ |
| STEVE GUTHRIE and CHRISTY OLSON, | ) ADV. CASE NO.  6:12-ap-01159-WJ |
| Debtors, | ) CHAPTER 7 |
| ELIZABETH GAMEZ-VOM STEEG, | ) **APPENDIX OF EXHIBITS IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY** |
| Plaintiff, | ) **JUDGMENT AND REQUEST FOR JUDICIAL NOTICE** |
| v. | ) Date:  April 18, 2013 |
| STEVE GUTHRIE and CHRISTY OLSON, | ) Time:  1:30 p.m. |
| Defendants. | ) Place:  Courtroom 302, Hon. Wayne E. Johnson |
| | ) Trial Date: April 23, 2013 |

Plaintiff/Movent, ELIZABETH GAMEZ-VOM STEEG ("GAMEZ") respectfully submits this Appendix of Exhibits in support of her pending Motion for Summary Judgment which is  set for hearing in Courtroom 302 of the above-entitled Court, the Honorable Wayne E.  Johnson, Judge Presiding, at 1:30 p.m. on Thursday, April 18, 2013.

The following listed Documents/Exhibits are referred to in one or more of the accompanying documents: The Plaintiff's Memorandum of Points and Authorities, Declaration of James P.  O'Neil in Support of Summary Judgment, Proposed Statement of Uncontroverted Facts and Conclusions of Law

1

and Proposed Summary Judgment, by the following listed exhibits numbers:

Exhibits A.E. 1 and A.E. 10 are copies of pleadings in this Court's own file, of which the Court is requested to take judicial notice pursuant to Federal Rule of Civil Procedure 44 and Federal Rule of Evidence 201.

Exhibits A.E. 3 through A.E. 10 are Certified Copies of Official Records of the Superior Court of California, County of San Bernardino, Victorville Division, in the matter of Elizabeth Gamez-Vom Steeg v. Steven Michael Guthrie, et al., Case No. CIVVS 1000969, of which the Court is likewise requested to take Judicial Notice pursuant to Federal Rule of Civil Procedure 44; Federal Rules of Evidence 201; 901(b)(7) and (10); 902; 1003; 1005 and 28 U.S.C. 1738.

**A.E.**       **DESCRIPTION OF APPENDIX EXHIBIT**

1. Complaint for Declaratory Relief for Determination of Nondischargeability of Plaintiff's Claim under 11 U.S.C. § 523.(a)(2), (a)(4) and (a)(6), filed in Adversary Case No. 6:12-ap-01159-WJ.

2. Certified copy of Verified Complaint for Breach of Contract, Fraud, Conspiracy to Commit Fraud, Conversion, Violation of Contract's State License Law, Negligence and Common Counts, in the Matter of ELIZABETH GAMEZ-Vom Steeg v. Steven Michael STEVE GUTHRIE and Christy CHRISTY OLSON, San Bernardino County Superior Court, Victorville Division, Civil No. CIVVS 1000969.

3. Certified copy of Answer of STEVE STEVE GUTHRIE and CHRISTY CHRISTY OLSON STEVE GUTHRIE to Complaint in San Bernardino County Superior Court, Victorville Division, Civil No. CIVVS 1000969.

4. Certified copies of March 8, 2011 Minutes of the Trial of San Bernardino County Superior Court, Victorville Division, Case No. CIVVS1000969.

5. Certified copies of March 9, 2011 Minutes of the Trial of San Bernardino County Superior Court, Victorville Division, Case No. CIVVS1000969.

6. Certified copies of March 10, 2011 Minutes of the Trial of San Bernardino County Superior Court, Victorville Division, Case No. CIVVS1000969.

7. Certified copy of Reporter's Transcript of Oral Proceedings, Statement of Decision, Tuesday,

2

March 15, 2011, in San Bernardino County Superior Court, Victorville Division, Civil Case No. CIVVS 1000969.

8.   Certified copy of April 18, 2011 Judgment After Trial by Court in San Bernardino County Superior Court, Victorville Division, Civil Case No. CIVVS 1000969.

9.   Certified copy of June 13, 2011 Amended Judgment After Trial by Court in San Bernardino County Superior Court, Victorville Division, Civil Case No. CIVVS 1000969.

10.  January 17, 2013 Joint Pretrial Conference Order in adversary case No. 6:12-ap-01159-WJ, United States Bankruptcy Court, Central District of California, Riverside Division.

Respectfully Submitted:

Dated: _March 9 2013_

_____
James P. O'Neil
Attorney for Plaintiff
ELIZABETH GAMEZ VOM-STEEG

List of Exhibits in Support of MSJ

# EXHIBIT 1

James P. O'Neil, Esq.        SBN: 67035
657 Gravilla Place
La Jolla, CA  92037
Phone: (858) 459-9181
Fax:    (858) 459-9189

Attorney for Plaintiff
ELIZABETH GAMEZ-VOM STEEG



FILED

MAY 04 2012

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY:                        Deputy Clerk

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA - RIVERSIDE DIVISION

| | |
|---|---|
| IN RE:<br><br>STEVE GUTHRIE and CHRISTY OLSON,<br><br>Debtors,<br><br>ELIZABETH GAMEZ-VOM STEEG,<br><br>Plaintiff,<br><br>v.<br><br>STEVE GUTHRIE and CHRISTY OLSON,<br><br>Defendants. | Case No. 6:12-bk-12449-WJ<br><br>ADV. CASE NO. 6:12-ap-01159-WJ<br><br>CHAPTER 7<br><br>COMPLAINT FOR DECLARATORY RELIEF FOR DETERMINATION OF NONDISCHARGEABILITY OF PLAINTIFF'S CLAIM UNDER 11 U.S.C. § 523(a) (2) (A) (4) AND (6) |

For cause of action Plaintiff, ELIZABETH GAMEZ-VOM STEEG alleges as follows:

### JURISDICTION AND VENUE

1.     This is an Adversary Proceeding that arises in and relates to the above-captioned Bankruptcy Case in the United States Bankruptcy Court for the Central District of California, Riverside Division, Case No.:  6:12-bk-12449-WJ, commenced by the above-captioned Debtors, STEVE GUTHRIE and CHRISTY OLSON (collectively "Defendants") on January 31, 2012.  This Court has jurisdiction over the subject matter and this action pursuant to a 28 U.S.C. § 157(a) and 1334(b).  This is a Core Proceeding under 28 U.S.C. § 157(b) (2) (A), (B) and (I).

**EXHIBIT 1**

1

2. This is an adversary proceeding brought pursuant to Bankruptcy Rules 7001, et seq.

3. Venue is proper in this Judicial district pursuant to 28 U.S.C. § 1409 (a).

## PARTIES

4. ELIZABETH GAMEZ-VOM STEEG ("Plaintiff") or ("GAMEZ") an individual and resident of Wrightwood, San Bernardino County, California.

5. Debtors/Defendants are individual Debtors in Bankruptcy Case No. 6:120bk-12449-WJ, and are both residents of Wrightwood, San Bernardino, California.

6. Robert Whitmore has been appointed Chapter 7 Trustee in the above-referenced Bankruptcy Case No. 6:12-bk-12449-WJ.

## GENERAL ALLEGATIONS

7. The original statutory deadline to file Complaints objecting to the dischargeability of debts is May 7, 2012.  This Adversary Complaint is timely filed.

8. GAMEZ is a creditor of both Debtor/Defendants, as defined in 11 U.S.C. § 101(10).

9. In or about September, 2007, Debtor/Defendant STEVE GUTHRIE, after failing to disclose to GAMEZ that he was not a licensed contractor (his Contractor's License having been revoked by the State of California approximately eight years earlier) entered into a Home Improvement Contract, whereby he undertook to perform a substantial remolding job on GAMEZ's personal residence in Wrightwood, California.  From time to time over approximately the next two years, GAMEZ paid STEVE GUTHRIE more than $500,000 for the work on GAMEZ's residence, which he performed as an unlicensed contractor.

10. From time to time during and after September, 2007, Debtor/Defendant CHRISTY OLSEN aided and abetted STEVE GUTHRIE, her husband, in inducing GAMEZ to enter into the contract described in paragraph 9 of this Complaint, and in the performance of work and collecting of funds from GAMEZ, all the while knowing STEVE GUTHRIE was not a licensed contractor, and that his licensed had been revoked approximately eight years earlier.

11. STEVE GUTHRIE and CHRISTY OLSON each lacked the knowledge, skill and ability to perform home improvement work in a good workmanlike manner, and as a result of their efforts to try to improve GAMEZ's residence, they actually damaged the GAMEZ residence substantially, so as to

2

COMPLAINT FOR DECLARATORY RELIEF FOR DETERMINATION OF NONDISCHARGEABILITY

make it almost uninhabitable, and to the extent that the estimated cost of repairing the residence to make it habitable is approximately $680,000.

12. As a result of the above-described circumstances, GAMEZ filed suit against the Debtors/Defendants, and each of them, in San Bernardino County, California Superior Court, commencing that certain case entitled Elizabeth Gamez-Vom Steeg v. Steve Michael Guthrie, et al., Superior Court of California, County of San Bernardino, Victorville Division, Case No. CIVVS 100969 ("The State Court Case").

