rendered accountings to or billed or requested money from GAMEZ on account of work purportedly done by STEVEN GUTHRIE at The Property.

79.    GAMEZ reasonably relied upon those statements of account, by reason of her observation of work apparently being done at the Property, and believing each of the statements of account to be correct, paid STEVEN GUTHRIE the approximate sum of $500,000.00 generally in installments of $5,000.00 or more each week, between about September 1, 2007 and August 1, 2009.

80.    After making the payments described in paragraph 79 of this Complaint, GAMEZ discovered that the account was overstated by the sum of $500,000.00 resulting in an overpayment by GAMEZ to STEVEN GUTHRIE of $500,000.00.

81.    GAMEZ has demanded that STEVEN GUTHRIE and/or CHRISTY GUTHRIE, the co-conspirators in the conspiracy described in paragraphs 21 through 25 of this Complaint, repay the sum of $500,000.00 to GAMEZ, but neither of them have repaid all or any portion of that sum to GAMEZ.

WHEREFORE, GAMEZ prays for Judgment against Defendants, and each of them, as follows:

A.    For the First Cause of Action, against STEVEN GUTHRIE and DOES 1 through 20 only:

1.    For damages in the amount of $500,000.00, or according to proof at trial.

B.    For the Second Cause of Action, against STEVEN GUTHRIE and DOES 1 through 20 only:

1.    For damages in the amount of $500,000.00, or according to proof at trial.

2.    For triple damages according to proof, pursuant to Code of Civil Procedure § 1029.8, but in no event less than $30,000.00.

3.    For attorney's fees according to proof at trial, but in no event less than $25,000.00.

C.    For the Third Cause of Action, against STEVEN GUTHRIE, CHRISTY GUTHRIE and DOES 1 through 20 only:

1.    For damages in the amount of $500,000.00, or according to proof at trial.

2.    For such punitive and exemplary damages as the Court may deem just and proper, but in no event less than $200.000.

D.    For the Fourth Cause of Action, against STEVEN GUTHRIE, CHRISTY GUTHRIE and DOES 1 through 20 only:

17

COMPLAINT

1. For damages in the amount of $500,000.00, or according to proof at trial.

2. For such punitive and exemplary damages as the Court may deem just and proper, but in no event less than $200.000.

E. For the Fifth Cause of Action, against STEVEN GUTHRIE only:

1. For damages in the amount of $120,000.00, or according to proof at trial.

2. For such punitive and exemplary damages as the Court may deem just and proper, but in no event less than $200.000.

F. For the Sixth Cause of Action, against ALEX MACIEL, individually and dba A&A GENERAL CONTRACTORS, and ALICIA MACIEL, individually and dba A&A GENERAL CONTRACTORS only:

1. For damages in the amount of $2,900.00, or according to proof at trial.

G. For the Seventh Cause of Action, ALEX MACIEL, individually and dba A&A GENERAL CONTRACTORS, and ALICIA MACIEL, individually and dba A&A GENERAL CONTRACTORS only:

1. For damages in the amount of $2,900.00, or according to proof at trial.

2. For attorneys fees according to proof at trial, but in no event less than $1,000.00.

H. For the Ninth Cause of Action, against SCOTT HORBAN, individually and dba SCOTT HORBAN ELECTRIC only:

1. For damages in the amount of $20,000.00, or according to proof at trial.

2. For triple damages according to proof, pursuant to Code of Civil Procedure § 1029.8, but in no event less than $30,000.00.

3. For attorney's fees according to proof at trial, but in no event less than $3,000.00.

I. For the Tenth Cause of Action, against SCOTT HORBAN, individually and dba SCOTT HORBAN ELECTRIC only:

1. For damages in the amount of $2,000.00, or according to proof at trial.

2. For triple damages according to proof, pursuant to Code of Civil Procedure § 1029.8, but in no event less than $6,000.00.

3. For attorney's fees according to proof at trial, but in no event less than $1,000.00.

18

COMPLAINT

J.   For the Eleventh Cause of Action, against DANNY JONES, individually and dba DANNY JONES CONSTRUCTION only:

1.   For damages in the amount of $2,500.00, or according to proof at trial.

K.   For the Twelfth Cause of Action, against all Defendants, severally, damages in the following amounts, or according to proof at trial:

(a)   STEVEN GUTHRIE and CHRISTY GUTHRIE, not less than $500,000.00.

(b)   THE MACIELS, not less than $2,900.00.

(c)   SCOTT HORBAN, not less than $22,000.00.

(d)   DANNY JONES, not less than $2,500.00.

L.   For the Thirteenth Cause of Action, against all Defendants, severally, damages in the following amounts, or according to proof at trial:

(a)   STEVEN GUTHRIE and CHRISTY GUTHRIE, not less than $500,000.00.

(b)   THE MACIELS, not less than $2,900.00.

(c)   SCOTT HORBAN, not less than $22,000.00.

(d)   DANNY JONES, not less than $2,500.00.

M.   For the Fourteenth Cause of Action, against STEVEN GUTHRIE and CHRISTY GUTHRIE only:

1.   For damages in the amount of $500,000.00, or according to proof at trial.

On all causes of action:

1.   For costs of suit herein incurred; and

2.   For such other and further relief that the Court may deem just and proper.

Dated: _____

James P. O'Neil, Attorney for Plaintiff
ELIZABETH GAMEZ-VOM STEEG

19

COMPLAINT

## VERIFICATION

I, ELIZABETH GAMEZ-VOM STEEG, am the Plaintiff in the above-entitled action. I have read the foregoing Complaint, and the facts alleged therein are true to my own knowledge, except as to those matters stated on information and belief, and as to those facts I believe them to be true, and if sworn as a witness in these proceedings I could and would testify competently thereto.

Executed at Wrightwood, San Bernardino County, California, on this _____ day of February, 2010.

_____
ELIZABETH GAMEZ-VOM STEEG

Verification

LF155CA-04

## A & A GENERAL CONTRACTORS AGREEMENT

This agreement made the 17th day of August 2009 by and between

**Alejo & Alicia Maciel**                        ,hereinafter called the Contractor

**Elizabeth Gamez Vom' Steeg**           , hereinafter called the Owner.

Witnesseth, that the Contractor and the Owner for the considerations named agree as follows:

**Article 1. Scope of the work**
The Contractor shall furnish all of the materials and perform all of the work shown on the drawings and/ or described in the specifications entitled exhibit A, as annexed hereto as it pertains to work to be performed on property at
**1070 Rivera Dr**
**Wrightwood, Ca 92397**

**Article 2. Time of completion**
The following constitutes substantial completion of work pursuant to this proposal and contract:
**Repair all necessary drywall, tape and smooth walls.**

**Article 3. The contract price**
The Owner shall pay the Contractor for the materials and labor to be performed under the Contract terms for the sum of **S4,800.00 (Four Thousand Eight Hundred Dollars And No Cents)**
Subject to additions and deductions pursuant to authorized change orders.

**Article 4. Progress payments**
Payments of the contract price shall be paid in the following manner:
$1,200.00  Deposit
$2,500.00  Friday 8-21-09
**$1,100.00 Upon Completing job**
$4,800.00

**Please make checks payable to Alejo Maciel**

**Article 5. General provisions**
Any alterations or deviations from the above specifications, including but not limited to any such alterations or deviations involving additional materials and/or labor costs, will be executed only upon a written order for same, signed by the Owner and Contractor. If there is any charge for any alterations and/or deviations, the additional charge will be added to the Contract price. If payment is not made when due, Contractor may suspend work on the job until such time as all payments due have been made. A failure to make payments for a period in excess of days from the due date of the payment shall be deemed a material breach of this Contract. Breach of this Contract may result in Legal action to be taken on the part of the Contractor including, but not limited to a lien on any physical property that the Owner may have.



EXHIBIT A

:WELLSFARGOADVISORSFINET FAX NO. :9493732752 : 10 2009 02:05PM P5

In addition the following general provisions apply:

1. All work shall be completed in a workman - like manner and in compliance with all building codes and other applicable laws.