13. The State Court Case proceeded to trial before the Honorable Marsha Slough, Judge of the Superior Court, on March 8, 2011, and after a three-day Court Trial Judge Slough issued a Statement of Decision on March 15, 2011, a true copy of which is attached hereto as Exhibit 1, in which she recited inter alia

a.. "Mr. Guthrie breached the contract as it relates to performing the various services, all the way . . . to rendering the home, basically, in a state of total and utter disrepair upon his . . . cessation of his work.

b. Mr. Guthrie admitted that in his answer to the unverified complaint, Mr. Guthrie was contracting without a license.

c. I do find that there was a conspiracy to act by both overt acts and covert acts on the part of Mr. and Mrs. Guthrie (Mr. GUTHRIE and Ms. OLSON) that damaged the Plaintiff.

d. As it relates to the fourth cause of action, that alleges fraud and intentional misrepresentation. And it is alleged that against both Mr. and Mrs. Guthrie (Mr. GUTHRIE and Ms. OLSON). And it relates to the fraud: again, based on the same factors that I stated as it relates to the conspiracy, I do find the elements of fraud as well as the elements of intentional of misrepresentation to have been established during the course of this trial and not adequately rebutted.

e. And that, again, is only as it relates to Mr. Steve Guthrie, and that is his converting property of plaintiff. Again, there is adequate evidence that he converted the property of the plaintiff and used it, in that being money, materials, and materials from Ms. Gamez to use in another project.

I do find the elements of conversion to have been met and unrebutted as well."
(Emphasis Added).

3

14. On April 18, 2011, the Court in The State Court Case entered its Judgment After Trial by Court, a true copy of which is attached hereto as Exhibit 2, awarding GAMEZ damages in the total amount of $683,190, payable and jointly by Debtors/Defendants herein STEVE GUTHRIE and CHRISTY OLSON, and an additional $10,000 payable only by STEVE GUTHRIE. The Judgment recited in pertinent part:

"IT IS HEREBY ORDERED AND DECREED THAT:

1. Plaintiff's, ELIZABETH GAMEZ, shall have judgment against Defendant STEVE GUTHRIE on Plaintiff's First Cause of Action, for Breach of Contract, Partially Oraly, Partially in Writing, and Partially Implied:

2. Plaintiff, ELIZABETH GAMEZ, shall be judgment against Defendant STEVEN GUTHRIE Plaintiff's Second Cause of Action, for Contracting Without a License;

3. Plaintiff, ELIZABETH GAMEZ, shall have judgment against Defendants STEVEN GUTHRIE and CHRISTY GUTHRIE on Plaintiff's Third Cause of Action, for Conspiracy to Contract and Contracting Without a License;

4. Plaintiff, ELIZABETH GAMEZ, shall have judgment against Defendants STEVEN GUTHRIE and CHRISTY GUTHRIE on Plaintiff's Fourth Cause of Action, for Fraud, Intentional Misrepresentation;

5. Plaintiff, ELIZABETH GAMEZ, shall have judgment against Defendants STEVEN GUTHRIE and CHRISTY GUTHRIE on Plaintiff's Fifth Cause of Action, for Conversion;" (Emphasis Added).

15. Further, on June 13, 2011, after a hearing on GAMEZ's Motion for an Order Fixing and Awarding Attorneys' Fee and Costs, the Court in The State Court Case entered and Amended Judgment After Trial by Court, a true copy of which is attached hereto as Exhibit 3, awarding GAMEZ attorney's

4

COMPLAINT FOR DECLARATORY RELIEF FOR DETERMINATION OF NONDISCHARGEABILITY

fees in the amount of $39,640 and costs of suit in the amount of $6,741.10, payable and jointly and severely by Debtors/Defendants herein, STEVE GUTHRIE and CHRISTY OLSON.

### FIRST CAUSE OF ACTION FOR DECLARATORY RELIEF

(For Determination That Plaintiff's Claim Based On A State Court

Judgment Is Nondischargeable Under 11 U.S.C. § 523(a)(2))

16. GAMEZ realleges, and incorporates herein by this reference, paragraphs 1 through 15 of her Complaint, as though set forth in full hereafter.

17. GAMEZ is informed and believes, and thereupon alleges that, based on the Statement of Decision (Exhibit 1) and The State Court Judgment (Exhibit 2) the Defendants/Debtors, obtained money from GAMEZ by false pretenses, a false representation, or actual fraud, other than a statement respecting the Debtors' or an insider's financial condition; and that GAMEZ's Judgment and Amended Judgment in The State Court Case are nondischargeable pursuant to 11 U.S.C. § 523(a)(2).

### SECOND CAUSE OF ACTION FOR DECLARATORY RELIEF

(For Determination That Plaintiff's Claim Based On A State Court

Judgment Is Nondischargeable Under 11 U.S.C. § 523(a)(4))

16. GAMEZ realleges, and incorporates herein by this reference, paragraphs 1 through 15 of her Complaint, as though set forth in full hereafter.

17. GAMEZ is informed and believes, and thereupon alleges that, based on the Statement of Decision (Exhibit 1) And The State Court Judgment (Exhibit 2) the Defendants/Debtors obtained money from GAMEZ by larceny (conversion) and that GAMEZ's Judgment and Amended Judgment in The State Court Case are thus nondischargeable pursuant to 11 U.S.C. § 523(a)(4).

### THIRD CAUSE OF ACTION FOR DECLARATORY RELIEF

(For Determination That Plaintiff's Claim Based On A State Court

Judgment Is Nondischargeable Under 11 U.S.C. § 523(a)(6))

16. GAMEZ realleges, and incorporates herein by this reference, paragraphs 1 through 15 of her Complaint, as though set forth in full hereafter.

17. GAMEZ is informed and believes, and thereupon alleges that, based on the Statement of Decision (Exhibit 1) And The State Court Judgment (Exhibit 2) the Defendants/Debtors, willfully and

5

maliciously injured GAMEZ; and that GAMEZ's Judgment and Amended Judgment in The State Court Case are thus nondischargeable pursuant to 11 U.S.C. § 523(a)(6).

WHEREFORE, Plaintiff ELIZABETH GAMEZ-VOM STEEG prays for judgment against Debtors/Defendants, STEVE GUTHRIE and CHRISTY OLSON as follows:

1. For the Court's determination that Plaintiff's Judgment After Trial by Court and Amended Judgment After Trial by Court in that certain case entitled Elizabeth Gamez-Vom Steeg v. Steve Michael Guthrie, et al. In the Superior Court of The State of California, County of San Diego, Victorville Division, No. CIVVS 1000969, is exempt from discharge under 11 U.S.C. 523(a)(2), (4) and (6);

2. For reasonable attorneys fees;

3. For costs of suit herein incurred; and

4. For such other and further relief as the Court may deem just and proper.

Respectfully submitted,

Dated: 5-3-12

James P. O'Neil, Attorney for Plaintiff
ELIZABETH GAMEZ-VOM STEEG

6

COMPLAINT FOR DECLARATORY RELIEF FOR DETERMINATION OF NONDISCHARGEABILITY

EXHIBIT **1**

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN BERNARDINO - CIVIL DIVISION

DEPARTMENT S-33                    HON. MARSHA G. SLOUGH, JUDGE


ELIZABETH GAMEZ-VON STERG,            )
                                      )
              Plaintiff,              )
                                      )
     vs.                              )  CIVVS-1000969
                                      )
STEVEN GUTHRIE, CHRISTY GUTHRIE,      )
                                      )
              Defendants.             )
_____ )


**REPORTER'S TRANSCRIPT OF ORAL PROCEEDINGS**

**STATEMENT OF DECISION**

**TUESDAY, MARCH 15, 2011**


APPEARANCES:

For the Plaintiff:          BY: MR. JAMES P. O'NEIL
                            Attorney at Law
                            657 Gravilla Place
                            La Jolla, CA. 92037


For Defendants:             BY:  MR. STEVEN GUTHRIE
                            In Pro-Per
                            BY:  MS. CHRISTY GUTHRIE
                            In Pro-Per


Reported by:                MEEMO TOMASSIAN
                            Official Reporter
                            C.S.R. No.

EXHIBIT 1

-7-

STATE OF CALIFORNIA, COUNTY OF SAN BERNARDINO

--oOo--

DEPARTMENT S-33                    HON. MARSHA G. SLOUGH, JUDGE

REPORTED BY: MEEMO TOMASSIAN            TUESDAY, MARCH 15, 2011

REPORTER'S TRANSCRIPT OF ORAL PROCEEDINGS

A.M. SESSION

STATEMENT OF DECISION

APPEARANCES:

For the Plaintiff,

MR. JAMES P. O'NEIL - Attorney at Law.

MR. STEVEN GUTHRIE - In Pro-Per.

MS. CHRISTY OLSEN-GUTHRIE - In Pro-Per.

--oOo--

THE BAILIFF:  Please come to order, Department 33 is back in session.

THE COURT:  Good morning.