2. The Contractor shall furnish: Plans and scale drawings showing the shape, size dimension, construction and equipment specifications for home improvements. A description of the work to be done, the materials to be used and the equipment to be used or installed, and the agreed consideration for the work.

3. To the extent required by law all work shall be performed by individuals duly licensed and authorized by law to perform said work.

4. Contractor may at their own discretion engage subcontractors to perform work hereunder, provided Contractor shall fully pay said subcontractor and in all instances remain responsible for the proper completion of this Contract.

5. Contractor shall furnish Owner appropriate releases or waivers of lien for all work performed or materials provided at the time that the final payment has been made.

6. Contractor warrants that it is adequately insured for injury to it's employees and any other incurring loss or injury as a result of the acts of Contractor or it's employees or subcontractors.

7. Contractor agrees to remove all debris and leave the premises in broom clean condition.

8. In the event Owner shall fail to pay any periodic or installment payment due here, the Contractor may cease work without breach of this Contract pending payment or resolution of any dispute.

9. Contractor shall not be liable for any delay due to circumstances beyond its control including but not limited to Acts of God, strikes, casualty or general unavailability of materials.

10. Contractor warrants all work for a period of          months following completion.


Alicia Maciel
Contractor Lic# 696560

Owner



THE DOCUMENT TO WHICH THIS CERTIFICATION IS
ATTACHED IS A FULL, TRUE AND CORRECT COPY OF
THE ORIGINAL ON FILE AND OF RECORD IN MY OFFICE.
ATTEST _ STEPHEN H. NASH
Clerk of the Superior Court of the State of
California, in and for the County of
San Bernardino.
Date _ 11-29-12
By _ Patricia A. Gillette _ Deputy

# EXHIBIT 3

STEVEN MICHAEL GUTHRIE
CHRISTY ELIZABETH OLSEN-GUTHRIE
1102 Rivera Drive
Wrightwood, CA   92397
Tel.   (760) 249-3216

Attorney for Defendants
In Propria Persona

SUPERIOR COURT OF CALIFORNIA, SAN BERNARDINO

VICTORVILLE DIVISION

| | |
|---|---|
| ELIZABETH GAMEZ-VOM STEEG, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>STEVEN MICHAEL GUTHRIE, an individual; CHRISTY ELIZABETH OLSEN GUTHRIE, an individual; ALEX MACIEL, individually and dba A&A GENERAL CONTRACTORS; ALICIA MACIEL individually and dba A&A GENERAL CONTRACTORS; SCOTT HORBAN, individually and dba SCOTT HORBAN ELECTRIC; DANNY JONES, individually and dba DANNY JONES CONSTRUCTION; and DOES 1 through 20,<br><br>Defendants. | Case No.: CIV VS 1000969<br><br>Case Assigned to:<br>Honorable Steve C. Malone<br>Department V-10<br><br>VERIFIED ANSWER OF STEVEN GUTHRIE AND CHRISTY OLSEN GUTHRIE TO COMPLAINT<br><br>Date:<br>Time:<br>Dept:<br><br>Action Filed:<br>Trial Date:   None Set |

COMES NOW DEFENDANTS STEVEN GUTHRIE AND CHRISTY OLSEN-GUTHRIE and in answering the Verified Complaint of ELIZABETH GAMEZ-VOM STEEG

EXHIBIT 3

admit, deny and allege as follows:

## ANSWER TO GENERAL ALLEGATIONS

1. In answering Paragraph 1 of the Verified Complaint on file herein, Answering Defendants STEVEN GUTHRIE and CHRISTY OLSEN-GUTHRIE allege that they lack information and belief sufficient to enable them to answer the allegations contained in said paragraph, and on that basis generally deny the allegations set forth therein.

2. In answering Paragraph 2 of the Verified Complaint on file herein, Answering Defendants STEVEN GUTHRIE and CHRISTY OLSEN-GUTHRIE allege that they lack information and belief sufficient to enable them to answer the allegations contained in said paragraph, and on that basis generally deny the allegations set forth therein.

3. In answering Paragraph 3 of the Verified Complaint on file herein, Answering Defendants STEVEN GUTHRIE and CHRISTY OLSEN-GUTHRIE allege that they lack information and belief sufficient to enable them to answer the allegations contained in said paragraph, and on that basis generally deny the allegations set forth therein.

4. In answering Paragraph 4 of the Verified Complaint on file herein, Answering Defendants STEVEN GUTHRIE and CHRISTY OLSEN-GUTHRIE admit that STEVEN MICHAEL GUTHRIE was, and now is, a resident of Wrightwood, San Bernardino County, California. Except as specifically admitted herein, Answering Defendants STEVEN GUTHRIE and CHRISTY OLSEN-GUTHRIE generally and specifically deny the remaining allegations set forth therein, and the whole thereof.

5. In answering Paragraph 5 of the Verified Complaint on file herein, Answering Defendants STEVEN GUTHRIE and CHRISTY OLSEN-GUTHRIE admit that CHRISTY ELIZABETH OLSEN GUTHRIE was, and now is, a resident of Wrightwood, San Bernardino

County, California. Except as specifically admitted herein, Answering Defendants STEVEN GUTHRIE and CHRISTY OLSEN-GUTHRIE generally and specifically deny the remaining allegations set forth therein, and the whole thereof.

6. In answering Paragraph 6 of the Verified Complaint on file herein, Answering Defendants STEVEN GUTHRIE and CHRISTY OLSEN-GUTHRIE allege that they lack information and belief sufficient to enable them to answer the allegations contained in said paragraph, and on that basis generally deny the allegations set forth therein.

7. In answering Paragraph 7 of the Verified Complaint on file herein, Answering Defendants STEVEN GUTHRIE and CHRISTY OLSEN-GUTHRIE allege that they lack information and belief sufficient to enable them to answer the allegations contained in said paragraph, and on that basis generally deny the allegations set forth therein.

8. In answering Paragraph 8 of the Verified Complaint on file herein, Answering Defendants STEVEN GUTHRIE and CHRISTY OLSEN-GUTHRIE allege that they lack information and belief sufficient to enable them to answer the allegations contained in said paragraph, and on that basis generally deny the allegations set forth therein.

9. In answering Paragraph 9 of the Verified Complaint on file herein, Answering Defendants STEVEN GUTHRIE and CHRISTY OLSEN-GUTHRIE allege that they lack information and belief sufficient to enable them to answer the allegations contained in said paragraph, and on that basis generally deny the allegations set forth therein.

10. In answering Paragraph 10 of the Verified Complaint on file herein, Answering Defendants STEVEN GUTHRIE and CHRISTY OLSEN-GUTHRIE allege that they lack information and belief sufficient to enable them to answer the allegations contained in said paragraph, and on that basis generally deny the allegations set forth therein.

## FIRST CAUSE OF ACTION

11.     In answering Paragraph 11 of the Verified Complaint on file herein, Answering Defendants STEVEN GUTHRIE and CHRISTY OLSEN-GUTHRIE repeat, reallege and incorporate herein by this reference each and every admission, denial and averment set forth in their Answer to Paragraphs 1 through 10 to the Verified Complaint as though set forth in full, and the whole thereof.

12.     In answering Paragraph 12 of the Verified Complaint on file herein, Answering Defendants STEVEN GUTHRIE and CHRISTY OLSEN-GUTHRIE generally and specifically deny the allegations set forth therein, and the whole thereof.

13.     In answering Paragraph 13 of the Verified Complaint on file herein, Answering Defendants STEVEN GUTHRIE and CHRISTY OLSEN-GUTHRIE generally and specifically deny the allegations set forth therein, and the whole thereof.

14.     In answering Paragraph 14 of the Verified Complaint on file herein, Answering Defendants STEVEN GUTHRIE and CHRISTY OLSEN-GUTHRIE generally and specifically deny the allegations set forth therein, and the whole thereof.

15.     In answering Paragraph 15 of the Verified Complaint on file herein, Answering Defendants STEVEN GUTHRIE and CHRISTY OLSEN-GUTHRIE generally and specifically deny the allegations set forth therein, and the whole thereof.