MR. O'NEIL:  Good morning, your Honor.

MS. GUTHRIE:  Good morning.

THE COURT:  You may have a seat, please.

MR. O'NEIL:  (Complying.)

MS. GUTHRIE:  (Complying.)

MR. GUTHRIE:  (Complying.)

THE COURT:  We'll go on the record in the Gamez versus Guthrie matter.  We're here this morning for purposes

of the Court to render its verdict. Mr. And Mrs. Guthrie are present. Miss Gamez is present, and her lawyer, likewise, is present.

Everybody ready to go forward this morning?

MR. O'NEIL: Yes, your Honor.

MS. GUTHRIE: Yes.

MR. GUTHRIE: Yes.

THE COURT: Okay. First, I will say that I have had an opportunity to go back and review extensive notes that I took during the course of this trial as it relates to the testimony that was elicited during the course of this trial. I have also had an opportunity to review all of the exhibits that were admitted during this trial.

Having had an opportunity to do that, the Court is ready to render its verdict. In that regard, I will start first off by just addressing the individual causes of action.

The first cause of action -- and the Court should indicate that it is a verified complaint. The first cause of action is for breach of contract, and that is as against Mr. Guthrie only. Based on my review of the evidence, the Court does find that, indeed, there was a contract, and the contract was for Mr. Guthrie to perform services for the plaintiff. Mr. Guthrie breached the contract as it relates to performing the various services, all the way from making sure that appropriate materials were used, to installing

materials properly, to rendering the home, basically, in a state of total and utter disrepair upon his completion, or, I should say, upon his cessation of his work.

The Court does find that all of the elements for breach of contract cause of action have been met.

I will address the damage part as just one damages as opposed to breaking it up.

MR. O'NEIL: Very well, your Honor.

THE COURT: The second cause of action is, again, against Mr. Guthrie only. It alleges that he was contracting without a license. Indeed, Mr. Guthrie admitted that in his answer to the unverified complaint. Mr. Guthrie was contracting without a license.

The third cause of action is as against Steven and Christy Guthrie, and that alleges conspiracy to contract and contracting without a license. As it relates to the conspiracy cause of action, the plaintiffs do have a weighty burden of proof. Plaintiff must show that each member of the conspiracy acted in concert with one another and came to a mutual understanding to accomplish a common and unlawful plan. And that one or more of them committed an overt act.

The common plan in this case was Mr. And Ms. Guthrie convincing, from the outset, the plaintiff that she should basically totally redo her house starting with the basement. There was uncontradicted testimony that plaintiff started off with a particular plan for the basement, and

-10-

Indeed, it was, again, uncontradicted that Ms. Christy Guthrie worked with the plaintiff to convince her to really totally redo the basement and ultimately redo the whole house. She assisted by making drawing up plans on her computer program in her home.

Both Christy Guthrie and Steven Guthrie knew what, indeed, it would be Mr. Steven Guthrie that would be accomplishing that work. They both, in my view, worked to get Ms. Gamez, as stated, to continually broaden her scope of work.

Both Mr. Guthrie and Ms. Guthrie knew that Mr. Guthrie was not licensed, and, obviously, Ms. Guthrie did not have a contractor's license either. Both knew that there was no income coming into this home other than the money that was received by Mr. Guthrie from Ms. Gamez every Friday. Both continued to attempt to aussage the plaintiff that she should continue to work with them to resolve the problems that were becoming apparent during the process of this work.

I believe that the testimony of the neighbor corroborates the fact that Mr. And Ms. Guthrie indeed worked together to earn this income from the plaintiff as well as from the neighbor. The method of obtaining the work from the neighbor, as it relates to Mr. Guthrie, was the same. Him approaching that person and convincing him he would redo his driveway, convincing him that he would then take on a

-11-

different scope of work, broadening the scope of work, and ultimately, collecting money every Friday just like he did from Ms. Gamez. And Ms. Guthrie was assisting in that process by allowing her pay pal account to receive some of the money when that neighbor could not pay in cash.

This appears to the Court to be corroborating evidence that these two acted in concert for purposes of approaching people to solicit work. That they're not contracted to, not competent to do and accomplish in a fraudulent fashion.

Again, it was uncontradicted -- though, this does not go to the issue of damage to plaintiff, it was uncontradicted that the plumbing from plaintiff's house was used in the neighbor's house. Therefore, I do find that there was a conspiracy to act by both overt acts and covert acts on the part of Mr. And Ms. Guthrie which damaged the plaintiff.

As it relates to the fourth cause of action, that alleges fraud and intentional misrepresentation. And it is alleged against both Mr. And Mrs. Guthrie. As it relates to the fraud: Again, based on the same factors that I stated as it relates to the conspiracy, I do find the elements of fraud as well as the elements of intentional misrepresentation to have been established during the course of this trial and not adequately rebutted.

The fifth cause of action is one for conversion.

-12-

And that, again, is only as it relates to Mr. Steven Guthrie, and that is his converting property of plaintiff. Again, there is adequate evidence that he converted the property of the plaintiff and used it, in that being money, materials, and materials from Ms. Gamez to use in another project.

I do find the elements of conversion to have been met and unrebutted as well.

The sixth, seventh, eighth, ninth, tenth and eleventh causes of action are against previously dismissed defendants, and therefore, not addressed in the court's verdict today.

The 12th cause of action is for negligence. Clearly, it is my belief that the plaintiff met her burden of proof that the defendants, both Mr. And Ms. Guthrie, were negligent in their conduct toward Ms. Gamez and that indeed caused damage to her.

As it relates to the issue of damage: The law is really very clear that when one is contracting without a license, that the person, who is in plaintiff's position in this case, even if they know that the contractor is unlicensed is entitled to all money back. It's the law.

In fact, from my reading of the law, they cannot even offset for the work that they accomplished. They cannot even offset for the materials that were purchased with the money from the plaintiff and actually used on the

construction of the house.

One of the issues that I spent some time with as it relates to the issue of damage on contracting without a license was the issue of whether or not a plaintiff has a duty to mitigate damages. And I struggled with that issue, because at some point, in my mind, I would believe that there would appear to come a point in time where the plaintiff should not continue to give money, particularly to the tune of over $600,000, to someone who is clearly obviously not qualified to do the work that is supposed to be done.

And yet, when I read the cases that address the policy considerations, enacting the code that makes an unlicensed contractor liable for all money to go back, it is very clear that "all" means all. I did not find any case directly on point, but by an analogy, if the contractor is not allowed to offset for work that was accomplished, if they're not allowed to offset for materials that were purchased and actually built out in the project, then "all" seems to mean all.

In fact, Business and Professions Code Section 7031 subsection (B) reads: Quote, "a person who utilized the service of an unlicensed contractor may bring an action to recover all compensation paid to the unlicensed contractor."

I read "all" to mean all. I think if the legislature intended to allow for compensation that didn't

-14-

include all, they would have said that a person could bring an action for damages. A person who brings an action for damages typically is required to mitigate that action. But I literally read "all" to mean all, particularly in light of the fact that it is clear that the legislature has enacted this statute with very severe penalty for the purpose, sole purpose, to discourage people who are not properly licensed to be doing work that they are required to have a license for.

And in that regard, the Court finds as follows as it relates to the issue of damages:

The plaintiff is entitled to her money back. That has been calculated as the sum of $631,190 (sic). I will treble that, or add the CCP 1029.8(a) damage of $10,000 on top of it, for a total damage of 6000 -- $683,190. Plaintiff is also entitled to attorney fees and costs, and that will be pursuant to a motion.

There was no evidence as it relates to punitive damages presented in the sense of what assets the plaintiff -- excuse me -- assets the defendants have. I find the conduct of Mr. Guthrie in this case, of Mr. Guthrie in this case, to fall within the purview of conduct that warrants the assessment of punitive damages.

He, again, rendered a home basically uninhabitable with his work. And there was no evidence to contradict the expert testimony that this house is essentially a house of

cards at this point. He put out the truss system, and no evidence submitted to indicate that anything was put up in its place to re-establish the security of this home, literally, the security of this home. He continued to go and ask for money, and more money, and more money, and more money, and more money. He did work on a home in a manner in which an adolescent wouldn't do to a home, taking a roof off after completing a substantial portion of the internal work, leaving that vulnerable to all weather conditions, and indeed, had to be replaced because of the rains that came and the snows that arrived and the house leaked like a sieve.

There's evidence that when he did -- when the work on the stucco was done, that there was improper preparation for the stucco. The windows left gaps that you can see through. The island, which was built to accommodate a stove, didn't even have electricity run through it. And he went to the neighbor and started the same process all over again. And it is un-rebutted, not even a simple denial from Mr. Guthrie, in evidence or argument, that he used plumbing materials from Ms. Gamez' home and put them in the home of the neighbor.

That conduct, and more, is despicable conduct in this Court's view and warrants a punitive damages award. There is no actual testimony as it relates to the assets of Mr. Guthrie other than the fact that there was evidence that

-16-

he owns a home in Wrightwood. And there was evidence, and I don't know if he still owns it, so there's no evidence as to whether indeed he has the red truck that's pictured throughout in several of the exhibits. But he did receive a substantial amount of money from two neighbors to do work.