16.     In answering Paragraph 16 of the Verified Complaint on file herein, Answering Defendants STEVEN GUTHRIE and CHRISTY OLSEN-GUTHRIE generally and specifically deny the allegations set forth therein, and the whole thereof.  In further answering Paragraph 16 of the Verified Complaint on file herein, Answering Defendants STEVEN GUTHRIE and CHRISTY OLSEN-GUTHRIE generally and specifically deny that Plaintiff has been damaged

in the sum or sums alleged, or any other sum or sums, or at all.

## SECOND CAUSE OF ACTION

17.    In answering Paragraph 17 of the Verified Complaint on file herein, Answering Defendants STEVEN GUTHRIE and CHRISTY OLSEN-GUTHRIE repeat, reallege and incorporate herein by this reference each and every admission, denial and averment set forth in their Answer to Paragraphs 1 through 16 to the Verified Complaint as though set forth in full, and the whole thereof.

18.    In answering Paragraph 18 of the Verified Complaint on file herein, Answering Defendants STEVEN GUTHRIE and CHRISTY OLSEN-GUTHRIE admit that STEVEN GUTHRIE was not a licensed contractor in the State of California from in or about September, 2007 and thereafter.  Except as specifically admitted herein, Answering Defendants STEVEN GUTHRIE and CHRISTY OLSEN-GUTHRIE generally and specifically deny the remaining allegations set forth therein, and the whole thereof.

19.    In answering Paragraph 19 of the Verified Complaint on file herein, Answering Defendants STEVEN GUTHRIE and CHRISTY OLSEN-GUTHRIE generally and specifically deny the allegations set forth therein, and the whole thereof.   In further answering Paragraph 19 of the Verified Complaint on file herein, Answering Defendants STEVEN GUTHRIE and CHRISTY OLSEN-GUTHRIE generally and specifically deny that Plaintiff has been damaged in the sum or sums alleged, or any other sum or sums, or at all.

## THIRD CAUSE OF ACTION

20.    In answering Paragraph 20 of the Verified Complaint on file herein, Answering Defendants STEVEN GUTHRIE and CHRISTY OLSEN-GUTHRIE repeat, reallege and incorporate herein by this reference each and every admission, denial and averment set forth in

their Answer to Paragraphs 1 through 19 to the Verified Complaint as though set forth in full, and the whole thereof.

21.    In answering Paragraph 21 of the Verified Complaint on file herein, Answering Defendants STEVEN GUTHRIE and CHRISTY OLSEN-GUTHRIE admit that STEVEN GUTHRIE was not a licensed contractor in the State of California from in or about September, 2007 and thereafter.  Except as specifically admitted herein, Answering Defendants STEVEN GUTHRIE and CHRISTY OLSEN-GUTHRIE generally and specifically deny the remaining allegations set forth therein, and the whole thereof.

22.    In answering Paragraph 22 of the Verified Complaint on file herein, Answering Defendants STEVEN GUTHRIE and CHRISTY OLSEN-GUTHRIE generally and specifically deny the allegations set forth therein, and the whole thereof.

23.    In answering Paragraph 23 of the Verified Complaint on file herein, Answering Defendants STEVEN GUTHRIE and CHRISTY OLSEN-GUTHRIE generally and specifically deny the allegations set forth therein, and the whole thereof.

24.    In answering Paragraph 24 of the Verified Complaint on file herein, Answering Defendants STEVEN GUTHRIE and CHRISTY OLSEN-GUTHRIE generally and specifically deny the allegations set forth therein, and the whole thereof.

25.    In answering Paragraph 25 of the Verified Complaint on file herein, Answering Defendants STEVEN GUTHRIE and CHRISTY OLSEN-GUTHRIE generally and specifically deny the allegations set forth therein, and the whole thereof.  In further answering Paragraph 25 of the Verified Complaint on file herein, Answering Defendants STEVEN GUTHRIE and CHRISTY OLSEN-GUTHRIE generally and specifically deny that Plaintiff has been damaged in the sum or sums alleged, or any other sum or sums, or at all.

## FOURTH CAUSE OF ACTION

26. In answering Paragraph 26 of the Verified Complaint on file herein, Answering Defendants STEVEN GUTHRIE and CHRISTY OLSEN-GUTHRIE repeat, reallege and incorporate herein by this reference each and every admission, denial and averment set forth in their Answer to Paragraphs 1 through 25 to the Verified Complaint as though set forth in full, and the whole thereof.

27. In answering Paragraph 27 of the Verified Complaint on file herein, Answering Defendants STEVEN GUTHRIE and CHRISTY OLSEN-GUTHRIE generally and specifically deny the allegations set forth therein, and the whole thereof.

28. In answering Paragraph 28 of the Verified Complaint on file herein, Answering Defendants STEVEN GUTHRIE and CHRISTY OLSEN-GUTHRIE admit (A) that STEVEN GUTHRIE was not a licensed contractor, and (E) that STEVEN GUTHRIE would not procure any Building Permits. Except as specifically admitted herein, Answering Defendants STEVEN GUTHRIE and CHRISTY OLSEN-GUTHRIE generally and specifically deny the remaining allegations set forth therein, and the whole thereof.

29. In answering Paragraph 29 of the Verified Complaint on file herein, Answering Defendants STEVEN GUTHRIE and CHRISTY OLSEN-GUTHRIE generally and specifically deny the allegations set forth therein, and the whole thereof.

30. In answering Paragraph 30 of the Verified Complaint on file herein, Answering Defendants STEVEN GUTHRIE and CHRISTY OLSEN-GUTHRIE generally and specifically deny the allegations set forth therein, and the whole thereof. In further answering Paragraph 30 of the Verified Complaint on file herein, Answering Defendants STEVEN GUTHRIE and CHRISTY OLSEN-GUTHRIE generally and specifically deny that Plaintiff has been damaged

in the sum or sums alleged, or any other sum or sums, or at all.

31.   In answering Paragraph 31 of the Verified Complaint on file herein, Answering Defendants STEVEN GUTHRIE and CHRISTY OLSEN-GUTHRIE generally and specifically deny the allegations set forth therein, and the whole thereof.

### FIFTH CAUSE OF ACTION

32.   In answering Paragraph 32 of the Verified Complaint on file herein, Answering Defendants STEVEN GUTHRIE and CHRISTY OLSEN-GUTHRIE repeat, reallege and incorporate herein by this reference each and every admission, denial and averment set forth in their Answer to Paragraphs 1 through 25 to the Verified Complaint as though set forth in full, and the whole thereof.

33.   In answering Paragraph 33 of the Verified Complaint on file herein, Answering Defendants STEVEN GUTHRIE and CHRISTY OLSEN-GUTHRIE admit that on occasion, STEVEN GUTHRIE would arrange for the purchase of materials for Plaintiff, on behalf of Plaintiff, and for which Plaintiff was solely responsible for payment or for which Plaintiff paid. Except as specifically admitted herein, Answering Defendants STEVEN GUTHRIE and CHRISTY OLSEN-GUTHRIE generally and specifically deny the remaining allegations set forth therein, and the whole thereof.

34.   In answering Paragraph 34 of the Verified Complaint on file herein, Answering Defendants STEVEN GUTHRIE and CHRISTY OLSEN-GUTHRIE generally and specifically deny the allegations set forth therein, and the whole thereof.

35.   In answering Paragraph 35 of the Verified Complaint on file herein, Answering Defendants STEVEN GUTHRIE and CHRISTY OLSEN-GUTHRIE generally and specifically deny the allegations set forth therein, and the whole thereof.   In further answering Paragraph 35

of the Verified Complaint on file herein, Answering Defendants STEVEN GUTHRIE and CHRISTY OLSEN-GUTHRIE generally and specifically deny that Plaintiff has been damaged in the sum or sums alleged, or any other sum or sums, or at all.

36.    In answering Paragraph 36 of the Verified Complaint on file herein, Answering Defendants STEVEN GUTHRIE and CHRISTY OLSEN-GUTHRIE generally and specifically deny the allegations set forth therein, and the whole thereof.