Given the fact that I do not have a good and accurate assessment of punitive damages, the Court is simply going to assess the amount of $10,000 in punitive damages. And, again, that is based on receiving some 600 -- 700, almost $800,000 from the two neighbors. The $10,000 amount is in punitive damages.

With that stated, that's the Court's verdict. I would ask that counsel please prepare the judgment and all of the appropriate paperwork as it relates to the Court's ruling today.

MR. O'NEIL: Very well, your Honor.

Would the Court like me to prepare a statement of decision, or is the Court's oral ruling going to stand as the Court's statement of decision?

THE COURT: The Court's oral statement is the statement of decision, sir.

MR. O'NEIL: Very well, your Honor.

THE COURT: All right. Thank you, sir.

MR. GUTHRIE: Thank you.

THE COURT: Thank you, and good luck to you.

MR. O'NEIL: Thank you, your Honor.

-17-

THE COURT: You're very welcome, sir.

Good luck to you, ma'am.

MS. GAMEZ: Thank you, your Honor.

THE COURT: You're very welcome.

(THE FOLLOWING WAS HEARD IN OPEN COURT, OUTSIDE THE PRESENCE OF ALL PARTIES)

THE COURT: Okay. We'll go on the record in the Gamez versus Guthrie matter. There are no parties present. I wanted to make sure that I articulated on the record, clearly, the damages, because I think I may have misspoke.

I want to make sure that it's very clear that the damages were $673,190 plus $10,000 for CCP 1029.8(a), for a total of $683,190. And then, there was also $10,000 in punitive damages added. And the award also includes attorney's fees and costs, which would be submitted via appropriate memorandum.

(WHEREUPON THE FOREGOING PROCEEDINGS WERE CONCLUDED)

--oOo--

-18-

SUPERIOR COURT FOR THE STATE OF CALIFORNIA

FOR THE COUNTY OF SAN BERNARDINO

DEPARTMENT NO. S-33                    HON. MARSHA G. SLOUGH, JUDGE


ELIZABETH GAMEZ-VON STERG,          )
                                    )
               Plaintiff,           )
                                    )
     vs.                            )  SS
                                    )
STEVEN GUTHRIE, CHRISTY GUTHRIE,    )
               Defendants.          )
                                    )
_____

STATE OF CALIFORNIA          )
                             )  SS
COUNTY OF SAN BERNARDINO     )


        I, Meemo Tomassian, Official Reporter for the Superior Court of San Bernardino, do hereby certify that to the best of my ability, the foregoing pages, 1 through 12, comprise a full, true, and correct transcript of the proceedings held in the above-entitled matter on March 15, 2011.

        Dated this 15th day of March, 2011.




                         MEEMO TOMASSIAN, C-10485

-19-

EXHIBIT 2





# SUPERIOR COURT OF THE STATE OF CALIFORNIA

# COUNTY OF SAN BERNARDINO, VICTORVILLE DIVISION

| | |
|---|---|
| ELIZABETH GAMEZ-VOM STEEG, an individual | Case No. CIVVS 1000969 |
| Plaintiff, | **JUDGMENT AFTER TRIAL BY COURT** |
| v. | San Bernardino County Superior Court |
| STEVEN MICHAEL GUTHRIE, an individual; CHRISTY ELIZABETH OLSEN GUTHRIE, an individual; et al | San Bernardino Division Dept. S - 33, Hon. Marsha G. Slough |
| Defendants. | |

The above-entitled cause came on regularly for trial on March 8, 2011, in Dept. S - 33 in the above-entitled Court, the Hon. Marsha Slough, Judge Presiding, sitting without a Jury, a Jury having been duly waived. Plaintiff, ELIZABETH GAMEZ-VOM STEEG ("Plaintiff" or "GAMEZ") appeared personally and by her attorney, James P. O'Neil. Defendants, STEVEN MICHAEL GUTHRIE ("STEVEN GUTHRIE") and CHRISTY ELIZABETH OLSEN GUTHRIE ("CHRISTY GUTHRIE") each personally appeared in pro per. Evidence, both oral and documentary, having been presented by the parties; and the cause having been argued and submitted for decision; and the Court having announced its Tentative Decision in open court on March 15, 2011; and having stated on the record that, pursuant to Rule 3.1590(c)(1) of the California Rules of Court, that the Court's announced Tentative Decision would be the Court's Proposed Statement of Decision, subject to a party's objection under Subdivision (g) of Rule 3.1590; IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1.    Plaintiff, ELIZABETH GAMEZ, shall have judgment against Defendant, STEVEN GUTHRIE, on

**EXHIBIT 2**

Plaintiff's First Cause of Action, for Breach of Contract, Partially Orally, Partially in Writing, and Partially Implied:

2. Plaintiff, ELIZABETH GAMEZ, shall have judgment against Defendant STEVEN GUTHRIE on Plaintiff's Second Cause of Action, for Contracting Without a License;

3. Plaintiff, ELIZABETH GAMEZ, shall have judgment against Defendant STEVEN GUTHRIE and CHRISTY GUTHRIE on Plaintiff's Third Cause of Action, for Conspiracy to Contract and Contracting Without a License;

4. Plaintiff, ELIZABETH GAMEZ, shall have judgment against Defendants STEVEN GUTHRIE and CHRISTY GUTHRIE on Plaintiff's Fourth Cause of Action, for Fraud, Intentional Misrepresentation;

5. Plaintiff, ELIZABETH GAMEZ, shall have judgment against Defendant STEVEN GUTHRIE on Plaintiff's Fifth Cause of Action, for Conversion;

6. Plaintiffs Sixth through Eleventh Causes of Action having been dismissed before or during the course of the Trial, the Court makes no rulings on the Sixth through Eleventh Causes of Action;

7. Plaintiff, ELIZABETH GAMEZ, shall have judgment against Defendant STEVEN GUTHRIE on Plaintiff's Twelfth Cause of Action, for Negligence – Construction Defect; and

8. The Court announced no Ruling on Plaintiff's Thirteenth Cause of Action, for Breach of Warranty – Construction Defects.

The Court having Ruled as aforementioned on each of the Thirteen Causes of Action in Plaintiff's Complaint, the Court awards Plaintiff, ELIZABETH GAMEZ, damages in the amount of $673,190.00, payable, jointly and severely, by Defendants STEVEN GUTHRIE and CHRISTY GUTHRIE. The Court further awards Plaintiff, ELIZABETH GAMEZ, Code of Civil Procedure Section 1029.8 enhanced damages in the amount of $10,000.00, for a total damage award of $683,190.00 payable jointly and severely by STEVEN GUTHRIE and CHRISTY GUTHRIE.

The Court having found that the conduct of STEVEN GUTHRIE was despicable, and supports the awarding of punitive damages, the Court also awards Plaintiff, ELIZABETH GAMEZ, Punitive and exemplary damages in the amount of $10,000.00, said punitive damages to be paid solely by STEVEN GUTHRIE.

2

Judgment after Trial

-21-

The Court further finds that, as the prevailing party, Plaintiff ELIZABETH GAMEZ is entitled to recover her costs of suit, pursuant to a Memorandum of Costs to be filed herein pursuant to Code of Civil Procedure Sections 1032 et seq. and to an award of reasonable attorney's fees, the amount to be determined after a hearing on Plaintiff's Motion for an Order Fixing and Awarding Attorney's Fees. The Clerk of the Court is directed to enter the amount of Attorney's Fees and Costs (each amount to be payable jointly and severely by STEVEN GUTHRIE and CHRISTY GUTHRIE to Plaintiff, ELIZABETH GAMEZ) on the lines provided below, after the amounts of those attorneys fees and costs have been determined by further Order of the Court.

Attorneys Fees in the amount of      $_____.

Costs in the amount of               $_____.