**SIXTHCAUSE OF ACTION**

37.    In answering Paragraph 37 of the Verified Complaint on file herein, Answering Defendants STEVEN GUTHRIE and CHRISTY OLSEN-GUTHRIE repeat, reallege and incorporate herein by this reference each and every admission, denial and averment set forth in their Answer to Paragraphs 1 through 16 to the Verified Complaint as though set forth in full, and the whole thereof.

38.    In answering Paragraph 38 of the Verified Complaint on file herein, Answering Defendants STEVEN GUTHRIE and CHRISTY OLSEN-GUTHRIE allege that they lack information and belief sufficient to enable them to answer the allegations contained in said paragraph, and on that basis generally deny the allegations set forth therein.

39.    In answering Paragraph 39 of the Verified Complaint on file herein, Answering Defendants STEVEN GUTHRIE and CHRISTY OLSEN-GUTHRIE allege that they lack information and belief sufficient to enable them to answer the allegations contained in said paragraph, and on that basis generally deny the allegations set forth therein.

40.    In answering Paragraph 40 of the Verified Complaint on file herein, Answering Defendants STEVEN GUTHRIE and CHRISTY OLSEN-GUTHRIE allege that they lack information and belief sufficient to enable them to answer the allegations contained in said

paragraph, and on that basis generally deny the allegations set forth therein.

41. In answering Paragraph 41 of the Verified Complaint on file herein, Answering Defendants STEVEN GUTHRIE and CHRISTY OLSEN-GUTHRIE allege that they lack information and belief sufficient to enable them to answer the allegations contained in said paragraph, and on that basis generally deny the allegations set forth therein.

42. In answering Paragraph 42 of the Verified Complaint on file herein, Answering Defendants STEVEN GUTHRIE and CHRISTY OLSEN-GUTHRIE allege that they lack information and belief sufficient to enable them to answer the allegations contained in said paragraph, and on that basis generally deny the allegations set forth therein.

### SEVENTH CAUSE OF ACTION

43. In answering Paragraph 43 of the Verified Complaint on file herein, Answering Defendants STEVEN GUTHRIE and CHRISTY OLSEN-GUTHRIE repeat, reallege and incorporate herein by this reference each and every admission, denial and averment set forth in their Answer to Paragraphs 1 through 16 and 38 through 42 to the Verified Complaint as though set forth in full, and the whole thereof.

44. In answering Paragraph 44 of the Verified Complaint on file herein, Answering Defendants STEVEN GUTHRIE and CHRISTY OLSEN-GUTHRIE allege that they lack information and belief sufficient to enable them to answer the allegations contained in said paragraph, and on that basis generally deny the allegations set forth therein.

45. In answering Paragraph 45 of the Verified Complaint on file herein, Answering Defendants STEVEN GUTHRIE and CHRISTY OLSEN-GUTHRIE allege that they lack information and belief sufficient to enable them to answer the allegations contained in said paragraph, and on that basis generally deny the allegations set forth therein.

46. In answering Paragraph 46 of the Verified Complaint on file herein, Answering Defendants STEVEN GUTHRIE and CHRISTY OLSEN-GUTHRIE allege that they lack information and belief sufficient to enable them to answer the allegations contained in said paragraph, and on that basis generally deny the allegations set forth therein.

47. In answering Paragraph 47 of the Verified Complaint on file herein, Answering Defendants STEVEN GUTHRIE and CHRISTY OLSEN-GUTHRIE allege that they lack information and belief sufficient to enable them to answer the allegations contained in said paragraph, and on that basis generally deny the allegations set forth therein.

## EIGHTH CAUSE OF ACTION

48. In answering Paragraph 48 of the Verified Complaint on file herein, Answering Defendants STEVEN GUTHRIE and CHRISTY OLSEN-GUTHRIE repeat, reallege and incorporate herein by this reference each and every admission, denial and averment set forth in their Answer to Paragraphs 1 through 16 to the Verified Complaint as though set forth in full, and the whole thereof.

49. In answering Paragraph 49 of the Verified Complaint on file herein, Answering Defendants STEVEN GUTHRIE and CHRISTY OLSEN-GUTHRIE allege that SCOTT HORBAN performed some work on property allegedly owned by Plaintiff. Except as specifically admitted herein, Answering Defendants STEVEN GUTHRIE and CHRISTY OLSEN-GUTHRIE lack information and belief sufficient to enable them to answer the remaining allegations of Paragraph 49, and based thereon generally and specifically deny the remaining allegations set forth therein, and the whole thereof.

50. In answering Paragraph 50 of the Verified Complaint, Answering Defendants STEVEN GUTHRIE and CHRISTY OLSEN-GUTHRIE admit that Plaintiff occasionally paid

HORBAN through Defendant STEVEN GUTHRIE. Except as specifically admitted herein, Answering Defendants STEVEN GUTHRIE and CHRISTY OLSEN-GUTHRIE lack information and belief sufficient to enable them to answer the remaining allegations of Paragraph 50, and based thereon generally and specifically deny the remaining allegations set forth therein, and the whole thereof.

51. In answering Paragraph 51 of the Verified Complaint on file herein, Answering Defendants STEVEN GUTHRIE and CHRISTY OLSEN-GUTHRIE allege that they lack information and belief sufficient to enable them to answer the allegations contained in said paragraph, and on that basis generally deny the allegations set forth therein.

52. In answering Paragraph 52 of the Verified Complaint on file herein, Answering Defendants STEVEN GUTHRIE and CHRISTY OLSEN-GUTHRIE allege that they lack information and belief sufficient to enable them to answer the allegations contained in said paragraph, and on that basis generally deny the allegations set forth therein.

**NINTH CAUSE OF ACTION**

53. In answering Paragraph 53 of the Verified Complaint on file herein, Answering Defendants STEVEN GUTHRIE and CHRISTY OLSEN-GUTHRIE repeat, reallege and incorporate herein by this reference each and every admission, denial and averment set forth in their Answer to Paragraphs 1 through 16 to the Verified Complaint as though set forth in full, and the whole thereof.

54. In answering Paragraph 54 of the Verified Complaint on file herein, Answering Defendants STEVEN GUTHRIE and CHRISTY OLSEN-GUTHRIE allege that they lack information and belief sufficient to enable them to answer the allegations contained in said paragraph, and on that basis generally deny the allegations set forth therein.

55.     In answering Paragraph 55 of the Verified Complaint on file herein, Answering Defendants STEVEN GUTHRIE and CHRISTY OLSEN-GUTHRIE allege that they lack information and belief sufficient to enable them to answer the allegations contained in said paragraph, and on that basis generally deny the allegations set forth therein.

56.     In answering Paragraph 56 of the Verified Complaint on file herein, Answering Defendants STEVEN GUTHRIE and CHRISTY OLSEN-GUTHRIE allege that they lack information and belief sufficient to enable them to answer the allegations contained in said paragraph, and on that basis generally deny the allegations set forth therein.

57.     In answering Paragraph 57 of the Verified Complaint on file herein, Answering Defendants STEVEN GUTHRIE and CHRISTY OLSEN-GUTHRIE allege that they lack information and belief sufficient to enable them to answer the allegations contained in said paragraph, and on that basis generally deny the allegations set forth therein.

58.     In answering Paragraph 58 of the Verified Complaint on file herein, Answering Defendants STEVEN GUTHRIE and CHRISTY OLSEN-GUTHRIE allege that they lack information and belief sufficient to enable them to answer the allegations contained in said paragraph, and on that basis generally deny the allegations set forth therein.

59.     In answering Paragraph 59 of the Verified Complaint on file herein, Answering Defendants STEVEN GUTHRIE and CHRISTY OLSEN-GUTHRIE allege that they lack information and belief sufficient to enable them to answer the allegations contained in said paragraph, and on that basis generally deny the allegations set forth therein.

60.     In answering Paragraph 60 of the Verified Complaint on file herein, Answering Defendants STEVEN GUTHRIE and CHRISTY OLSEN-GUTHRIE allege that they lack information and belief sufficient to enable them to answer the allegations contained in said

paragraph, and on that basis generally deny the allegations set forth therein.