///

/// APR 1 8 2011

Dated: ~~March~~____, 2011

**Judge Marsha Slough**

Hon. Marsha G. Slough, Judge of the Superior Court

Judgment Prepared by:

James P. O'Neil, Attorney for Plaintiff
ELIZABETH GAMEZ-VOM STEEG

3

Judgment after Trial

- 22 -

EXHIBIT 3

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN BERNARDINO, VICTORVILLE DIVISION

| | |
|---|---|
| ELIZABETH GAMEZ-VOM STEEG, an individual | Case No. CIVVS 1000969 |
| Plaintiff, | *Amended*<br>JUDGMENT AFTER TRIAL BY COURT |
| v. | San Bernardino County Superior Court |
| STEVEN MICHAEL GUTHRIE, an individual; CHRISTY ELIZABETH OLSEN GUTHRIE, an individual; et al | San Bernardino Division<br>Dept. S - 33, Hon. Marsha G. Slough |
| Defendants. | |

The above-entitled cause came on regularly for trial on March 8, 2011, in Dept. S - 33 in the above-entitled Court, the Hon. Marsha Slough, Judge Presiding, sitting without a Jury, a Jury having been duly waived. Plaintiff, ELIZABETH GAMEZ-VOM STEEG ("Plaintiff" or "GAMEZ") appeared personally and by her attorney, James P. O'Neil. Defendants, STEVEN MICHAEL GUTHRIE ("STEVEN GUTHRIE") and CHRISTY ELIZABETH OLSEN GUTHRIE ("CHRISTY GUTHRIE") also known as CHRISTY E. OLSEN, also known as CHRISTY E. OLSON, each personally appeared in pro per. Evidence, both oral and documentary, having been presented by the parties; and the cause having been argued and submitted for decision; and the Court having announced its Tentative Decision in open court on March 15, 2011; and having stated on the record that, pursuant to Rule 3.1590(c)(1) of the California Rules of Court, that the Court's announced Tentative Decision would be the Court's Proposed Statement of Decision, subject to a party's objection under Subdivision (g) of Rule 3.1590; IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

EXHIBIT 3

1

Judgment after Trial

- 23 -

Plaintiff's First Cause of Action, for Breach of Contract, Partially Oral, Partially in Writing, and Partially Implied;

2. Plaintiff, ELIZABETH GAMEZ, shall have judgment against Defendant STEVEN GUTHRIE on Plaintiff's Second Cause of Action, for Contracting Without a License;

3. Plaintiff, ELIZABETH GAMEZ, shall have judgment against Defendant STEVEN GUTHRIE and CHRISTY GUTHRIE also known as CHRISTY E. OLSEN, also known as CHRISTY E. OLSON, on Plaintiff's Third Cause of Action, for Conspiracy to Contract and Contracting Without a License;

4. Plaintiff, ELIZABETH GAMEZ, shall have judgment against Defendants STEVEN GUTHRIE and CHRISTY GUTHRIE also known as CHRISTY E. OLSEN, also known as CHRISTY E. OLSON, on Plaintiff's Fourth Cause of Action, for Fraud, Intentional Misrepresentation;

5. Plaintiff, ELIZABETH GAMEZ, shall have judgment against Defendant STEVEN GUTHRIE on Plaintiff's Fifth Cause of Action, for Conversion;

6. Plaintiffs Sixth through Eleventh Causes of Action having been dismissed before or during the course of the Trial, the Court makes no rulings on the Sixth through Eleventh Causes of Action;

7. Plaintiff, ELIZABETH GAMEZ, shall have judgment against Defendant STEVEN GUTHRIE on Plaintiff's Twelfth Cause of Action, for Negligence – Construction Defect; and

8. The Court announced no Ruling on Plaintiff's Thirteenth Cause of Action, for Breach of Warranty – Construction Defects.

The Court having Ruled as aforementioned on each of the Thirteen Causes of Action in Plaintiff's Complaint, the Court awards Plaintiff, ELIZABETH GAMEZ, damages in the amount of $673,190.00, payable, jointly and severely, by Defendants STEVEN GUTHRIE and CHRISTY GUTHRIE also known as CHRISTY E. OLSEN, also known as CHRISTY E. OLSON. The Court further awards Plaintiff, ELIZABETH GAMEZ, Code of Civil Procedure Section 1029.8 enhanced damages in the amount of $10,000.00, for a total damage award of $683,190.00 payable jointly and severely by STEVEN GUTHRIE and CHRISTY GUTHRIE also known as CHRISTY E. OLSEN, also known as CHRISTY E. OLSON.

The Court having found that the conduct of STEVEN GUTHRIE was despicable, and supports the awarding of punitive damages, the Court also awards Plaintiff, ELIZABETH GAMEZ, Punitive and

2

Judgment after Trial

- 24 -

[...] damages to the [...] identified.

The Court further finds that as the prevailing party, Plaintiff ELIZABETH GAMEZ is entitled to recover her costs of suit, pursuant to a Memorandum of Costs filed herein pursuant to Code of Civil Procedure § 1032 et seq., and to an award of reasonable attorney's fees; and after a hearing on May 23, 2011, the Court further awards Plaintiff ELIZABETH GAMEZ's attorney's fees in the amount of $39,640.00, and costs of suit in the amount of $6,741.10, each payable jointly and severally by STEVEN GUTHRIE and CHRISTY GUTHRIE also known as CHRISTY OLSEN also known as CHRISTY OLSON.

Judge Marsha Slough

Dated: May ___, 2011

JUN 1 3 2011

Hon. Marsha G. Slough, Judge of the Superior Court

Judgment Prepared by:

James P. O'Neil, Attorney for Plaintiff
ELIZABETH GAMEZ-VOM STEEG

3

Judgment after Trial

-25-

# EXHIBIT 2

James P. O'Neil, Esq.          SBN: 67035
657 Gravilla Place
La Jolla, CA  92037
Phone: (858) 459-9181
Fax:    (858) 459-9189

Attorney for Plaintiff
ELIZABETH GAMEZ-VOM STEEG

F I L E D
SUPERIOR COURT
COUNTY OF SAN BERNARDINO
VICTORVILLE DISTRICT

FEB 1 6 2010

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SAN BERNARDINO,  VICTORVILLE DIVISION

| | |
|---|---|
| ELIZABETH GAMEZ-VOM STEEG, an individual <br><br> Plaintiff, <br><br> v. <br><br> STEVEN MICHAEL GUTHRIE, an individual; CHRISTY ELIZABETH OLSEN GUTHRIE, an individual; ALEX MACIEL, individually and dba A&A GENERAL CONTRACTORS; ALICIA MACIEL, individually and dba A&A GENERAL CONTRACTORS; SCOTT HORBAN, individually and dba SCOTT HORBAN ELECTRIC; DANNY JONES, individually and dba DANNY JONES CONSTRUCTION; and DOES 1 through 20 <br><br> Defendants. | Case No.  CIVVS10 00969 <br><br> **VERIFIED COMPLAINT FOR BREACH OF CONTRACT,  FRAUD, CONSPIRACY TO COMMIT FRAUD, CONVERSION, VIOLATION OF CONTRACTOR'S STATE LICENSE LAW, NEGLIGENCE AND COMMON COUNTS** <br><br> (Unlimited Civil Jurisdiction) |

355. 100222 0719

Plaintiff, ELIZABETH GAMEZ-VOM STEEG ("GAMEZ"), for cause of action against Defendants, and each of them, alleges as follows:

## GENERAL ALLEGATIONS

1.     This Complaint initiates an unlimited civil jurisdiction action because the damages that GAMEZ seeks, exclusive of attorney's fees and costs, exceed $25,000.00.

2.     Jurisdiction and venue are proper in this Court in that the Complaint involves the negotiation, execution of, part performance of, and breach of contracts for the improvement of residential real property located in Wrightwood, San Bernardino County, California, which is within the territorial limits

**EXHIBIT 2**

1
COMPLAINT

of the jurisdiction of this Court. Further, various of the Defendants named in this Complaint reside within and/or maintain principal places of businesses within the territorial limits of the jurisdiction of this Court.

3. GAMEZ is now, and at all times herein mention was, an individual resident of Wrightwood, San Bernardino County, California, and the owner of that certain single family residence located at and commonly known as 1070 Rivera Drive, Wrightwood, California ("The Property" or 'The GAMEZ Property").

4. GAMEZ is informed and believes, and thereupon alleges, that at all times herein mentioned Defendant STEVEN MICHAEL GUTHRIE ("STEVEN GUTHRIE") was, and now is, a resident of Wrightwood, San Bernardino County, California.

5. GAMEZ is informed and believes, and thereupon alleges, that at all times herein mentioned Defendant CHRISTY ELIZABETH OLSEN GUTHRIE ("CHRISTY GUTHRIE") was, and now is, a resident of Wrightwood, San Bernardino County, California.

6. GAMEZ is informed and believes, and thereupon alleges, that at all times herein mentioned Defendant ALEX MACIEL was, and now is, an individual doing business as A&A GENERAL CONTRACTORS, with his and its principal place of business in Phelan, San Bernardino County, California.

7. GAMEZ is informed and believes, and thereupon alleges, that at all times herein mentioned Defendant ALICIA MACIEL was, and now is, an individual doing business as A&A GENERAL CONTRACTORS, with her and its principal place of business in Phelan, San Bernardino County, California.

8. GAMEZ is informed and believes, and thereupon alleges, that at all times herein mentioned Defendant SCOTT HORBAN ("HORBAN") was, and now is, an individual doing business as SCOTT HORBAN ELECTRIC, with his and its principal place of business in Temecula, Riverside County, California, who performed various building construction services on The Property.

9. GAMEZ is informed and believes, and thereupon alleges, that at all times herein mentioned Defendant DANNY JONES ("JONES") was, and now is, an individual doing business as DANNY JONES CONSTRUCTION, with his and its principal place of business in Apple Valley, San Bernardino

2

COMPLAINT

County, California.

10. GAMEZ is ignorant of the true names and capacities of Defendants DOES 1 through 20 inclusive, and therefore sues said Defendants by such fictitious names. GAMEZ will amend this Complaint to allege their true names and capacities when the same have been ascertained. GAMEZ is informed and believes, and thereupon alleges that said DOE Defendants, and each of them, are in some manner responsible for the occurrences herein alleged, and that GAMEZ's damages as herein alleged were proximately caused by their conduct.