## TENTH CAUSE OF ACTION

61. In answering Paragraph 61 of the Verified Complaint on file herein, Answering Defendants STEVEN GUTHRIE and CHRISTY OLSEN-GUTHRIE repeat, reallege and incorporate herein by this reference each and every admission, denial and averment set forth in their Answer to Paragraphs 1 through 16 and 53 through 60 to the Verified Complaint as though set forth in full, and the whole thereof.

62. In answering Paragraph 62 of the Verified Complaint on file herein, Answering Defendants STEVEN GUTHRIE and CHRISTY OLSEN-GUTHRIE allege that they lack information and belief sufficient to enable them to answer the allegations contained in said paragraph, and on that basis generally deny the allegations set forth therein.

63. In answering Paragraph 63 of the Verified Complaint on file herein, Answering Defendants STEVEN GUTHRIE and CHRISTY OLSEN-GUTHRIE allege that they lack information and belief sufficient to enable them to answer the allegations contained in said paragraph, and on that basis generally deny the allegations set forth therein.

## ELEVENTH CAUSE OF ACTION

64. In answering Paragraph 64 of the Verified Complaint on file herein, Answering Defendants STEVEN GUTHRIE and CHRISTY OLSEN-GUTHRIE repeat, reallege and incorporate herein by this reference each and every admission, denial and averment set forth in their Answer to Paragraphs 1 through 16 to the Verified Complaint as though set forth in full, and the whole thereof.

65. In answering Paragraph 65 of the Verified Complaint on file herein, Answering Defendants STEVEN GUTHRIE and CHRISTY OLSEN-GUTHRIE allege that DANNY

JONES and/or DANNY JONES CONSTRUCTION performed some work on property allegedly owned by Plaintiff.  Except as specifically admitted herein, Answering Defendants STEVEN GUTHRIE and CHRISTY OLSEN-GUTHRIE lack information and belief sufficient to enable them to answer the remaining allegations of Paragraph 65, and based thereon generally and specifically deny the remaining allegations set forth therein, and the whole thereof.

66.    In answering Paragraph 66 of the Verified Complaint, Answering Defendants STEVEN GUTHRIE and CHRISTY OLSEN-GUTHRIE admit that Plaintiff occasionally paid JONES through Defendant STEVEN GUTHRIE.  Except as specifically admitted herein, Answering Defendants STEVEN GUTHRIE and CHRISTY OLSEN-GUTHRIE lack information and belief sufficient to enable them to answer the remaining allegations of Paragraph 66, and based thereon generally and specifically deny the remaining allegations set forth therein, and the whole thereof.

67.    In answering Paragraph 67 of the Verified Complaint on file herein, Answering Defendants STEVEN GUTHRIE and CHRISTY OLSEN-GUTHRIE allege that they lack information and belief sufficient to enable them to answer the allegations contained in said paragraph, and on that basis generally deny the allegations set forth therein.

68.    In answering Paragraph 68 of the Verified Complaint on file herein, Answering Defendants STEVEN GUTHRIE and CHRISTY OLSEN-GUTHRIE allege that they lack information and belief sufficient to enable them to answer the allegations contained in said paragraph, and on that basis generally deny the allegations set forth therein.

### TWELFTH CAUSE OF ACTION

69.    In answering Paragraph 69 of the Verified Complaint on file herein, Answering Defendants STEVEN GUTHRIE and CHRISTY OLSEN-GUTHRIE repeat, reallege and

incorporate herein by this reference each and every admission, denial and averment set forth in their Answer to Paragraphs 1 through 68 to the Verified Complaint as though set forth in full, and the whole thereof.

70. In answering Paragraph 70 of the Verified Complaint on file herein, Answering Defendants STEVEN GUTHRIE and CHRISTY OLSEN-GUTHRIE allege that they lack information and belief sufficient to enable them to answer the allegations contained in said paragraph, and on that basis generally deny the allegations set forth therein.

71. In answering Paragraph 71 of the Verified Complaint on file herein, Answering Defendants STEVEN GUTHRIE and CHRISTY OLSEN-GUTHRIE generally and specifically deny the allegations set forth therein, and the whole thereof.

72. In answering Paragraph 72 of the Verified Complaint on file herein, Answering Defendants STEVEN GUTHRIE and CHRISTY OLSEN-GUTHRIE generally and specifically deny the allegations set forth therein, and the whole thereof. In further answering Paragraph 72 of the Verified Complaint on file herein, Answering Defendants STEVEN GUTHRIE and CHRISTY OLSEN-GUTHRIE generally and specifically deny that Plaintiff has been damaged in the sum or sums alleged, or any other sum or sums, or at all.

### THIRTEENTH CAUSE OF ACTION

73. In answering Paragraph 73 of the Verified Complaint on file herein, Answering Defendants STEVEN GUTHRIE and CHRISTY OLSEN-GUTHRIE repeat, reallege and incorporate herein by this reference each and every admission, denial and averment set forth in their Answer to Paragraphs 1 through 72 to the Verified Complaint as though set forth in full, and the whole thereof.

74. In answering Paragraph 74 of the Verified Complaint on file herein, Answering

Defendants STEVEN GUTHRIE and CHRISTY OLSEN-GUTHRIE generally and specifically deny the allegations set forth therein, and the whole thereof.

75. In answering Paragraph 75 of the Verified Complaint on file herein, Answering Defendants STEVEN GUTHRIE and CHRISTY OLSEN-GUTHRIE generally and specifically deny the allegations set forth therein, and the whole thereof.

76. In answering Paragraph 76 of the Verified Complaint on file herein, Answering Defendants STEVEN GUTHRIE and CHRISTY OLSEN-GUTHRIE generally and specifically deny the allegations set forth therein, and the whole thereof. In further answering Paragraph 76 of the Verified Complaint on file herein, Answering Defendants STEVEN GUTHRIE and CHRISTY OLSEN-GUTHRIE generally and specifically deny that Plaintiff has been damaged in the sum or sums alleged, or any other sum or sums, or at all.

## FOURTEENTH CAUSE OF ACTION

77. In answering Paragraph 77 of the Verified Complaint on file herein, Answering Defendants STEVEN GUTHRIE and CHRISTY OLSEN-GUTHRIE repeat, reallege and incorporate herein by this reference each and every admission, denial and averment set forth in their Answer to Paragraphs 1 through 16 to the Verified Complaint as though set forth in full, and the whole thereof.

78. In answering Paragraph 78 of the Verified Complaint on file herein, Answering Defendants STEVEN GUTHRIE and CHRISTY OLSEN-GUTHRIE generally and specifically deny the allegations set forth therein, and the whole thereof.

79. In answering Paragraph 79 of the Verified Complaint on file herein, Answering Defendants STEVEN GUTHRIE and CHRISTY OLSEN-GUTHRIE admit that from time to time, STEVEN GUTHRIE was paid certain monies by Plaintiff. Except as specifically admitted

herein, Answering Defendants STEVEN GUTHRIE and CHRISTY OLSEN-GUTHRIE generally and specifically deny the remaining allegations set forth therein, and the whole thereof.

80.    In answering Paragraph 80 of the Verified Complaint on file herein, Answering Defendants STEVEN GUTHRIE and CHRISTY OLSEN-GUTHRIE generally and specifically deny the allegations set forth therein, and the whole thereof.

81.    In answering Paragraph 81 of the Verified Complaint on file herein, Answering Defendants STEVEN GUTHRIE and CHRISTY OLSEN-GUTHRIE generally and specifically deny the allegations set forth therein, and the whole thereof.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

(Failure to State Facts Sufficient)

As a First and Separate Affirmative Defense to the Verified Complaint on file herein, these answering Defendants allege on information and belief that Plaintiff has failed to state facts sufficient to constitute a cause of action against these answering Defendants.

### SECOND AFFIRMATIVE DEFENSE

(Failure to Mitigate Damages)

As a Second and Separate Affirmative Defense to the Verified Complaint on file herein, these answering Defendants allege on information and belief that Plaintiff has failed to mitigate damages, if any there were, and has failed to exercise due diligence in an effort to mitigate damages, and to the extent of such failure to mitigate, any damages awarded to Plaintiff should be reduced accordingly.