## FIRST CAUSE OF ACTION

## BREACH OF CONTRACT, PARTIALLY ORAL, PARTIALLY IN WRITING,

## AND PARTIALLY IMPLIED

## (Against STEVEN GUTHRIE and DOES 1 Through 20)

11. GAMEZ realleges, and incorporates herein with this reference, paragraphs 1 through 10 of this Complaint, as though set forth in full hereat.

12. In or about September, 2007, at Wrightwood, California, GAMEZ and STEVEN GUTHRIE entered into a contract, partially oral, partially in writing, and partially implied (and consisting of various plans and specifications drafted by GUTHRIE and/or person/s acting under GUTHRIE's direction and control, as well as various invoices and cancelled checks), whereby GUTHRIE agreed to perform services for GAMEZ, as a Home Remodeling Contractor, to make various remodeling improvements to The Property having a price and/or value in excess of $500,000.00 ("The Guthrie Contract"). GUTHRIE represented to GAMEZ that he would complete the work in a timely fashion, and in a good and workmanlike manner, and that all work done and materials installed would comply with all applicable Building Codes and Ordinances.

13. In consideration of STEVEN GUTHRIE's promises to perform as alleged in paragraph 12 of this Complaint, GAMEZ agreed to pay, and did pay, GUTHRIE approximately $500,000.00 between about September, 2007 and August, 2009.

14. GAMEZ has done all things required on her part to be done under the terms of The Guthrie Contract.

15. Within the last two years GUTHRIE breached The Guthrie Contract described in paragraph 12 of

this Complaint in the following particulars:

A.    Failing to perform the promised work of improvement in a good and workmanlike manner.

B.    Failing to perform the promised work of improvement in compliance with applicable Building Codes and Ordinances.

C.    Failing to secure necessary Building Permits.

D.    Purchasing incorrect and unsuitable materials for the work.

E.    Hiring unlicensed, unskilled and uninsured subcontractors to perform various phases of the work.

F.    Failing to purchase materials for which GAMEZ advanced money to STEVEN GUTHRIE to purchase.

G.    Failing to complete the promised work, and ultimately abandoning the project in or about August of 2009.

16.    As a proximate result of STEVEN GUTHRIE's breach of The Guthrie Contract as herein alleged, GAMEZ has been damaged in an amount which has not yet been ascertained, but which GAMEZ reasonably believes exceed $500,000.00. GAMEZ will amend this Complaint to allege the true amount of her damages when the same has been ascertained, or according to proof at trial.

**SECOND CAUSE OF ACTION**

**CONTRACTING WITHOUT A LICENSE**

**(Against STEVEN GUTHRIE and DOES 1 Through 20)**

17.    GAMEZ realleges, and incorporates herein with this reference, paragraphs 1 through 16 of this Complaint as though set forth in full hereat.

18.    In or about September, 2007, and continuously thereafter from time to time, STEVEN GUTHRIE represented to GAMEZ that he was a Construction Contractor licensed by the State of California. GAMEZ is informed and believes, and thereupon alleges, that at no time from and after September, 2007 was STEVEN GUTHRIE ever licensed by any agency of the State of California to perform services as a Construction Contractor.

19.    Because STEVEN GUTHRIE acted as a Construction Contractor within the meaning of Business

4

COMPLAINT

and Professions Code § 7026 at all times relevant to this action, but without holding a valid Contractor's License as required by Business and Professions Code § 7028, GAMEZ is entitled to a complete refund of all money that she paid to STEVEN GUTHRIE, as well as triple damages on a portion thereof as provided by law; and if the Court in its discretion so determines, attorney's fees and costs incurred in connection with this action, as provided by Code of Civil Procedure § 1029.8.

**THIRD CAUSE OF ACTION**

**CONSPIRACY TO CONTRACT AND CONTRACTING WITHOUT A LICENSE**

**(Against STEVEN and CHRISTY GUTHRIE and DOES 1 Through 20)**

20.    GAMEZ realleges, and incorporates herein with this reference, paragraphs 1 through 19 of this Complaint as though set forth in full hereat.

21.    In or about September of 2007, and continuously thereafter from time to time, Defendants STEVEN GUTHRIE and CHRISTY GUTHRIE, and each of them, knowingly and willfully conspired and agreed among themselves, and with various of the Defendants sued herein as DOES 1 through 20 whose identities are presently unknown to GAMEZ, to induce GAMEZ to enter into The Guthrie Contract described in Paragraph 12 of this Complaint, with STEVEN GUTHRIE, who was not then, and is not now, either licensed as a Construction Contractor or qualified to undertake the work described in Paragraph 12 of this Complaint.

22.    GAMEZ is informed and believes, and thereupon alleges, that STEVEN GUTHRIE and CHRISTY GUTHRIE and the various DOE Defendants did the following listed actions and things pursuant to, and in furtherance of, the conspiracy:

A.    Represented to GAMEZ that STEVEN GUTHRIE was a licensed Construction Contractor, when he was not.

B.    Drafted plans and/or specifications for the proposed and ongoing remodeling project.

C.    Failed to perform the promised work of improvement in a good and workmanlike manner.

D.    Failed to perform the promised work of improvement in compliance with the applicable Building Codes and Ordinances.

E.    Failed to secure necessary Building Permits.

5

COMPLAINT

F.    Purchased incorrect and unsuitable materials for the work.

G.    Hired unlicensed, unskilled and uninsured employees and subcontractors to perform various phases of the work.

H.    Failed to purchase materials for which GAMEZ advanced money to STEVEN GUTHRIE to purchase.

I.    Failed to complete the promised work of improvement, and ultimately abandoned the Project in or about August of 2009.

23.    Defendants STEVEN GUTHRIE and CHRISTY GUTHRIE and the various DOE Defendants furthered the conspiracy by cooperating with and lending aid and encouragement to one another and thereby ratified and adopted the acts of one another.

24.    GAMEZ is informed and believes, and thereupon alleges, that the last overt act in pursuance of the above-described conspiracy occurred on or about September 1, 2009 when the co-conspirators collected GAMEZ's final payment for services purportedly rendered by STEVEN GUTHRIE.

25.    As a proximate result of the wrongful acts alleged herein, GAMEZ has been damaged in an amount which is presently unknown, but which GAMEZ reasonably believes to exceed $500,000.00. GAMEZ will seek leave of this Court to amend this Complaint to allege the true amount of her damages when the same has been ascertained, or according to proof at trial.

**FOURTH CAUSE OF ACTION**

**FRAUD, INTENTIONAL MISREPRESENTATION**

**(Against STEVEN and CHRISTY GUTHRIE and DOES 1 Through 20)**

26.    GAMEZ realleges, and incorporates herein with this reference, paragraphs 1 through 25 of this Complaint as though set forth in full hereat.

27.    In or about September, 2007, and continuously thereafter, from time to time, STEVEN GUTHRIE, CHRISTY GUTHRIE and various of the DOE defendants made the following material representations to GAMEZ:

A.    That STEVEN GUTHRIE was a Contractor licensed by the State of California.

B.    That STEVEN GUTHRIE possessed the requisite skill, training and experience to undertake the home remodeling project on The Gamez Property.

6

COMPLAINT

C.    That STEVEN GUTHRIE would undertake and complete the remodeling project in a timely and good and workmanlike fashion.

D.    That STEVEN GUTHRIE would purchase various materials for the project for which GAMEZ advanced money to STEVEN GUTHRIE.

E.    That STEVEN GUTHRIE would procure all necessary Building Permits.

F.    That STEVEN GUTHRIE would utilize the services of only skilled, properly licensed, bonded and insured subcontractors on the project.

G.    That STEVEN GUTHRIE would pay all laborers, employees, subcontractors and material suppliers in full, on a timely basis.

28.    At the time, the Defendants identified in Paragraph 27 of this Complaint made the representations to GAMEZ alleged in Paragraph 27 of this Complaint, none of those representations were true, and the Defendants either knew then to be untrue or had no reasonable basis to believe them to be true. The true facts were that:

A.    STEVEN GUTHRIE was not licensed as a Contractor and had not been so licensed for approximately ten (10) years before the representation/s regarding his licensure were made to GAMEZ.

B.    STEVEN GUTHRIE did not possess the skill, training, experience and/or qualifications to undertake and complete the contemplated work of improvement in a good and workmanlike manner.

C.    STEVEN GUTHRIE did not intend to undertake and complete the work in a timely and good and workmanlike fashion.

D.    STEVEN GUTHRIE had no intention of purchasing all of the building materials necessary to complete the project for which he received advanced money from GAMEZ.

E.    STEVEN GUTHRIE would not procure all necessary Building Permits.

F.    STEVEN GUTHRIE would not utilize the services of only skilled, properly licensed, bonded and insured employees and subcontractors on the project.

G.    STEVEN GUTHRIE would not pay all laborers, employees, subcontractors and material suppliers in full, on a timely basis.