////

////

## THIRD AFFIRMATIVE DEFENSE

### (Statute of Limitations)

As a Third and Separate Affirmative Defense to the Verified Complaint on file herein, these answering Defendants allege on information and belief that Plaintiff is barred under the particular facts as alleged in the Verified Complaint by virtue of the applicable statute of limitations set forth in the *California Civil Code*.

## FOURTH AFFIRMATIVE DEFENSE

### (Waiver)

As a Fourth and Separate Affirmative Defense to the Verified Complaint on file herein, these answering Defendants allege on information and belief that by virtue of the acts, omissions, conduct, failures to act, representations and failures to disclose, any and all rights which Plaintiff may have had under the particular facts as alleged in the Verified Complaint have been waived.

## FIFTH AFFIRMATIVE DEFENSE

### (Estoppel)

As a Fifth and Separate Affirmative Defense to the Verified Complaint on file herein, these answering Defendants allege on information and belief that by virtue of acts, omissions, conduct, failures to act, representations and failures to disclose, Plaintiff is estopped from asserting or enforcing any rights which Plaintiff may have had under the particular facts as alleged in the Verified Complaint.

## SIXTH AFFIRMATIVE DEFENSE

### (Laches)

As a Sixth and Separate Affirmative Defense to the Verified Complaint on file herein, these answering Defendants allege on information and belief that Plaintiff is barred from recovery under the particular facts as alleged in the Verified Complaint by virtue of the equitable doctrine of laches.

## SEVENTH AFFIRMATIVE DEFENSE

### (No Causation)

As a Seventh and Separate Affirmative Defense to the Verified Complaint on file herein, these answering Defendants allege on information and belief that any damages or injury as alleged in the Verified Complaint, if any there were, were exclusively caused or contributed to by the negligence or other acts or omissions of other persons or entities, whether parties to this action or not, and that said negligence or other acts or omissions were an intervening and superseding cause of injuries and damages, if any, to Plaintiff and that such superseding forces were unforeseeable, independent and intervening actions breaking the chain of causation and barring recovery by the Plaintiff.

## EIGHTH AFFIRMATIVE DEFENSE

### (Ratification)

As an Eighth and Separate Affirmative Defense to the Verified Complaint on file herein, these answering Defendants allege on information and belief that Plaintiff by virtue of the acts, omissions, conduct, failures to act, representations and failures to disclose, Plaintiff has ratified any and all acts of these answering Defendants and are barred from recovery by virtue thereof.

## NINTH AFFIRMATIVE DEFENSE

### (Consent)

As a Ninth and Separate Affirmative Defense to the Verified Complaint on file herein, these answering Defendants allege on information and belief that by virtue of the acts, omissions, conduct, failures to act, representations and failures to disclose, Plaintiff has consented to the conduct of these answering Defendants and are barred from recovery by reason thereof.

## TENTH AFFIRMATIVE DEFENSE

### (Acts of Others)

As a Tenth and Separate Affirmative Defense to the Verified Complaint on file herein,

these answering Defendants allege on information and belief that if it determined that Plaintiff has been damaged, such damage which is denied by these answering Defendants, then such damage or injury was the result of the conduct of Plaintiff or others, acting without the consent or ratification of these answering Defendants, and outside the course and scope of any authority of these answering Defendants.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

As an Eleventh and Separate Affirmative Defense to the Verified Complaint on file herein, these answering Defendants allege on information and belief that Plaintiff is barred from recovery under the particular facts as alleged in the Verified Complaint by virtue of the equitable doctrine of unclean hands.

## TWELFTH AFFIRMATIVE DEFENSE

### (Mistake)

As a Twelfth and Separate Affirmative Defense to the Verified Complaint on file herein, these answering Defendants allege on information and belief that Plaintiff were aware that these answering Defendants were operating under a mistake, and allowed these answering Defendants to operate under this honest and reasonable mistake until the mistake rendered any ability of these answering Defendants to remedy the issue untimely and not feasible.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Mutual Mistake)

As a Thirteenth and Separate Affirmative Defense to the Verified Complaint on file herein, these answering Defendants allege on information and belief that Plaintiff and these answering Defendants were operating under a mutual mistake, and that this mutual mistake bars, in whole or in part, any relief requested by Plaintiff under the particular facts as alleged in the Verified Complaint.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (No License Necessary)

As a Fourteenth and Separate Affirmative Defense to the Verified Complaint on file herein, these answering Defendants allege on information and belief that any acts alleged to have been performed by these answering Defendants, if performed at all, were done and performed by these answering Defendants, or any of them, as employees of Plaintiff.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (No License Necessary)

As a Fifteenth and Separate Affirmative Defense to the Verified Complaint on file herein, these answering Defendants allege on information and belief that any and all of the acts alleged to have been performed by these answering Defendants, if performed at all, were done and performed by these answering Defendants, or any of them, as construction manager(s) and/or consultant(s), and not contractors.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Reasonableness and Good Faith)

As a Sixteenth and Separate Affirmative Defense to the Verified Complaint on file herein, these answering Defendants allege on information and belief that these answering Defendants acted reasonably and in good faith at all times relevant to the facts as alleged in the Verified Complaint, based upon all relevant facts and circumstances known to these answering Defendants at the time these answering Defendants so acted. Accordingly, Plaintiff is barred, in whole or in part, from any recovery under the particular facts as alleged in the Verified Complaint.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Gratuitous Services)

As a Seventeenth and Separate Affirmative Defense to the Verified Complaint on file

herein, these answering Defendants allege on information and belief that all, substantially all or some of the work, labor or services rendered to Plaintiff, if any there were, were rendered by these answering Defendants, or some of them, without charge or payment by Plaintiff to these answering Defendants.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Offset)

As a Eighteenth and Separate Affirmative Defense to the Verified Complaint on file herein, these answering Defendants allege on information and belief that Plaintiff is obligated to these answering Defendants, or some of them, for sums or sums due these answering Defendants, or some of them, and that if Plaintiff is entitled to any sum or sums from these answering Defendants, or any of them, such obligation which is expressly denied by these answering Defendants, then these answering Defendants are entitled to reduce and offset any such sum or sums by all sums and amounts due these answering Defendants, or any of them, from Plaintiff.

## NINTEENTH AFFIRMATIVE DEFENSE

### (Reservation of Unknown Defenses)

As a Seventeenth and Separate Affirmative Defense to the Verified Complaint on file herein, these answering Defendants allege on information and belief that these answering Defendants may have additional affirmative defenses to the allegations as set forth in the Verified Complaint which cannot now be articulated because Plaintiff has not described the matters asserted with sufficient particularity to enable these answering Defendants to determine all affirmative defenses these answering Defendants may have. These answering Defendants therefore fully reserve the right to assert additional affirmative defenses as the precise nature of the Verified Complaint, and the claims asserted therein, are ascertained upon further investigation and discovery.

WHEREFORE, DEFENDANTS STEVEN GUTHRIE and CHRISTY OLSEN-GUTHRIE pray for judgment against Plaintiff, and each of them, as follows:

1.      That Plaintiff take nothing by virtue of the allegations as set forth in the Verified Complaint on file herein, and that judgment for these answering Defendants be entered thereon;

2.      For costs of suit incurred herein, according to applicable statute;

3.      For an award of reasonable attorneys fees incurred herein if allowed by statute or contract; and

4.      For such other and further relief as this Court may deem just and proper.

Dated:

STEVEN GUTHRIE
In Pro Per

By:_____
        STEVEN GUTHRIE

Dated:

CHRISTY OLSEN-GUTHRIE
In Pro Per

By:_____
        CHRISTY OLSEN-GUTHRIE

## VERIFICATION

I, STEVEN GUTHRIE, am one of the Defendants in the above-entitled action. I have read the foregoing Verified Answer of Steven Guthrie and Christy Olsen-Guthrie to Complaint, and the facts alleged therein are true to my own knowledge, except as to those matters stated on information and belief, and as to those facts, I believe them to be true, and if sworn as a witness in this proceedings, I could and would testify competently thereto.

I declare under penalty of perjury under the laws of the state of California that the foregoing is true and correct.