7

COMPLAINT

29.     GAMEZ reasonably relied upon the misrepresentations alleged in Paragraph 27 of this Complaint in entering into The Guthrie Contract, because both STEVEN GUTHRIE and CHRISTY GUTHRIE pointed to the GUTHRIES' residential property, which was adjacent to The Gamez Property, as an example of the kind of work that STEVEN GUTHRIE was capable of performing, which decieved GAMEZ because GAMEZ did not then possess the skill, training and experience to recognize whether or not that purported example of STEVEN GUTHRIE's claimed work product was an accurate example of the kind of work that STEVEN GUTHRIE was capable of doing; and further because GUTHRIE from time to time did appear to work diligently on GAMEZ' Property, and GAMEZ did not know, or have reason to know, that STEVEN GUTHRIE was unlicensed and uninsured, had not obtained proper Building Permits, was not prosecuting the work in a good and workmanlike manner, was not paying subcontractors, was not purchasing proper materials and, in some instances, not purchasing certain materials for which GAMEZ had pre-paid GUTHRIE to purchase.

30.     As a result of her reasonable reliance upon these Defendants' material misrepresentations alleged in Paragraph 27 of this Complaint, GAMEZ has been damaged in an amount of which GAMEZ does not presently know, but which GAMEZ reasonably believes to exceed $500,000. GAMEZ will seek leave of Court to amend this Complaint to allege the true amount of her damages when the same has been ascertained, or according to proof at trial.

31.     The aforementioned conduct by these Defendants, and each of them, was an intentional misrepresentation, deceit and concealment of material facts known to the Defendants, and each of them, with the intention on the part of these Defendants of thereby depriving GAMEZ of property or other rights or otherwise causing injury, and was despicable in that it subjected GAMEZ to a cruel and unjust hardship in conscious disregard of GAMEZ' rights, so as to justify an award of exemplary and punitive damages.

## FIFTH CAUSE OF ACTION

### CONVERSION

### (Against STEVEN GUTHRIE Only)

32.     GAMEZ realleges, and incorporates herein with this reference, paragraphs 1 through 25 of this Complaint as though set forth in full hereat.

8

COMPLAINT

33.     From time to time after September, 2007, GAMEZ delivered the approximate sum of $120,000.00 to STEVEN GUTHRIE, who on each such occasion then and there promised to use that money only to purchase various specific material for the construction project, including, but not limited to: cabinets, windows, doors, appliances, and plumbing and lighting fixtures, granite and tile.

34.     GAMEZ is informed and believes, and thereupon alleges, that STEVEN GUTHRIE purchased none of the materials described in paragraph 33 of this Complaint, and that instead of purchasing those materials, STEVEN GUTHRIE converted GAMEZ' funds to STEVEN GUTHRIE's own use.

35.     As a proximate result of the wrongful acts alleged herein, GAMEZ has been damaged in an amount which is presently unknown, but which GAMEZ reasonably believes to exceed $500,000.00. GAMEZ will seek leave of this Court to amend this Complaint to allege the true amount of her damages when the same has been ascertained, or according to proof at trial.

36.     The aforementioned conduct by STEVEN GUTHRIE was an intentional misrepresentation, deceit and concealment of material facts known to STEVEN GUTHRIE with the intention on the part of STEVEN GUTHRIE of thereby depriving GAMEZ of property or other rights or otherwise causing injury, and was despicable in that it subjected GAMEZ to a cruel and unjust hardship in conscious disregard of GAMEZ' rights, so as to justify an award of exemplary and punitive damages.

**SIXTH CAUSE OF ACTION**

**BREACH OF CONTRACT, PARTIALLY ORAL AND PARTIALLY IN WRITING**

**(Against ALEX MACIEL and ALICA MACIEL, Each**

**Individually and dba A&A GENERAL CONTRACTORS)**

37.     GAMEZ realleges, and incorporates herein with this reference, paragraphs 1 through 16 of this Complaint as though set forth in full hereat.

38.     On about August 17, 2009, GAMEZ and ALEX MACIEL and ALICA MACIEL, each individually and dba A&A GENERAL CONTRACTORS (collectively "The MACIELS"), entered into a contract, partially oral and partially in writing ("The Maciel Contract", the written portion of which is attached hereto as Exhibit "A"), whereby the MACIELS agreed to perform certain work of improvement on the Property, for a complete price of $4,800.00.

39.     GAMEZ has performed all obligations on her part required to be performed under the terms of

9

COMPLAINT

The Maciel Contract.

40.    On about August 19, 2009, the MACIELS breached The Maciel Contract by, among other things:

    A.    Failing to staff the job with competent workmen.

    B.    Failing to maintain workers compensation insurance as required by law.

    C.    Performing substandard work.

    D.    Failing to pay the laborers engaged by the MACIELS to work on the project.

    E.    Charging and accepting a down payment in excess of the $1,000.00 maximum down payment permitted by law.

41.    GAMEZ terminated The Maciel Contract on August 19, 2009, but not before the MACIELS' laborers had damaged The Property.  After the Maciel Contract was terminated GAMEZ was compelled to pay the MACIELS' laborers directly because the MACIELS refused to pay their laborers.

42.    As a result of the MACIELS breach of The Maciel Contract, GAMEZ has been damaged by an amount that has not yet been ascertained, but which GAMEZ reasonably believes to exceed $2,900.00 GAMEZ will amend this Complaint to allege the true amount of her damages when the same has been ascertained, or according to proof at trial.

## SEVENTH CAUSE OF ACTION

## FAILURE TO COMPLY WITH CONTRACTORS STATE LICENSE LAW

### (Against ALEX MACIEL and ALICA MACIEL, Each

### Individually and dba A&A GENERAL CONTRACTORS)

43.    GAMEZ realleges, and incorporates herein with this reference, paragraphs 1 through 16 and 38 through 42 of this Complaint as though set forth in full hereat.

44.    The Maciel Contract, more particularly described in paragraph 38 of this Complaint, is a Home Improvement Contract within the meaning of Business and Professions Code § 7151.2.

45.    According to Business and Professions Code §§ 7159 and 7164, a Home Improvement Contract must contain a number very specific representations and disclosures, including, but not limited to:

    A.    Specific job performance start and completion dates.

    B.    Specific notices regarding Mechanics Lien, and how property owners can protect themselves against Mechanics Liens.

10

COMPLAINT

C.    Specific notices regarding contractors' insurance and bonding requirements.

46.    Because The Maciel Contract did not comply with the specific requirements of Business and Professions Code §§ 7159 or 7164; and because of the MACIELS breach of The Maciel Contract as herein alleged, and in particular because of the MACIELS failure to pay uninsured and unqualified the laborers that they sent to perform the work, GAMEZ was required to pay the laborers $1,200.00 for the substandard and unacceptable work that they did on The Property.

47.    As a proximate result of the MACIELS breach of The Maciel Contract as herein alleged, and their failure to comply with the requirements of Business and Professions Code §§ 7159 or 7164 GAMEZ been damaged in an amount of which GAMEZ does not presently know, but which GAMEZ reasonably believes to exceed $2,900.00.  GAMEZ will seek leave of Court to amend this Complaint to allege the true amount of her damages when the same has been ascertained, or according to proof at trial.

**EIGHTH CAUSE OF ACTION**

**BREACH OF THIRD PARTY BENEFICIARY CONTRACT**

**(Against Defendant SCOTT HORBAN Individually and**

**dba SCOTT HORBAN ELECTRIC Only)**

48.    GAMEZ realleges, and incorporates herein with this reference, paragraphs 1 through 16 of this Complaint as though set forth in full hereat.

49.    GAMEZ is informed and believes, and thereupon alleges, that in or about September of 2007 STEVEN GUTHRIE and  SCOTT HORBAN individually and dba SCOTT HORBAN ELECTRIC ("HORBAN") entered into an oral contract with one another for the installation of various electric systems at The Property ("The Horban/Guthrie Contract") for a price exceeding $500.00.  The Horban/Guthrie Contract was made for GAMEZ' benefit in that HORBAN has acknowledged that STEVEN GUTHRIE informed HORBAN that HORBAN was being hired to install an electrical system at The Property that HORBAN was then owned and occupied by GAMEZ as her principal residence.

50.    GAMEZ is informed and believes, and thereupon alleges, that HORBAN was paid for the electrical systems installation work by STEVEN GUTHRIE with approximately $20,000.00 furnished by STEVEN GUTHRIE by GAMEZ.

51.    HORBAN breached The Horban/Guthrie Contract (a third party beneficiary contract) by failing

11

COMPLAINT

to perform the electrical systems installation in a good and workmanlike fashion.

52.     As a proximate result of the HORBAN' breach of The Horban/Guthrie Contract, GAMEZ been damaged in an amount of which GAMEZ does not presently know, but which GAMEZ reasonably believes to exceed $2,500.00. GAMEZ will seek leave of Court to amend this Complaint to allege the true amount of her damages when the same has been ascertained, or according to proof at trial.

### NINTH CAUSE OF ACTION

### BREACH OF CONTRACT AND FAILURE TO COMPLY

### WITH CONTRACTORS STATE LICENSE LAW

### (Against Defendant SCOTT HORBAN, Individually and

### dba SCOTT HORBAN ELECTRIC Only)

53.     GAMEZ realleges, and incorporates herein by this reference, paragraphs 1 through 16 of this Complaint as though set forth in full hereat.