Executed this _30_ day of March, 2010 at Wrightwood, San Bernardino County, California.

Dated:

_____
STEVEN GUTHRIE

## VERIFICATION

I, CHRISTY OLSEN-GUTHRIE, am one of the Defendants in the above-entitled action. I have read the foregoing Verified Answer of Steven Guthrie and Christy Olsen-Guthrie to Complaint, and the facts alleged therein are true to my own knowledge, except as to those matters stated on information and belief, and as to those facts, I believe them to be true, and if sworn as a witness in this proceedings, I could and would testify competently thereto.

I declare under penalty of perjury under the laws of the state of California that the foregoing is true and correct.

Executed this __30__ day of March, 2010 at Wrightwood, San Bernardino County, California.

Dated: _____

CHRISTY OLSEN-GUTHRIE

## PROOF OF SERVICE BY MAIL
(CCP §§ 1013a, 2015.5)

## STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the County of Orange, State of California. I am over the age of eighteen (18) years and not a party to the within entitled action. My business address is 6 Hutton Centre Drive, Suite 1000, Santa, California 92707.

On April 1, 2010 I served the foregoing document described as: VERIFIED ANSWER OF STEVEN GUTHRIE AND CHRISTY OLSEN GUTHRIE TO COMPLAINT

___X___By placing _____ the original ___X___ a true copy thereof in a sealed envelope addressed as follows:

James P. O'Neil
657 Gravilla Place
La Jolla, CA   92307

___X___BY MAIL

_____ I deposited such envelope in the mail at Santa Ana, California. The envelope was mailed with postage thereon fully prepaid.

___X___ I am readily familiar with the firm's practice of collection and processing of correspondence and documentation for mailing. Under that practice, envelopes containing correspondence and documents would be deposited with the U.S. Postal Service on the same day, with postage thereon fully prepaid, at Santa Ana, California in the ordinary course of business. I am aware that on motion of a party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in the affidavit.

_____BY PERSONAL SERVICE. I delivered such envelope by hand to the office/address of the addressee(s).

_____BY OVERNIGHT/FEDERAL EXPRESS. I served a true and correct copy enclosed in a sealed Federal Express envelope/package or overnight delivery service envelope/package marked for next day delivery in the ordinary course of business, addressed to the office/address of the addressee as set forth above.

_____BY FACSIMILE. I transmitted from a facsimile transmission machine, whose telephone number is (714) 641-1333, the document described above pursuant to C.C.P. §1013(e), calling for agreement and written confirmation of that agreement, to the facsimile number listed above or on the attached service list. Said facsimile transmission was reported complete and without error.

Executed on ___April 1___, 2010 at Santa Ana, California.

___X___ STATE. I declare under penalty of perjury under the laws of the state of California that the foregoing is true and correct.

___John Devine___
Type or Print Name

Signature



THE DOCUMENT TO WHICH THIS CERTIFICATION IS
ATTACHED IS A FULL, TRUE AND CORRECT COPY OF
THE ORIGINAL ON FILE AND OF RECORD IN MY OFFICE.
ATTEST STEPHEN H. NASH
Clerk of the Superior Court of the State of
California, in and for the County of
San Bernardino.
Date    11-29-12
By    Patricia A. Gillette    Deputy

# EXHIBIT 4

COUNTY OF SAN BERNARDINO SUPERIOR COURT
STATE OF CALIFORNIA
MINUTE ORDER

CASE NO:        CIVVS1000969                    DATE:   03/08/11

CASE TITLE:     GAMEZ-VOM STEEG V GUTHRIE ET AL

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
DEPT: S33 03/08/11 TIME:  8:30
Hearing Re: DISMISSAL OF ALL UNSERVED DEFT/UNDISPOSITIONED DEF
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

COMPLAINT TYPE: BCW

MARSHA G SLOUGH, JUDGE

Clerk: Wimala Blanchard

Court Reporter Lavender Lino; 13046

Court Attendant Mary Kilgore

-

APPEARANCES:

Attorney JAMES P O'NEIL present for Plaintiff/Petitioner.

Plaintiff ELIZABETH GAMEZ-VOM STEEG present

Defendant STEVEN MICHAEL GUTHRIE, CHRISTY ELIZABETH OLSEN GUTHRIE
present

-

PROCEEDINGS:

Predisposition Hearing Held

COUNSEL INDICATES HE WILL BE FILING A REQUEST FOR ENTRY OF DISMISSAL
AS TO ALL DOE DEFENDANTS AND DEFENDANTS SCOTT HORBAN and DANNY JONES
FORTHWITH.  AS TO DEFENDANT'S ALEX AND ALICIA MACIEL, COUNSEL
INDICATES A DISMISSAL WILL BE FILED PENDING TODAY'S APPEARANCE BY
SUBPOENA.

-

COURT INSTRUCTS COUNSEL TO FILE DISMISSALS IN THE CLERK'S OFFICE THIS
DATE.

Action - Complete

=== MINUTE ORDER END ===



EXHIBIT 4



THE DOCUMENT TO WHICH THIS CERTIFICATION IS
ATTACHED IS A FULL, TRUE AND CORRECT COPY OF
THE ORIGINAL ON FILE AND OF RECORD IN MY OFFICE.
ATTEST: STEPHEN H. NASH
Clerk of the Superior Court of the State of
California, in and for the County of
San Bernardino.

Date  11-29-12

By  Patricia A. Gillette  Deputy

COUNTY OF 2 of 3 BERNARDINO SUPE    )R COURT
STATE OF CALIFORNIA
MINUTE ORDER

CASE NO:      CIVVS1000969                    DATE:  03/08/11

CASE TITLE:   GAMEZ-VOM STEEG V GUTHRIE ET AL

------------------------------------------------------------------------
DEPT: S33 03/08/11 TIME:  9:00
Hearing Re: Court Trial
------------------------------------------------------------------------

COMPLAINT TYPE: BCW

---

MARSHA G SLOUGH, JUDGE

Clerk: Wimala Blanchard

Court Reporter Lavender Lino; 13046

Court Attendant Mary Kilgore

-

APPEARANCES:

Attorney JAMES P O'NEIL present for Plaintiff/Petitioner.

Plaintiff ELIZABETH GAMEZ-VOM STEEG present

Defendant STEVEN MICHAEL GUTHRIE, CHRISTY ELIZABETH OLSEN GUTHRIE
present

-

PROCEEDINGS:

10:47

Court Trial proceeds.

Court Convenes WITH COUNSEL AND ALL PARTIES PRESENT.

Motion(s) in Limine heard.

Motions in Limine are argued and ruled upon by the court.

PLAINTIFF'S (#1) Motion in Limine to Bar deft intro of expert
testimony re defects granted.

Court reserves ruling on PLAINTIFF'S (#2) Motion in Limine to TO BAR
DEFT FROM OFFERING EXPERT OPINION TESTMNY.

PLAINTIFF'S (#3) Motion in Limine to BAR DFT CALLING WITNESS AT TRIAL
OF CASE IN CHIEF denied.

PLAINTIFF'S (#4) Motion in Limine to BAR DEFT FROM INTODUCING EXHIBITS AT TRIAL denied.

11:00

PLAINTIFF presents opening statement.

11:10

PLAINTIFF'S opening statement concluded.

DEFENSE presents opening statement.

11:13

Opening statement by defense concluded.

Elizabeth Gamez is sworn and testifies as witness for Plaintiff.

12:00

Court in Recess.

1:29

Court reconvenes with Counsel and Parties present.

PLAINTIFF'S Witness Elizabeth Gamez resumes testimony, still under oath.

2:42

Court in Recess.

Plaintiff's witness called out of order.

Rosa Romo is sworn and testifies as witness for Plaintiff.

3:06

Witness Rosa Romo excused.

Alejo Maciel is sworn and testifies as witness for Plaintiff.

3:19

Witness Alejo Maciel excused.

3:22

Plaintiff Witness Elizabeth Gamez resumes testimony, still under oath.

3:50

Witness Elizabeth Gamez excused for the day; subject to recall.

Plaintiff's Exhibit(s) #5,7,8,9,13,14,16 and 17 marked for Identification.