54.     In or about June of 2009, GAMEZ entered into a separate oral contract with HORBAN ("The Horban Contract"), whereby HORBAN agreed to perform work on The Property as an electrical contractor, for a price exceeding $500.00.

55.     GAMEZ has done all things required on her part to be done under the terms of The Horban Contract.

56.     In or about August of 2009, HORBAN breached The Horban Contract by failing to complete the work agreed upon, and failing to accomplish the partially completed work in a good and workmanlike fashion.

57.     GAMEZ is further informed and believes, and thereupon alleges, that The Horban Contract was a Home Improvement Contract within the meaning of Business and Professions Code §7151.2.

58.     According to Business and Professions Code §§ 7159 and 7164, a Home Improvement Contract must contain a number of very specific representations and disclosures, including, but not limited to:

A.     Specific job performance start and completion dates.

B.     Specific notices regarding Mechanics Liens, and how property owners can protect themselves against Mechanics Liens.

12

COMPLAINT

C.   Specific notices regarding contractors' insurance and bonding requirements.

59.   The Horban Contract was oral, and failed to comply with Business and Professions Code §§ 7159 and 7164.

60.   As a proximate result of the HORBAN's breach of The Horban Contract as herein alleged, and his failure to comply with the requirements of Business and Professions Code § 7159 and/or 7164 GAMEZ been damaged in an amount of which GAMEZ does not presently know, but which GAMEZ reasonably believes to exceed $2,000.00.  GAMEZ will seek leave of Court to amend this Complaint to allege the true amount of her damages when the same has been ascertained, or according to proof at trial.

### TENTH CAUSE OF ACTION

### CONTRACTING WITHOUT A LICENSE

### (Against DEFENDANT SCOTT HORBAN Only)

61.   GAMEZ realleges, and incorporates herein with this reference, paragraphs 1 through 16 and 53 through 50 of this Complaint as though set forth in full hereat.

62.   GAMEZ is informed and believes ,and thereupon alleges, that when HORBAN entered into The Horban Contract more particularly described in paragraph 54 of this Complaint, HORBAN was not a Licensed Contractor.

63.   Because HORBAN was not a Licensed Contractor, GAMEZ is entitled to a refund of all money paid to HORBAN for any work HORBAN performed on The Property, pursuant to the Horban Contract.

### ELEVENTH TENTH CAUSE OF ACTION

### BREACH OF THIRD PARTY BENEFICIARY CONTRACT,

### (Against Defendant DANNY JONES Individually and

### dba DANNY JONES CONSTRUCTION Only)

64.   GAMEZ realleges, and incorporates herein with this reference, paragraphs 1 through 16 of this Complaint as though set forth in full hereat.

65.   GAMEZ is informed and believes, and thereupon alleges, that in or about August of 2009 DANNY JONES, individually and dba DANNY JONES CONSTRUCTION ("JONES") and STEVEN GUTHRIE entered into an oral contract with one another for the installation of windows and doors at The Property ("The Jones Contract") for a price exceeding $500.00.  The Jones Contract was made for

13

GAMEZ' benefit in that JONES has acknowledged that STEVEN GUTHRIE informed JONES that JONES was being hired to replace or reinstall defective windows and/or doors previously installed at The Property by STEVEN GUTHRIE.

66.    GAMEZ is informed and believes, and thereupon alleges, that JONES was paid for the window and door replacement reinstallation work by STEVEN GUTHRIE with funds furnished by STEVEN GUTHRIE by GAMEZ.

67.    JONES breached The Jones Contract (a third party beneficiary contract) by failing to perform the window and door reinstallation and repair work in a good and workmanlike fashion.

68.    As a proximate result of the JONES' breach of The Jones Contract, GAMEZ been damaged in an amount of which GAMEZ does not presently know, but which GAMEZ reasonably believes to exceed $2,500.00.  GAMEZ will seek leave of Court to amend this Complaint to allege the true amount of her damages when the same has been ascertained, or according to proof at trial.

## TWELFTH CAUSE OF ACTION

## NEGLIGENCE – CONSTRUCTION DEFECTS

### (Against All Defendants)

69.    GAMEZ realleges, and incorporates herein with this reference, paragraphs 1 through 68 of this Complaint as though set forth in full hereat.

70.    GAMEZ is informed and believes, and thereupon alleges, that in undertaking to do their respective portions of the work on The Gamez Property, pursuant to The Guthrie Contract more particularly described in paragraph 12 of this Complaint; The Maciel Contract, more particularly described in paragraph 38 of this Complaint; The Guthrie/Horban Contract more particularly described in paragraph 49 of this Complaint; The Horban Contract, more particularly described in paragraph 54 of this Complaint; and The Jones Contract, more particularly described in paragraph 65 of this Complaint, the Defendants responsible for performing each of their respective Contracts, and each of them, owed a duty to GAMEZ to exercise reasonable care in the performance of their functions, duties and responsibilities in the capacities described above, and knew or should have known with reasonable certainty that GAMEZ would suffer damage if they failed to perform their duties in a reasonable and workmanlike manner.

14

COMPLAINT

71.    GAMEZ is informed and believes, and thereupon alleges, that each of the Defendants described in paragraph 70 of this Complaint, failed and neglected to perform respective their functions, duties and responsibilities in their capacities described above, in a reasonable and workmanlike manner, within the prevailing standard of care, and have breached their individual duties of care to GAMEZ.

72.    GAMEZ is informed and believes, and thereupon alleges, that as a direct and proximate result of each Defendants' negligence, GAMEZ has suffered damages in an amount which is presently unknown, but which GAMEZ reasonably believes to exceed the amounts set forth below.

A.    Damages caused by STEVEN GUTHRIE and CHRISTY GUTHRIE, pursuant to The Guthrie Contract, of not less than $500,000.00.

B.    Damages caused by THE MACIELS, pursuant to the The Maciel Contract, of not less than $2,900.00.

C.    Damages caused by HORBAN pursuant to The Horban/Guthrie Contract, of not less than $20,000.00.

D.    Damages caused by HORBAN, pursuant to The Horban Contract, of not less than $2,000.00.

E.    Damages caused by JONES, pursuant to The Jones Contract, of not less than $2,500.00.

GAMEZ will seek leave of Court to amend this Complaint to allege the true amounts of damages caused by each of the named Defendants, respectively, when the same has been ascertained, or according to proof at trial.

## THIRTEENTH CAUSE OF ACTION

## BREACH OF IMPLIED WARRANTY – CONSTRUCTION DEFECTS

### (Against All Defendants)

73.    GAMEZ realleges, and incorporates herein with this reference, paragraphs 1 through 72 of this Complaint as though set forth in full hereat.

74.    GAMEZ is informed and believes, and thereupon alleges, that an undertaking to do their respective portions of the work on The Gamez Property (pursuant to their respective Contracts, to wit: The Guthrie Contract more particularly described in paragraph 12 of this Complaint; The Maciel Contract more particularly described in paragraph 38 of this Complaint; The Guthrie/Horban Contract

15

COMPLAINT

more particularly described in paragraph 49 of this Complaint; The Horban Contract more particularly described in paragraph 54 of this Complaint; and The Jones Contract more particularly described in paragraph 65 of this Complaint), including, but not limited to, selecting and supervising employees, selecting materials and installing those materials, these Defendants, and each of them, impliedly warranted that their respective work and materials would be fit for the particular purposes for which they were intended, and that the work would be done in a good, workmanlike and professional manner.

75.    GAMEZ is informed and believes, and thereupon alleges, that the work, labor and materials furnished by each of the respective Defendants was not done in a good and workmanlike manner, that the materials were not of merchantable quality, and/or fit for their intended use.

76.    GAMEZ is informed and believes, and thereupon alleges, that as a direct and proximate result of their respective breaches of the implied warranties alleged herein, GAMEZ has suffered damages in an amount which has not yet been ascertained, and will continue to sustain damages until the defective work and materials are corrected and replaced. GAMEZ is further informed, and believes, however, that the damages caused by each of these Defendants under their respective contracts is no less than the following amounts:

A.    STEVEN GUTHRIE and CHRISTY GUTHRIE, not less than $500,000.00.

B.    THE MACIELS, not less than $2,900.00.

C.    SCOTT HORBAN, not less than $22,000.00.

D.    DANNY JONES, not less than $2,500.00.

GAMEZ will seek leave of Court to amend this Complaint to allege the true amount of damages caused by each of these Defendants when the same has been ascertained, or according to proof at trial.

## FOURTEENTH CAUSE OF ACTION

## COMMON COUNT – MONEY HAD AND RECEIVED

### (Against STEVEN GUTHRIE and CHRISTY GUTHRIE Only)

77.    GAMEZ realleges, and incorporates herein with this reference, paragraphs 1 through 16 of this Complaint as though set forth in full hereat.

78.    From time to time after September of 2007, STEVEN GUTHRIE and/or CHRISTY GUTHRIE

COMPLAINT