Plaintiff Exhibit(s) #5-List of checks to Steven Guthrie=$236,000.00 entered into Evidence.

Plaintiff Exhibit(s) #7-List of cash pymt to Steven Guthrie=$173500.00 entered into Evidence.

Plaintiff Exhibit(s) #8-List of addtnl chks to Steven Guthrie=$115000.0 entered into Evidence.

Plaintiff Exhibit(s) #9-addtnl list of payments to Steven Guthrie entered into Evidence.

Plaintiff Exhibit(s) #13-08/17/09 drywall contract between Gamez/A&A entered into Evidence.

Plaintiff Exhibit(s) #14-08/19/09 agrmnt cancelling 8/17/09 contract entered into Evidence.

Plaintiff Exhibit(s) #16-Package of course of construction photos entered into Evidence.

Plaintiff Exhibit(s) #17-Package of photos showing damage to Gamez prop entered into Evidence.

 3:50

Court in Recess.

-

HEARINGS:

Court Trial (in progress) continued to 03/09/11 at  9:30 in Department S33.

Action - Complete

====Minute Order Corrected on 03/10/11 ====

==Minute Order changed or corrected by W.Blanchard; Changes made are as follows: To reflect Pla's exh#15 marked and entered ==

=== MINUTE ORDER END ===



THE DOCUMENT TO WHICH THIS CERTIFICATION IS ATTACHED IS A FULL, TRUE AND CORRECT COPY OF THE ORIGINAL ON FILE AND OF RECORD IN MY OFFICE.
ATTEST _ STEPHEN H. NASH
Clerk of the Superior Court of the State of California, in and for the County of San Bernardino.
Date___ 11-29-12 _____
By_ Patricia R. Gillette _Deputy

# EXHIBIT 5

COUNTY OF SAN BERNARDINO SUPERIOR COURT
STATE OF CALIFORNIA
MINUTE ORDER

CASE NO:        CIVVS1000969                    DATE:   03/09/11

CASE TITLE:     GAMEZ-VOM STEEG V GUTHRIE ET AL

-----------------------------------------------------------------
DEPT: S33 03/09/11 TIME:  9:30
Court Trial -- Estimated trial length *** hrs. ***
-----------------------------------------------------------------

COMPLAINT TYPE: BCW

---

    MARSHA G SLOUGH, JUDGE

Clerk: Wimala Blanchard

Court Reporter Meemo Tomassian; 10435

Court Attendant Mary Kilgore

-

APPEARANCES:

Attorney JAMES O'NEIL present for Plaintiff/Petitioner.

Plaintiff ELIZABETH GAMEZ-VOM STEEG present

Defendant STEVEN MICHAEL GUTHRIE, CHRISTY ELIZABETH OLSEN GUTHRIE
present

-

PROCEEDINGS:

Predisposition Hearing Held

2ND Day of Trial

Court Convenes WITH COUNSEL AND PARTIES PRESENT.

FANNIE JOHNSON is sworn and testifies as witness for PLAINTIFF.

 9:41

Witness FANNIE JOHNSON excused.

ELIZABETH GAMEZ is sworn and testifies as witness for PLAINTIFF.

10:00

WITNESS FOR PLAINTIFF IS CALLED OUT OF ORDER.

MARK VANDERMEYDEN is sworn and testifies as witness for PLAINTIFF.


EXHIBIT 5

10:27

Witness MARK VANDERMEYDEN excused.

JOHN BURKE ZUBER is sworn and testifies as witness for PLAINTIFF.

10:48

Witness JOHN BURKE ZUBER excused.

Court in Recess.

11:18

Court reconvenes WITH COUNSEL AND ALL PARTIES PRESENT.

PLAINTIFF'S Witness ELIZABETH GAMEZ resumes testimony, still under oath.

12:00

Court in Recess.

1:42

Court reconvenes WITH COUNSEL AND ALL PARTIES PRESENT.

PLAINTIFF'S Witness ELIZABETH GAMEZ resumes testimony, still under oath.

2:31

Witness ELIZABETH GAMEZ excused.

JOHN GERIGUIS is sworn and testifies as witness for PLAINTIFF.

3:01

Court in Recess.

3:12

Court reconvenes WITH COUNSEL AND ALL PARTIES PRESENT

PLAINTIFF'S Witness JOHN GERIGUIS resumes testimony, still under oath.

3:19

Witness JOHN GERIGUIS excused.

PLAINTIFF'S Exhibit(s) #4,6,10,12,19,21, AND 23 marked for Identification.

PLAINTIFF Exhibit(s) #4-DRAWING PLAN DRAWN BY CHRISTY GUTHRIE entered

PLAINTIFF Exhibit(s) #6-ADDTNL PLANS/DRAWING BY CHRISTY GUTHRIE entered into Evidence.

PLAINTIFF Exhibit(s) #10-ADDTNL LIST OF PAYMENTS TO S.GUTHRIE=$68000.00 entered into Evidence.

PLAINTIFF Exhibit(s) #12-S.GUTHRIE'S CERTIFIED LICENSE HISTORY entered into Evidence.

PLAINTIFF Exhibit(s) #19-JOHN ZUBER'S DAMAGE AND REPAIR COST REPORT entered into Evidence.

PLAINTIFF Exhibit(s) #21-PETER VANDERMEYDENS DAMAGE/REPAIR REPORT entered into Evidence.

PLAINTIFF Exhibit(s) #23-PKG OF JOHN GERIGUIS CORRESPONDCE/PAYPAL MEMOS entered into Evidence.

3:28

STEVEN GUTHRIE is sworn and testifies as witness for PLAINTIFF.

(CALLED UNDER EC776)

PLAINTIFF Exhibit(s) #11 marked for Identification.

PLAINTIFF Exhibit(s) #11-S. GUTHRIE LICENSE HISTORY/REVOCATION PRNT OUT entered into Evidence.

–

3:33

Counsel reads from deposition of Steven Guthrie.

Parties stipulate the photo's under tab 16 in exhibit book are same as referred in the deposition.

3:57

All parties ordered to return 03/10/11 at 9:30am.

Court in Recess.

–

HEARINGS:

Court Trial (in progress) continued to 03/10/11 at 9:30 in Department S33.

Action - Complete

=== MINUTE ORDER END ===



THE DOCUMENT TO WHICH THIS CERTIFICATION IS
ATTACHED IS A FULL, TRUE AND CORRECT COPY OF
THE ORIGINAL ON FILE AND OF RECORD IN MY OFFICE.
ATTEST STEPHEN H. NASH
Clerk of the Superior Court of the State of
California, in and for the County of
San Bernardino.
Date  11-29-12
By Patricia A. Gillette  Deputy

# EXHIBIT 6

COUNTY OF SAN BERNARDINO SUPERIOR COURT
STATE OF CALIFORNIA
MINUTE ORDER

CASE NO:      CIVVS1000969                    DATE:  03/10/11

CASE TITLE:    GAMEZ-VOM STEEG V GUTHRIE ET AL

----------------------------------------------------------------
DEPT: S33 03/10/11 TIME:  9:30
Court Trial -- Estimated trial length *** hrs. ***
----------------------------------------------------------------

COMPLAINT TYPE: BCW

---

MARSHA G SLOUGH, JUDGE

Clerk: Wimala Blanchard

Court Reporter Meemo Tomassian; 10435

Court Attendant Mary Kilgore

-

APPEARANCES:

Attorney JAMES O'NEIL present for Plaintiff/Petitioner.

Plaintiff ELIZABETH GAMEZ-VOM STEEG present

Defendant STEVEN MICHAEL GUTHRIE, CHRISTY ELIZABETH OLSEN GUTHRIE
present

-

PROCEEDINGS:

3RD Day of Trial

Predisposition Hearing Held

 9:35

Court Convenes WITH COUNSEL AND ALL PARTIES PRESENT

STEVEN GUTHRIE (UNDER EC776) is sworn and testifies as witness for
PLAINTIFF.

 9:56

TESTIMONY CONCLUDED.

STEVEN GUTHRIE TESTIFIES ON HIS OWN BEHALF.

10:01



EXHIBIT 6