REDIRECT BY PLAINTIFF.

10:12

Witness STEVEN GUTHRIE excused.

CHRISTY OLSON (UNDER EC776) is sworn and testifies as witness for PLAINTIFF.

10:15

COURT HAS POWER OUTAGE.

COUNSEL AND PARTIES ARE EXCUSED FOR DURATION OF POWER OUTAGE.

10:38

Court reconvenes WITH COUNSEL AND ALL PARTIES PRESENT.

PLAINTIFF Witness CHRISTY OLSON resumes testimony, still under oath.

10:53

Witness CHRISTY OLSON excused.

ELIZABETH GAMEZ is sworn and testifies as witness for PLAINTIFF.

10:57

Witness ELIZABETH GAMEZ excused.

PLAINTIFF rests.

DEFENSE rests.

11:01

Closing arguments presented by PLAINTIFF'S COUNSEL.

11:55

Counsel indicates all dismissals were filed with the Court yesterday 03/09/11.

Only remaining defendants are the Guthries.

Closing concluded by plaintiff.

Court in Recess.

1:30

Court reconvenes with Counsel and all parties present.

Defendants waive closing statement.

All parties stipulate that non admitted exhibits may be returned to Plaintiff's counsel for safekeeping.

-

Court takes matter under submission for further review and instructs all parties to return on 03/15/11 for Courts ruling.

-

HEARINGS:

Hearing re: Status of Court's decision on Court Trial set for 03/15/11 at 10:00 in Department S33A.

Action - Complete

=== MINUTE ORDER END ===



THE DOCUMENT TO WHICH THIS CERTIFICATION IS
ATTACHED IS A FULL, TRUE AND CORRECT COPY OF
THE ORIGINAL ON FILE AND OF RECORD IN MY OFFICE.

ATTEST _ STEPHEN H. NASH

Clerk of the Superior Court of the State of
California, in and for the County of
San Bernardino.

Date __11-29-12__

By __Patricia R. Guliette__ Deputy

# EXHIBIT 7

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN BERNARDINO - CIVIL DIVISION

DEPARTMENT S-33                    HON. MARSHA G. SLOUGH, JUDGE

ELIZABETH GAMEZ-VON STERG,              )
                                        )
                Plaintiff,              )
                                        )
        vs.                             ) CIVVS-1000969
                                        )
STEVEN GUTHRIE, CHRISTY GUTHRIE,        )
                                        )
                Defendants.             )
                                        )

**REPORTER'S TRANSCRIPT OF ORAL PROCEEDINGS**

**STATEMENT OF DECISION**

**TUESDAY, MARCH 15, 2011**

APPEARANCES:

For the Plaintiff:          BY: MR. JAMES P. O'NEIL
                            Attorney at Law
                            657 Gravilla Place
                            La Jolla, CA. 92037


For Defendants:             BY:  MR. STEVEN GUTHRIE
                            In Pro-Per
                            BY:  MS. CHRISTY GUTHRIE
                            In Pro-Per

Reported by:                MEEMO TOMASSIAN
                            Official Reporter
                            C.S.R. No. 10435

EXHIBIT 7

STATE OF CALIFORNIA, COUNTY OF SAN BERNARDINO

--oOo--

DEPARTMENT S-33                        HON. MARSHA G. SLOUGH, JUDGE

REPORTED BY: MEEMO TOMASSIAN              TUESDAY, MARCH 15, 2011

**REPORTER'S TRANSCRIPT OF ORAL PROCEEDINGS**

**A.M. SESSION**

**STATEMENT OF DECISION**

APPEARANCES:

For the Plaintiff,

MR. JAMES P. O'NEIL - Attorney at Law.

MR. STEVEN GUTHRIE - In Pro-Per.

MS. CHRISTY OLSEN-GUTHRIE - In Pro-Per.

--oOo--

THE BAILIFF:  Please come to order, Department 33 is back in session.

THE COURT:  Good morning.

MR. O'NEIL:  Good morning, your Honor.

MS. GUTHRIE:  Good morning.

THE COURT:  You may have a seat, please.

MR. O'NEIL:  (Complying.)

MS. GUTHRIE:  (Complying.)

MR. GUTHRIE:  (Complying.)

THE COURT:  We'll go on the record in the Gamez versus Guthrie matter.  We're here this morning for purposes

of the Court to render its verdict.  Mr. And Mrs. Guthrie are present.  Miss Gamez is present, and her lawyer, likewise, is present.

Everybody ready to go forward this morning?

MR. O'NEIL:  Yes, your Honor.

MS. GUTHRIE:  Yes.

MR. GUTHRIE:  Yes.

THE COURT:  Okay.  First, I will say that I have had an opportunity to go back and review extensive notes that I took during the course of this trial as it relates to the testimony that was elicited during the course of this trial.  I have also had an opportunity to review all of the exhibits that were admitted during this trial.

Having had an opportunity to do that, the Court is ready to render its verdict.  In that regard, I will start first off by just addressing the individual causes of action.

The first cause of action -- and the Court should indicate that it is a verified complaint.  The first cause of action is for breach of contract, and that is as against Mr. Guthrie only.  Based on my review of the evidence, the Court does find that, indeed, there was a contract, and the contract was for Mr. Guthrie to perform services for the plaintiff.  Mr. Guthrie breached the contract as it relates to performing the various services, all the way from making sure that appropriate materials were used, to installing

materials properly, to rendering the home, basically, in a state of total and utter disrepair upon his completion, or, I should say, upon his cessation of his work.

The Court does find that all of the elements for breach of contract cause of action have been met.

I will address the damage part as just one damages as opposed to breaking it up.

MR. O'NEIL:  Very well, your Honor.

THE COURT:  The second cause of action is, again, against Mr. Guthrie only.  It alleges that he was contracting without a license.  Indeed, Mr. Guthrie admitted that in his answer to the unverified complaint.  Mr. Guthrie was contracting without a license.

The third cause of action is as against Steven and Christy Guthrie, and that alleges conspiracy to contract and contracting without a license.  As it relates to the conspiracy cause of action, the plaintiffs do have a weighty burden of proof.  Plaintiff must show that each member of the conspiracy acted in concert with one another and came to a mutual understanding to accomplish a common and unlawful plan.  And that one or more of them committed an overt act.

The common plan in this case was Mr. And Ms. Guthrie convincing, from the outset, the plaintiff that she should basically totally redo her house starting with the basement.  There was uncontradicted testimony that plaintiff started off with a particular plan for the basement, and

indeed, it was, again, uncontradicted that Ms. Christy Guthrie worked with the plaintiff to convince her to really totally redo the basement and ultimately redo the whole house.  She assisted by making drawing up plans on her computer program in her home.

Both Christy Guthrie and Steven Guthrie knew what, indeed, it would be Mr. Steven Guthrie that would be accomplishing that work.  They both, in my view, worked to get Ms. Gamez, as stated, to continually broaden her scope of work.

Both Mr. Guthrie and Ms. Guthrie knew that Mr. Guthrie was not licensed, and, obviously, Ms. Guthrie did not have a contractor's license either.  Both knew that there was no income coming into this home other than the money that was received by Mr. Guthrie from Ms. Gamez every Friday.  Both continued to attempt to aussage the plaintiff that she should continue to work with them to resolve the problems that were becoming apparent during the process of this work.

I believe that the testimony of the neighbor corroborates the fact that Mr. And Ms. Guthrie indeed worked together to earn this income from the plaintiff as well as from the neighbor.  The method of obtaining the work from the neighbor, as it relates to Mr. Guthrie, was the same. Him approaching that person and convincing him he would redo his driveway, convincing him that he would then take on a

different scope of work, broadening the scope of work, and ultimately, collecting money every Friday just like he did from Ms. Gamez.  And Ms. Guthrie was assisting in that process by allowing her pay pal account to receive some of the money when that neighbor could not pay in cash.

This appears to the Court to be corroborating evidence that these two acted in concert for purposes of approaching people to solicit work.  That they're not contracted to, not competent to do and accomplish in a fraudulent fashion.

Again, it was uncontradicted -- though, this does not go to the issue of damage to plaintiff, it was uncontradicted that the plumbing from plaintiff's house was used in the neighbor's house.  Therefore, I do find that there was a conspiracy to act by both overt acts and covert acts on the part of Mr. And Ms. Guthrie which damaged the plaintiff.

As it relates to the fourth cause of action, that alleges fraud and intentional misrepresentation.  And it is alleged against both Mr. And Mrs. Guthrie.  As it relates to the fraud:  Again, based on the same factors that I stated as it relates to the conspiracy, I do find the elements of fraud as well as the elements of intentional misrepresentation to have been established during the course of this trial and not adequately rebutted.

The fifth cause of action is one for conversion.

And that, again, is only as it relates to Mr. Steven Guthrie, and that is his converting property of plaintiff. Again, there is adequate evidence that he converted the property of the plaintiff and used it, in that being money, materials, and materials from Ms. Gamez to use in another project.

I do find the elements of conversion to have been met and unrebutted as well.

The sixth, seventh, eighth, ninth, tenth and eleventh causes of action are against previously dismissed defendants, and therefore, not addressed in the court's verdict today.

The 12th cause of action is for negligence. Clearly, it is my belief that the plaintiff met her burden of proof that the defendants, both Mr. And Ms. Guthrie, were negligent in their conduct toward Ms. Gamez and that indeed caused damage to her.

As it relates to the issue of damage: The law is really very clear that when one is contracting without a license, that the person, who is in plaintiff's position in this case, even if they know that the contractor is unlicensed is entitled to all money back. It's the law.

In fact, from my reading of the law, they cannot even offset for the work that they accomplished. They cannot even offset for the materials that were purchased with the money from the plaintiff and actually used on the

construction of the house.

One of the issues that I spent some time with as it relates to the issue of damage on contracting without a license was the issue of whether or not a plaintiff has a duty to mitigate damages. And I struggled with that issue, because at some point, in my mind, I would believe that there would appear to come a point in time where the plaintiff should not continue to give money, particularly to the tune of over $600,000, to someone who is clearly obviously not qualified to do the work that is supposed to be done.

And yet, when I read the cases that address the policy considerations, enacting the code that makes an unlicensed contractor liable for all money to go back, it is very clear that "all" means all. I did not find any case directly on point, but by an analogy, if the contractor is not allowed to offset for work that was accomplished, if they're not allowed to offset for materials that were purchased and actually built out in the project, then "all" seems to mean all.

In fact, Business and Professions Code Section 7031 subsection (B) reads: Quote, "a person who utilized the service of an unlicensed contractor may bring an action to recover all compensation paid to the unlicensed contractor."

I read "all" to mean all. I think if the legislature intended to allow for compensation that didn't

include all, they would have said that a person could bring an action for damages. A person who brings an action for damages typically is required to mitigate that action. But I literally read "all" to mean all, particularly in light of the fact that it is clear that the legislature has enacted this statute with very severe penalty for the purpose, sole purpose, to discourage people who are not properly licensed to be doing work that they are required to have a license for.

And in that regard, the Court finds as follows as it relates to the issue of damages:

The plaintiff is entitled to her money back. That has been calculated as the sum of $631,190 (sic). I will treble that, or add the CCP 1029.8(a) damage of $10,000 on top of it, for a total damage of 6000 -- $683,190. Plaintiff is also entitled to attorney fees and costs, and that will be pursuant to a motion.

There was no evidence as it relates to punitive damages presented in the sense of what assets the plaintiff -- excuse me -- assets the defendants have. I find the conduct of Mr. Guthrie in this case, of Mr. Guthrie in this case, to fall within the purview of conduct that warrants the assessment of punitive damages.

He, again, rendered a home basically uninhabitable with his work. And there was no evidence to contradict the expert testimony that this house is essentially a house of

cards at this point.  He cut out the truss system, and no evidence submitted to indicate that anything was put up in its place to re-establish the security of this home, literally, the security of this home.  He continued to go and ask for money, and more money, and more money, and more money, and more money.  He did work on a home in a manner in which an adolescent wouldn't do to a home, taking a roof off after completing a substantial portion of the internal work, leaving that vulnerable to all weather conditions, and indeed, had to be replaced because of the rains that came and the snows that arrived and the house leaked like a sieve.

There's evidence that when he did -- when the work on the stucco was done, that there was improper preparation for the stucco.  The windows left gaps that you can see through.  The island, which was built to accommodate a stove, didn't even have electricity run through it.  And he went to the neighbor and started the same process all over again.  And it is un-rebutted, not even a simple denial from Mr. Guthrie, in evidence or argument, that he used plumbing materials from Ms. Gamez' home and put them in the home of the neighbor.

That conduct, and more, is despicable conduct in this Court's view and warrants a punitive damages award. There is no actual testimony as it relates to the assets of Mr. Guthrie other than the fact that there was evidence that

he owns a home in Wrightwood.  And there was evidence, and I don't know if he still owns it, so there's no evidence as to whether indeed he has the red truck that's pictured throughout in several of the exhibits.  But he did receive a substantial amount of money from two neighbors to do work.

Given the fact that I do not have a good and accurate assessment of punitive damages, the Court is simply going to assess the amount of $10,000 in punitive damages.  And, again, that is based on receiving some 600 -- 700, almost $800,000 from the two neighbors.  The $10,000 amount is in punitive damages.

With that stated, that's the Court's verdict.  I would ask that counsel please prepare the judgment and all of the appropriate paperwork as it relates to the Court's ruling today.

MR. O'NEIL:  Very well, your Honor.

Would the Court like me to prepare a statement of decision, or is the Court's oral ruling going to stand as the Court's statement of decision?

THE COURT:  The Court's oral statement is the statement of decision, sir.

MR. O'NEIL:  Very well, your Honor.

THE COURT:  All right.  Thank you, sir.

MR. GUTHRIE:  Thank you.

THE COURT:  Thank you, and good luck to you.

MR. O'NEIL:  Thank you, your Honor.

THE COURT:  You're very welcome, sir.

Good luck to you, ma'am.

MS. GAMEZ:  Thank you, your Honor.

THE COURT:  You're very welcome.


(THE FOLLOWING WAS HEARD IN OPEN COURT, OUTSIDE THE PRESENCE

OF ALL PARTIES)


THE COURT:  Okay.  We'll go on the record in the Gamez versus Guthrie matter.  There are no parties present. I wanted to make sure that I articulated on the record, clearly, the damages, because I think I may have misspoke.

I want to make sure that it's very clear that the damages were $673,190 plus $10,000 for CCP 1029.8(a), for a total of $683,190.  And then, there was also $10,000 in punitive damages added.  And the award also includes attorney's fees and costs, which would be submitted via appropriate memorandum.


(WHEREUPON THE FOREGOING PROCEEDINGS WERE CONCLUDED)

--o0o--

12

SUPERIOR COURT FOR THE STATE OF CALIFORNIA

FOR THE COUNTY OF SAN BERNARDINO

DEPARTMENT NO. S-33                    HON. MARSHA G. SLOUGH, JUDGE

**ELIZABETH GAMEZ-VON STERG,**              )
                                            )
                        Plaintiff,          )
                                            )
            vs.                             )   SS
                                            )
**STEVEN GUTHRIE, CHRISTY GUTHRIE,**        )
                        Defendants.         )
                                            )
_____)

STATE OF CALIFORNIA              )
                                 )   ss
COUNTY OF SAN BERNARDINO         )

        I, Meemo Tomassian, Official Reporter for the
Superior Court of San Bernardino, do hereby certify that to
the best of my ability, the foregoing pages, 1 through 12,
comprise a full, true, and correct transcript of the
proceedings held in the above-entitled matter on
March 15, 2011.

        Dated this 15th day of March, 2011.

                        MEEMO TOMASSIAN, C-10435

# EXHIBIT 8

FILED
SUPERIOR COURT
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

APR 18 2011

By _Winda Blanchard_
Deputy

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SAN BERNARDINO, VICTORVILLE DIVISION

| | |
|---|---|
| ELIZABETH GAMEZ-VOM STEEG, an individual<br><br>Plaintiff,<br><br>v.<br><br>STEVEN MICHAEL GUTHRIE, an individual; CHRISTY ELIZABETH OLSEN GUTHRIE, an individual; et al<br><br>Defendants. | **Case No. CIVVS 1000969**<br><br>**JUDGMENT AFTER TRIAL BY COURT**<br><br>San Bernardino County Superior Court<br>San Bernardino Division<br>Dept. S - 33, Hon. Marsha G. Slough |

The above-entitled cause came on regularly for trial on March 8, 2011, in Dept. S - 33 in the above-entitled Court, the Hon. Marsha Slough, Judge Presiding, sitting without a Jury, a Jury having been duly waived. Plaintiff, ELIZABETH GAMEZ-VOM STEEG ("Plaintiff" or "GAMEZ") appeared personally and by her attorney, James P. O'Neil. Defendants, STEVEN MICHAEL GUTHRIE ("STEVEN GUTHRIE") and CHRISTY ELIZABETH OLSEN GUTHRIE ("CHRISTY GUTHRIE") each personally appeared in pro per. Evidence, both oral and documentary, having been presented by the parties; and the cause having been argued and submitted for decision; and the Court having announced its Tentative Decision in open court on March 15, 2011; and having stated on the record that, pursuant to Rule 3.1590(c)(1) of the California Rules of Court, that the Court's announced Tentative Decision would be the Court's Proposed Statement of Decision, subject to a party's objection under Subdivision (g) of Rule 3.1590; IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1.      Plaintiff, ELIZABETH GAMEZ, shall have judgment against Defendant, STEVEN GUTHRIE, on

 ORIGINAL

1

Judgment after Trial

 EXHIBIT 8

Plaintiff's First Cause of Action, for Breach of Contract, Partially Orally, Partially in Writing, and Partially Implied;

2.   Plaintiff, ELIZABETH GAMEZ, shall have judgment against Defendant STEVEN GUTHRIE on Plaintiff's Second Cause of Action, for Contracting Without a License;

3.   Plaintiff, ELIZABETH GAMEZ, shall have judgment against Defendant STEVEN GUTHRIE and CHRISTY GUTHRIE on Plaintiff's Third Cause of Action, for Conspiracy to Contract and Contracting Without a License;

4.   Plaintiff, ELIZABETH GAMEZ, shall have judgment against Defendants STEVEN GUTHRIE and CHRISTY GUTHRIE on Plaintiff's Fourth Cause of Action, for Fraud, Intentional Misrepresentation;

5.   Plaintiff, ELIZABETH GAMEZ, shall have judgment against Defendant STEVEN GUTHRIE on Plaintiff's Fifth Cause of Action, for Conversion;

6.   Plaintiffs Sixth through Eleventh Causes of Action having been dismissed before or during the course of the Trial, the Court makes no rulings on the Sixth through Eleventh Causes of Action;

7.   Plaintiff, ELIZABETH GAMEZ, shall have judgment against Defendant STEVEN GUTHRIE on Plaintiff's Twelfth Cause of Action, for Negligence – Construction Defect; and

8.   The Court announced no Ruling on Plaintiff's Thirteenth Cause of Action, for Breach of Warranty – Construction Defects.

The Court having Ruled as aforementioned on each of the Thirteen Causes of Action in Plaintiff's Complaint, the Court awards Plaintiff, ELIZABETH GAMEZ, damages in the amount of $673,190.00, payable, jointly and severely, by Defendants STEVEN GUTHRIE and CHRISTY GUTHRIE. The Court further awards Plaintiff, ELIZABETH GAMEZ, Code of Civil Procedure Section 1029.8 enhanced damages in the amount of $10,000.00, for a total damage award of $683,190.00 payable jointly and severely by STEVEN GUTHRIE and CHRISTY GUTHRIE.

The Court having found that the conduct of STEVEN GUTHRIE was despicable, and supports the awarding of punitive damages, the Court also awards Plaintiff, ELIZABETH GAMEZ, Punitive and exemplary damages in the amount of $10,000.00, said punitive damages to be paid solely by STEVEN GUTHRIE.

Judgment after Trial

The Court further finds that, as the prevailing party, Plaintiff ELIZABETH GAMEZ is entitled to recover her costs of suit, pursuant to a Memorandum of Costs to be filed herein pursuant to Code of Civil Procedure Sections 1032 et seq. and to an award of reasonable attorney's fees, the amount to be determined after a hearing on Plaintiff's Motion for an Order Fixing and Awarding Attorney's Fees. The Clerk of the Court is directed to enter the amount of Attorney's Fees and Costs (each amount to be payable jointly and severely by STEVEN GUTHRIE and CHRISTY GUTHRIE to Plaintiff, ELIZABETH GAMEZ) on the lines provided below, after the amounts of those attorneys fees and costs have been determined by further Order of the Court.

Attorneys Fees in the amount of $_____.

Costs in the amount of $_____.

///

/// [8 AM]

Dated: March __, 2011

APR 1 8 2011

_____
Hon. Marsha G. Slough, Judge of the Superior Court

**Judge Marsha Slough**

Judgment Prepared by:

_____
James P. O'Neil, Attorney for Plaintiff
ELIZABETH GAMEZ-VOM STEEG

3

Judgment after Trial



THE DOCUMENT TO WHICH THIS CERTIFICATION IS
ATTACHED IS A FULL, TRUE AND CORRECT COPY OF
THE ORIGINAL ON FILE AND OF RECORD IN MY OFFICE.

ATTEST STEPHEN H. NASH
Clerk of the Superior Court of the State of
California, in and for the County of
San Bernardino.

Date 11-29-12

By Patricia A. Grillette Deputy

# EXHIBIT 9

F I L E D
SUPERIOR COURT
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

JUN 1 3 2011

By _____
Deputy

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SAN BERNARDINO, VICTORVILLE DIVISION

| | |
|---|---|
| ELIZABETH GAMEZ-VOM STEEG, an individual <br><br> Plaintiff, <br><br> v. <br><br> STEVEN MICHAEL GUTHRIE, an individual; CHRISTY ELIZABETH OLSEN GUTHRIE, an individual; et al <br><br> Defendants. | Case No. CIVVS 1000969 <br> *Amended* <br><br> **JUDGMENT AFTER TRIAL BY COURT** <br><br> San Bernardino County Superior Court <br> San Bernardino Division <br> Dept. S - 33, Hon. Marsha G. Slough |

The above-entitled cause came on regularly for trial on March 8, 2011, in Dept. S - 33 in the above-entitled Court, the Hon. Marsha Slough, Judge Presiding, sitting without a Jury, a Jury having been duly waived. Plaintiff, ELIZABETH GAMEZ-VOM STEEG ("Plaintiff" or "GAMEZ") appeared personally and by her attorney, James P. O'Neil. Defendants, STEVEN MICHAEL GUTHRIE ("STEVEN GUTHRIE") and CHRISTY ELIZABETH OLSEN GUTHRIE ("CHRISTY GUTHRIE") also known as CHRISTY E. OLSEN, also known as CHRISTY E. OLSON, each personally appeared in pro per. Evidence, both oral and documentary, having been presented by the parties; and the cause having been argued and submitted for decision; and the Court having announced its Tentative Decision in open court on March 15, 2011; and having stated on the record that, pursuant to Rule 3.1590(c)(1) of the California Rules of Court, that the Court's announced Tentative Decision would be the Court's Proposed Statement of Decision, subject to a party's objection under Subdivision (g) of Rule 3.1590; IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

**EXHIBIT 9**



1

Judgment after Trial

1. Plaintiff, ELIZABETH GAMEZ, shall have judgment against Defendant, STEVEN GUTHRIE, on Plaintiff's First Cause of Action, for Breach of Contract, Partially Orally, Partially in Writing, and Partially Implied;

2. Plaintiff, ELIZABETH GAMEZ, shall have judgment against Defendant STEVEN GUTHRIE on Plaintiff's Second Cause of Action, for Contracting Without a License;

3. Plaintiff, ELIZABETH GAMEZ, shall have judgment against Defendant STEVEN GUTHRIE and CHRISTY GUTHRIE also known as CHRISTY E. OLSEN, also known as CHRISTY E. OLSON, on Plaintiff's Third Cause of Action, for Conspiracy to Contract and Contracting Without a License;

4. Plaintiff, ELIZABETH GAMEZ, shall have judgment against Defendants STEVEN GUTHRIE and CHRISTY GUTHRIE also known as CHRISTY E. OLSEN, also known as CHRISTY E. OLSON, on Plaintiff's Fourth Cause of Action, for Fraud, Intentional Misrepresentation;

5. Plaintiff, ELIZABETH GAMEZ, shall have judgment against Defendant STEVEN GUTHRIE on Plaintiff's Fifth Cause of Action, for Conversion;

6. Plaintiffs Sixth through Eleventh Causes of Action having been dismissed before or during the course of the Trial, the Court makes no rulings on the Sixth through Eleventh Causes of Action;

7. Plaintiff, ELIZABETH GAMEZ, shall have judgment against Defendant STEVEN GUTHRIE on Plaintiff's Twelfth Cause of Action, for Negligence – Construction Defect; and

8. The Court announced no Ruling on Plaintiff's Thirteenth Cause of Action, for Breach of Warranty – Construction Defects.

The Court having Ruled as aforementioned on each of the Thirteen Causes of Action in Plaintiff's Complaint, the Court awards Plaintiff, ELIZABETH GAMEZ, damages in the amount of $673,190.00, payable, jointly and severely, by Defendants STEVEN GUTHRIE and CHRISTY GUTHRIE also known as CHRISTY E. OLSEN, also known as CHRISTY E. OLSON. The Court further awards Plaintiff, ELIZABETH GAMEZ, Code of Civil Procedure Section 1029.8 enhanced damages in the amount of $10,000.00, for a total damage award of $683,190.00 payable jointly and severely by STEVEN GUTHRIE and CHRISTY GUTHRIE also known as CHRISTY E. OLSEN, also known as CHRISTY E. OLSON.

The Court having found that the conduct of STEVEN GUTHRIE was despicable, and supports the awarding of punitive damages, the Court also awards Plaintiff, ELIZABETH GAMEZ, Punitive and

Judgment after Trial

exemplary damages in the amount of $10,000.00, said punitive damages to be paid solely by STEVEN GUTHRIE.

The Court further finds that as the prevailing party, Plaintiff ELIZABETH GAMEZ is entitled to recover her costs of suit, pursuant to a Memorandum of Costs filed herein pursuant to Code of Civil Procedure § 1032 et seq., and to an award of reasonable attorney's fees; and after a hearing on May 23, 2011, the Court further awards Plaintiff ELIZABETH GAMEZ's attorney's fees in the amount of $39,640.00, and costs of suit in the amount of $6,741.10, each payable jointly and severally by STEVEN GUTHRIE and CHRISTY GUTHRIE also known as CHRISTY OLSEN also known as CHRISTY OLSON.

Dated: May ___, 2011

_____
Hon. Marsha G. Slough, Judge of the Superior Court

Judgment Prepared by:

_____
James P. O'Neil, Attorney for Plaintiff
ELIZABETH GAMEZ-VOM STEEG

Judgment after Trial



THE DOCUMENT TO WHICH THIS CERTIFICATION IS
ATTACHED IS A FULL, TRUE AND CORRECT COPY OF
THE ORIGINAL ON FILE AND OF RECORD IN MY OFFICE.
ATTEST STEPHEN H. NASH
Clerk of the Superior Court of the State of
California, in and for the County of
San Bernardino.
Date  11-29-12
By Patricia A. Gillette Deputy

# EXHIBIT 10







# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA - RIVERSIDE DIVISION

| | |
|---|---|
| IN RE: | ) CASE NO.  6:12-bk-12449-WJ |
| STEVE GUTHRIE and CHRISTY OLSON, | ) ADV. CASE NO.  6:12-ap-01159-WJ |
| Debtors, | ) CHAPTER 7 |
| ELIZABETH GAMEZ-VOM STEEG, | ) ~~PROPOSED~~ |
| Plaintiff, | ) **FINAL JOINT PRETRIAL CONFERENCE** |
| v. | ) **ORDER** |
| | ) Date:  January 17, 2013 |
| STEVE GUTHRIE and CHRISTY OLSON, | ) Time:  1:30 p.m. |
| | ) Place:  Courtroom 302, Hon. Wayne E. Johnson |
| Defendants. | ) |

Following pretrial proceedings, pursuant to Rule 16, F.R.Civ.P. and L.B.R. 7016-1 (b)  IT IS ORDERED:

The parties are:

    Plaintiff:             ELIZABETH GAMEZ-VOM STEEG ("GAMEZ")

    Defendant/Debtor:   STEVE GUTHRIE ("GUTHRIE")

    Defendant/Debtor:   CHRISTY OLSON ("OLSON")

1

FINAL JOINT PRETRIAL CONFERENCE ORDER

**ORIGINAL**

**EXHIBIT _10_**

Each of these parties has been served and has appeared. All other parties named in the pleadings and not identified in the preceding paragraph are now dismissed.

A.     The following facts are admitted and require no proof:

1.     GAMEZ was, in September, 2007, the owner of that certain single family residence located at and commonly known as 1070 Rivera Drive, Wrightwood, California ("The Property") or ("The GAMEZ Property").

2.     STEVE GUTHRIE and CHRISTY GUTHRIE are now, and at all relevant times were, husband and wife.

3.     STEVE GUTHRIE and CHRISTY GUTHRIE were, at all relevant times, neighbors of GAMEZ, residing two houses away, at 1102 Rivera Drive, Wrightwood, California.

4.     Between about September, 2007 and August, 2009 STEVE GUTHRIE performed home remodeling contract work on The GAMEZ Property.

5.     GAMEZ was dissatisfied with STEVE GUTHRIE's work on The GAMEZ Property, and on February 16, 2010, she filed a Verified Complaint in the Superior Court of California, San Bernardino County, Victorville Division, commencing that certain case entitled Elizabeth Gamez-Vom Steeg vs. Steven Michael Guthrie et al. Civil No. CIVVS 1000969 ("The State Court Case"), in which she alleged the following relevant causes of action:

A. First Cause of Action – Breach of Contract, Partially Oral, Partially in Writing, and Partially Implied (Against STEVEN GUTHRIE and DOES 1 Through 20).

B. Second Cause of Action – Contracting Without a License (Against STEVEN GUTHRIE and DOES 1 through 20).

C. Third Cause of Action – Conspiracy to Contract and Contracting Without a License (Against STEVEN GUTHRIE and CHRISTY GUTHRIE and DOES 1 through 20).

D. Fourth Cause of Action – Fraud, Intentional Misrepresentation (Against STEVEN GUTHRIE and CHRISTY GUTHRIE and DOES 1 through 20).

E. Fifth Cause of Action – Conversion (Against STEVEN GUTHRIE only).

6.     STEVEN GUTHRIE and CHRISTY GUTHRIE answered GAMEZ's Complaint in the State Court Case and denied almost every material allegation therein.

2

**FINAL JOINT PRETRIAL CONFERENCE ORDER**

7.     The Defendant sued in the State Court Case as STEVEN GUTHRIE is the same STEVE GUTHRIE who is a Debtor in the above-entitled Chapter 7 Bankruptcy Case, and the Defendant in the above-entitled Adversary Proceeding.

8.     The Defendant sued in the State Court Case as CHRISTY GUTHRIE is the same individual Debtor identified in the above-entitled Chapter 7 Bankruptcy Case, and in the above-entitled Adversary Proceeding as CHRISTY OLSON.

9.     Jury having been waived by all parties, the State Court Case was tried to the Court, the Hon. Marsha G. Slough Judge presiding, for three days (March 8, 9 and 10, 2011) during which time a total of seven (7) percipient witnesses and two (2) expert witnesses testified, and voluminous documents, photographs and expert reports were received in evidence without objection.

10.     On March 15, 2011, the Court issued its oral Statement of Decision, which was stenographically recorded by the Official Reporter of the Superior Court, and subsequently transcribed in writing. The Statement of Decision recited, in pertinent part:

A. The first cause of action is for breach of contract, and that is as against Mr. Guthrie only. Based on my review of the evidence, the Court does find that, indeed, there was a contract, and the contract was for Mr. Guthrie to perform services for the plaintiff. Mr. Guthrie breached the contract as it relates to performing the various services. . . ."

B. The second cause of action is, again, Mr. Guthrie only. It alleges that he was contracting without a license. Indeed, Mr. Guthrie admitted that in his Answer to the unverified (sic) complaint. Mr. Guthrie was contracting without a license."

C. The third cause of action is as against Steven and Christy Guthrie, and that alleges conspiracy to contract and contracting without a license . . . . I do find that there was a conspiracy to act by both overt acts and covert acts on the part of Mr. and Mrs. Guthrie which damaged the plaintiff."

D. "As it relates to the fourth cause of Action, that alleges fraud and intentional misrepresentation. And it is alleged against both Mr. and Mrs. Guthrie. As it relates to the fraud: again, based on the same factors that I stated as it relates to the conspiracy, I do find the elements of fraud as well as the elements of intentional misrepresentation to have

3

FINAL JOINT PRETRIAL CONFERENCE ORDER

been established during the course of this trial, and not adequately rebutted."

E. "The fifth cause of action is one for conversion, and that, again, is only as it relates to Mr. Steven Guthrie . . . I do find the elements of conversion to have been met and unrebutted as well."

11. On June 13, 2011, the State Court entered an Amended Judgement After Trial by Court against Defendants STEVEN GUTHRIE and CHRISTY GUTHRIE, reciting in pertinent part:

A. "Plaintiff, ELIZABETH GAMEZ, shall have Judgment against Defendants, STEVEN GUTHRIE, on Plaintiff's First Cause of Action, for Breach of Contract, Partially Oral, Partially in Writing and Partially Implied."

B. "Plaintiff, ELIZABETH GAMEZ, shall have Judgment against Defendant STEVEN GUTHRIE on Plaintiff's Second Cause of Action, for Contracting Without a License."

C. "Plaintiff, ELIZABETH GAMEZ, shall have Judgment against Defendants STEVEN GUTHRIE and CHRISTY GUTHRIE, also known as CHRISTY E. OLSEN, also known as CHRISTY E. OLSON, on Plaintiff's Third Cause of Action, for Conspiracy to Contract and Contracting Without a License."

D. "Plaintiff, ELIZABETH GAMEZ, shall have Judgment against Defendants STEVEN GUTHRIE and CHRISTY GUTHRIE, also known as CHRISTY E. OLSEN, also known as CHRISTY E. OLSON, on Plaintiff's Fourth Cause of Action, for Fraud, Intentional Misrepresentation."

E. "Plaintiff, ELIZABETH GAMEZ, shall have Judgment against Defendant STEVEN GUTHRIE on Plaintiff's Fifth Cause of Action, for Conversion."

12. The June 13, 2011 Amended Judgment After Trial by Court in the State Court Case fixed and awarded damages as follows:

A. "The Court awards Plaintiff, ELIZABETH GAMEZ, damages in the amount of $673,190.00, payable jointly and severally, by Defendants STEVEN GUTHRIE and CHRISTY GUTHRIE, also known as CHRISTY E. OLSEN, also known as CHRISTY E. OLSON. The Court further awards Plaintiff ELIZABETH GAMEZ Code of Civil Procedure section 1029.8 enhanced damages in the amount of $10,000.00, for a total

4

award of $683,190.00, payable jointly and severally by STEVEN GUTHRIE and CHRISTY GUTHRIE, also known as CHRISTY E. OLSEN, also known as CHRISTY E. OLSON."

B. "The Court having found that the conduct of STEVEN GUTHRIE was despicable, and supports the awarding of punitive damages, the Court also awards Plaintiff, ELIZABETH GAMEZ, punitive and exemplary damages in the amount of $10,000.00, said Punitive damages to be paid solely by STEVEN GUTHRIE."

C. "The Court further finds that as the prevailing party, Plaintiff ELIZABETH GAMEZ is entitled to recover her costs of suit, pursuant to a Memorandum of Costs filed herein pursuant to Code of Civil Procedure § 1032 et seq., and to an award of reasonable attorney's fees; and after a hearing on May 23, 2011, the Court further awards Plaintiff ELIZABETH GAMEZ's attorney's fees in the amount of $39,640.00, and costs of suit in the amount of $6,741.10, each payable jointly and severally by STEVEN GUTHRIE and CHRISTY GUTHRIE, also known as CHRISTY E. OLSEN, also known as CHRISTY E. OLSON."

13. Both STEVE GUTHRIE and CHRISTY OLSON knew that STEVE GUTHRIE was not licensed.

14. The State Court Judge's March 15, 2011 transcribed oral statement was the Court's Statement of Decision.

B. The following issues of fact, and no other, remain to be litigated:

1. Whether, in or about September, 2007, GAMEZ and STEVE GUTHRIE entered into a contract, partially oral, whereby STEVE GUTHRIE agreed to perform services for GAMEZ, as a Home Remodeling Contractor, to make various remodeling improvements to The GAMEZ Property having a price and/or value in excess of $500,000.00 ("The Guthrie Contract").

2. Whether, in or about September, 2007, and continuously thereafter from time to time, Defendants STEVE GUTHRIE and CHRISTY OLSON, and each of them, knowingly and willfully conspired and agreed among themselves to induce GAMEZ to enter into The Guthrie Contract with

/ / /

5

STEVE GUTHRIE, who was not then, and is not now, either licensed as a Construction Contractor or qualified to undertake the work described in The Guthrie Contract.

3.      Whether STEVE GUTHRIE and CHRISTY OLSON did some or all of the following listed actions and things pursuant to, and in furtherance of, a conspiracy:

A.  Represented to GAMEZ that STEVE GUTHRIE was a licensed Construction Contractor, when he was not.

B.  Drafted plans and/or specifications for the proposed and ongoing remodeling project.

C.  Failed to perform the promised work of improvement in a good and workmanlike manner.

D.  Failed to perform the promised work of improvement in compliance with the applicable Building Codes and Ordinances.

E.  Failed to secure necessary Building Permits.

F.  Purchased incorrect and unsuitable materials for the work.

G.  Hired unlicensed, unskilled and uninsured employees and subcontractors to perform various phases of the work.

H.  Failed to purchase materials for which GAMEZ advanced money to STEVE GUTHRIE to purchase.

I.  Failed to complete the promised work of improvement, and ultimately abandoned the Project in or about August, 2009.

4.      Whether STEVE GUTHRIE and CHRISTY OLSON furthered the conspiracy by cooperating with and lending aid and encouragement to one another and thereby ratified and adopted the acts of one another.

5.      Whether, in or about September, 29007, and continuously thereafter, from time to time STEVEN GUTHRIE and CHRISTY GUTHRIE made the following material representations to GAMEZ:

A.  That STEVEN GUTHRIE was a Contractor licensed by the State of California.

B.  That STEVEN GUTHRIE possessed the requisite skill, training and experience ot undertake the home remodeling project on The Gamez Property.

6

C. That STEVEN GUTHRIE would undertake and complete the remodeling project in a timely and good workmanlike fashion.

D. That STEVEN GUTHRIE would purchase various materials for the project for which GAMEZ advanced money to STEVEN GUTHRIE.

E. That STEVEN GUTHRIE would procure all necessary Building Permits.

F. That STEVEN GUTHRIE would utilize the services of only skilled, properly licensed, bonded and insured subcontractors on the project.

G. That STEVEN GUTHRIE would pay all laborers, employees, subcontractors and material suppliers in full, on a timely basis.

6. Whether at the time STEVEN GUTHRIE and CHRISTY GUTHRIE made the representations to GAMEZ alleged in Paragraph 5 above, none of those representations were true, and STEVEN GUTHRIE and CHRISTY GUTHRIE either knew them to be untrue or had no reasonable basis to believe them to be true.

7. Whether STEVE GUTHRIE purchased none of the materials he promised to purchase for GAMEZ. Instead of purchasing those materials, STEVE GUTHRIE converted GAMEZ's funds to STEVE GUTHRIE's own use.

8. Whether STEVE GUTHRIE's conduct in converting GAMEZ's money and property was an intentional misrepresentation, deceit and concealment of material facts known to STEVE GUTHRIE with the intention of on the part of STEVE GUTHRIE of thereby depriving GAMEZ of property or other rights or otherwise causing injury, and was despicable in that it subjected GAMEZ to a cruel and unjust hardship in conscious disregard of GAMEZ's rights, so as to justify an award of exemplary and punitive damages.

9. Whether it was uncontradicted that CHRISTY OLSON worked with the Plaintiff to convince her to redo the whole house, and assisted by making, drawing up plans on her computer program in her home.

10. Whether both STEVE GUTHRIE and CHRISTY OLSON knew that indeed, it would be STEVE GUTHRIE who would be accomplishing that work, and both worked to get GAMEZ to continually broaden her scope of work.

7

11.    Whether both STEVE GUTHRIE and CHRISTY OLSON knew that there was no income coming into this home other than the money that was received by STEVE GUTHRIE from GAMEZ every Friday, and both continued to attempt to assuage GAMEZ that she should continue to work with them to resolve the problems that were becoming apparent during the process of the work.

12.    Whether the State Court Case Trial testimony of a neighbor corroborated the fact that STEVE GUTHRIE and CHRISTY OLSON indeed worked together to earn income from GAMEZ as well as from the neighbor.

13.    Whether it was uncontradicted in State Court Case Trial testimony that the plumbing from GAMEZ's house was used by STEVE GUTHRIE in GAMEZ's neighbor's house.

14.    Whether there was a conspiracy to act by both overt acts and covert acts on the part of STEVE GUTHRIE and CHRISTY OLSON which damaged GAMEZ.

15.    Whether the elements of fraud as well as the elements of intentional misrepresentation by STEVE GUTHRIE and CHRISTY OLSON were established during the course of the State Court Case Trial and not adequately rebutted.

16.    Whether the Fifth Cause of Action of the State Court Case Complaint was one for conversion.

17.    Whether there was adequate evidence that STEVE GUTHRIE converted the property of the plaintiff and used it, in that being money, materials, and materials from GAMEZ to use in another project.

18.    Whether the conduct of STEVE GUTHRIE in the State Court Case fell within the purview of conduct that warrants the assessment of punitive damages, because he rendered a home basically uninhabitable with his work, and there was no evidence to contradict the expert testimony that GAMEZ's house is now essential a house of cards.

19.    Whether the State Court found there was a contract for STEVE GUTHRIE to perform services for GAMEZ.

20.    Whether the State Court found that STEVE GUTHRIE breached The Guthrie Contract as it related to performing the various services, all the way from making sure that appropriate materials were used, to installing materials properly, to rendering the home, basically, in a state of total and utter

8

disrepair upon his cessation of his work.

21.     Whether STEVE GUTHRIE admitted that in his Answer to the Unverified Complaint that he was contracting without a license.

22.     Whether the Third Cause of Action was against STEVE GUTHRIE and CHRISTY OLSON and alleged "Conspiracy to "Contract and Contracting Without a License".

23.     Whether, as it relates to the Conspiracy Cause of Action for "Conspiracy to Contract and Contracting Without a License", the State Court recited that GAMEZ had a weighty burden of proof in that she had to show that each member of the conspiracy acted in concert with one another and came to a mutual understanding to accomplish a common and unlawful plan; and that one or more of them committed an overt act.

24.     Whether the State Court found that the common plan in this case was STEVE GUTHRIE and CHRISTY OLSON convincing, from the outset, GAMEZ that she should basically totally redo her house starting with the basement.

25.     Whether the State Court found that there was uncontradicted testimony that GAMEZ started off with a particular plan for the basement, and it was uncontradicted that CHRISTY OLSON worked with GAMEZ to convince GAMEZ to really totally redo the basement and ultimately redo the whole house, and that CHRISTY OLSON assisted by making drawing up plans on her computer program in her home.

26.     Whether the State Court found that both STEVE GUTHRIE and CHRISTY OLSON knew what it would be STEVE GUTHRIE that would be accomplishing the work and they both worked to get GAMEZ, to continually broaden her scope of work.

27.     Whether the State Court found that both STEVE GUTHRIE and CHRISTY OLSON knew that STEVE GUTHRIE was not licensed, and that CHRISTY OLSON did not have a contractor's license either; and that they both knew that there was no income coming into their home other than the money that was received by STEVE GUTHRIE from GAMEZ every Friday, and they both continued to attempt to assuage the GAMEZ that she should continue to work with them to resolve the problems that were becoming apparent during the process of the work.

28.     Whether the State Court found that testimony of a neighbor corroborated the fact that

9

STEVE GUTHRIE and CHRISTY OLSON indeed worked together to earn this income from GAMEZ as well as from the neighbor. The method of obtaining the work from the neighbor, as it related to STEVE GUTHRIE, was the same: approaching that person and convincing him he would redo his driveway, convincing him that he would then take on a different scope of work, broadening the scope of work, and ultimately, collecting money every Friday just like he did from GAMEZ. CHRISTY OLSON assisted in that process by allowing her pay pal account to receive some of the money when that neighbor could not pay in cash. The State Court found that to be corroborating evidence that these two acted in concert for purposes of approaching people to solicit work. That they're not competent to do and accomplish in a fraudulent fashion.

29. Whether the State Court found that it was uncontradicted that the plumbing from GAMEZ's house was used in the neighbor's house.

30. Whether the State Court found that there was a conspiracy to act by both overt acts and covert acts on the part of STEVE GUTHRIE and CHRISTY OLSON which damaged Ms. GAMEZ.

31. Whether on the Fourth Cause of Action of The State Court Complaint the State Court found the elements of Fraud as well as the elements of Intentional Misrepresentation to have been established during the course of trial, and not adequately rebutted.

32. Whether the State Court found that the Fifth Cause of Action was for "Conversion" only as it related to STEVE GUTHRIE.

33. Whether the State Court found that there is adequate evidence that STEVE GUTHRIE converted the property of GAMEZ and use it, in that being money and materials from Ms. GAMEZ, to use in another project.

34. Whether the State Court found the elements of Conversion to have been met and unrebutted.

35. Whether as it related to the issue of damages, the State Court found that the law is very clear that when one is contracting without a license that the person, who is in Ms. GAMEZ's position in this case, even if she knew that the contractor was unlicensed, is entitled to all her money back. An unlicensed person cannot even offset for any work he accomplished, or for the materials that were purchased with the money from GAMEZ and actually used on the construction of her house.

10

36.    Whether the State Court found that California Business and Professions Code Section 7031 subsection (b) reads: "a person who utilizes the service of an unlicensed contractor may bring an action to recover all compensation paid to the unlicensed contractor"; whether the State Court read "all" to mean all, and that if the legislature had intended to allow for compensation that didn't include all, they would have said that a person could bring an action for damages; and whether a person who brings an action for damages typically is required to mitigate that action; but The State Court literally read "all" to mean all, particularly in light of the fact that it is clear that the California Legislature enacted a statute with a very severe penalty for the sole purposed, to discourage people who are not properly licensed to be doing work that they are required to have a license for.

37.    Whether, as it relates to the issue of damages; The State Court found that GAMEZ was entitled to her money back, in the sum of $673,190 and, added the CCP 1029.8(a) damage of $10,000 on top of it, for a total damage of $683,190; and found that GAMEZ was also entitled to attorney fees and costs, pursuant to a post trial motion.

38.    Whether the State Court found conduct of STEVE GUTHRIE to fall within the purview of conduct that warranted the assessment of punitive damages; whether he rendered a home basically uninhabitable with his work; whether there was no evidence to contradict the expert testimony that GAMEZ's house is essentially a house of cards; whether STEVE GUTHRIE cut out the truss system, and no evidence was submitted to indicate that anything was put up in its place to re-establish the security, literally, the security of the house; whether STEVE GUTHRIE continued to go and ask for money, and more money, and more money, and more money, and more money; and whether STEVE GUTHRIE did work on a home in a manner in which an adolescent wouldn't do to a home, taking a roof off after completing a substantial portion of the internal work, leaving that vulnerable to all weather conditions, and indeed, had to be replaced because of the rains that came and the snows that arrived and the house leaked like a sieve.

39.    Whether the State Court found evidence that when the work on the stucco was done, there was improper preparation for the stucco, the windows left gaps that you can see through, the island, which was built to accommodate a stove, didn't even have electricity run through it; and whether STEVE GUTHRIE went to the neighbor and started the same process all over again, and it was un-

11

rebutted, not even a simple denial from STEVE GUTHRIE, in evidence or argument, that he used plumbing materials from GAMEZ's home and put them in he home of the neighbor.

40. Whether the State Court found that STEVE GUTHRIE's conduct was despicable, and warranted a punitive damages award.

41. Whether, to clarify its record, The State Court reiterated that the damages were $673,190 plus $10,000 for CCP 1029.8(a), for a total of $683,190. And then, there was also $10,000 in punitive damages added, and that the award also includes attorney's fees and coss, which would be submitted via appropriate memorandum.

42. Whether in its Amended Judgment After Trial By Court The State Court found that as the prevailing party GAMEZ was entitled to recover her costs of suit pursuant to a Memorandum of Costs filed pursuant to Code of Civil Procedure § 1032 et seq.; and after a hearing on May 23, 2011, the Court awarded GAMEZ attorney's fees in the amount of $39,640.00, and costs of suit in the amount of $6,741.10, each payable jointly and severally by STEVE GUTHRIE and CHRISTY OLSON.

43. Whether the June 13, 2011 Amended Judgment After Trial in the State Court Case is final and non-appealable.

C:    The following issues of law, and no other, remain to be litigated:

1. The State Court's March 15, 2011 transcribed oral statement is the State Court's Statement of Decision pursuant to California Rule of Court 3.1590.

2. Whether the State Court in that certain case titled Elizabeth Gamez-Vom Steeg v. Steven Michael Guthrie et al. San Bernardino County Superior Court, Victorville Division, No. CIVVS 1000969 made findings and conclusions sufficient to establish the elements necessary to prove the State Court Case Judgment to be nondischargeable pursuant to 11 U.S.C. §§ 523(a)(2)(A); 523(a)(4); and 523(a)(6).

3. Whether, pursuant to the Doctrine of Collateral Estoppel, the Final State Court Case Judgment in that certain case titled Elizabeth Gamez-Vom Steeg v. Steven Michael Guthrie et al., San Bernardino County Superior Court, Victorville Division, No. CIVVS 1000969, precludes relitigation of the State Court's Findings and Conclusions recited in the State Courts Statement of Decision and requires that The State Court Case Judgment be declared by this Bankruptcy Court nondischargeable,

pursuant to 11 U.S.C. §§ 523(a)(2)(A); 523(a)(4); and 523(a)(6).

D:      The following is a list of exhibits intended to be offered at the trial by each party, other than exhibits to be used for impeachment only.  The parties have exchanged copies of all exhibits.

Plaintiff's Exhibits:

1.      Complaint for Declaratory Relief for Determination of Nondischargeability of Plaintiff's Claim under 11 U.S.C. § 523.(a)(2), (a)(4) and (a)(6), filed in Adversary Case No. 6:12-ap-01159-WJ.

2.      Answer to Complaint in Adversary Civil Case No. 6:12-ap-01159-WJ.

3.      Certified copy of Verified Complaint for Breach of Contract, Fraud, Conspiracy to Commit Fraud, Conversion, Violation of Contract's State License Law, Negligence and Common Counts, in the Matter of ELIZABETH GAMEZ-Vom Steeg v. Steven Michael STEVE GUTHRIE and Christy CHRISTY OLSON, San Bernardino County Superior Court, Victorville Division, Civil No. CIVVS 1000969.

4.      Certified copy of Answer of STEVE STEVE GUTHRIE and CHRISTY CHRISTY OLSON STEVE GUTHRIE to Complaint in San Bernardino County Superior Court, Victorville Division, Civil No. CIVVS 1000969.

5.      Certified copies of March 8, 2011 Minutes of the Trial of San Bernardino County Superior Court, Victorville Division, Case No. CIVVS1000969.

6.      Certified copies of March 9, 2011 Minutes of the Trial of San Bernardino County Superior Court, Victorville Division, Case No. CIVVS1000969.

7.      Certified copies of March 10, 2011 Minutes of the Trial of San Bernardino County Superior Court, Victorville Division, Case No. CIVVS1000969.

8.      Certified copy of Reporter's Transcript of Oral Proceedings, Statement of Decision, Tuesday, March 15, 2011, in San Bernardino County Superior Court, Victorville Division, Civil Case No. CIVVS 1000969.

9.      Certified copy of April 18, 2011 Judgment After Trial by Court in San Bernardino County Superior Court, Victorville Division, Civil Case No. CIVVS 1000969.

13

10.    Certified copy of June 13, 2011 Amended Judgment After Trial by Court in San Bernardino County Superior Court, Victorville Division, Civil Case No. CIVVS 1000969.

11.    Matrix or chart comparing issues to be litigated with findings of fact recited in the State Court Case Statement of Decision.

Defendants' Exhibits:

    NONE.

E:    The parties have exchanged lists of witnesses to be called at trial.  A copy of the Exhibit List/s is attached hereto as Exhibit "E".

F:    Other matters that might affect the trial such as anticipated motions in limine, motions to withdraw reference due to timely jury trial demand pursuant to LBR 9015-2, or other pretrial motions.

~~NONE~~

///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///

14

01/12/2013  12:10   858   189          JPO                              PAGE  01/01

G:      All discovery is complete.

H:      The parties are ready for trial.

I:      The estimated length of trial is:

        Plaintiff's estimate: 2 – 3 hours.

        Defendant's estimate: 2 – 3 days.

J:      The foregoing admissions have been made by the parties, and the parties have specified the foregoing issues of fact and law remaining to be litigated. Therefore, this order supersedes the pleadings and governs the course of trial of this cause, unless modified to prevent manifest injustice.

Dated: JANUARY 17, 2013.

UNITED STATES BANKRUPTCY JUDGE

Approved as to form and content.

James P. O'Neil
Attorney for Plaintiff
ELIZABETH GAMEZ VOM-STEEG

STEVE GUTHRIE, Defendant Pro Se

CHRISTY OLSON, Defendant Pro Se

15
FINAL JOINT PRETRIAL CONFERENCE ORDER

Elizabeth Gamez-Vom Steeg v. Steve Guthrie and Christy Olson
USBC, Central District of California
Adv. Case No. 6:12-ap-01159-WJ

### EXHIBIT E TO JOINT PRETRIAL CONFERENCE ORDER
#### (Parties' Witness List/s)

**Plaintiff's Percipient Witnesses:**

1.    Elizabeth Gamez, c/o James P. O'Neil, 657 Gravilla Place, La Jolla, CA 92037.

Ms. Gamez will testify as to the representations made to her by Steven and Christy Guthrie about Steven's Contractor License status and qualifications and the damage done to The Gamez Property, and authenticate documents and photographs.

2.    Steven Guthrie, 1102 Rivera Drive, Wrightwood, CA 92397. Mr. Guthrie will testify as to the representations made to Ms. Gamez by he and Christy about his License Status and qualifications, the quality of his work and admissions about the receipt of money from Ms. Gamez, and the condition in which he left the Gamez Property.

3.    Christy Guthrie, 1102 Rivera Drive, Wrightwood, CA 92397. Ms. Guthrie will testify as to the representations made to Ms. Gamez by she and Steven about Steven's License Status and qualifications, the quality of his work and admissions about the receipt of money from Ms. Gamez, and the condition in which he left the Gamez Property.

4.    Fannie Johnson. C/o James P. O'Neil, 657 Gravilla Place, La Jolla, CA 92037. Ms. Johnson will testify as to statements made by Christy Guthrie to induce Ms. Gamez to employ Steven Guthrie as a contractor, and authenticate Building Plans prepared by Christy Guthrie.

5.    Rosa Romo. C/o James P. O'Neil, 657 Gravilla Place, La Jolla, CA 92037. Ms. Johnson will testify as to statements made by Christy Guthrie to induce Ms. Gamez to employ Steven Guthrie as a contractor, and authenticate Building Plans prepared by Christy Guthrie.

6. Alejo Maciel. C/o James P. O'Neil, 657 Gravilla Place, La Jolla, CA 92037. Mr. Maciel will testify as to the poor quality of Mr. Guthrie's work and Mr. Guthrie's use of unlicensed and unskilled subcontractors.

7. John Gerigus. C/o James P. O'Neil, 657 Gravilla Place, La Jolla, CA 92037. Mr. Gerigus will testify as to the pattern and practice of Steven and Christy Guthrie working together to induce homeowners to hire Steven Guthrie as a home remodeling contractor, their misrepresentations about Steven Guthrie's license status and qualifications, Steven Guthrie's lack of license status and qualifications, Steven Guthrie's use on Mr. Gerigus's property, rather than on The Gamez Property, of materials paid for by Ms. Gamez for use on Ms. Gamez's property, and about how Christy Guthrie facilitated payment for Steve Guthrie's work through Christy's PayPal account.

**Plaintiff's Expert Witnesses:**

8. John B. Zuber, a licensed General Contractor. C/o James P. O"Neil, 657 Gravilla Place, La Jolla, CA 92037. Mr. Zuber will testify as to his qualifications, his inspection of and findings pertaining to Steven Guthrie's work on The Gamez Property and his conclusions regarding repair solutions and costs.

9. Mark Vandermeyden, a Licensed Structural Engineer. C/o James P. O"Neil, 657 Gravilla Place, La Jolla, CA 92037. Mr. Vandermeyden will testify as to his qualifications, his inspection of and findings pertaining to Steven Guthrie's work on The Gamez Property and his conclusions regarding repair solutions and costs.

**Defendants' Percipient Witnesses:**

A. Christy Olson. 1102 Rivera Drive, Wrightwood, CA 92397. Ms. Olson will testify to the fact that she is not an architect, engineer or designer and never represented herself that way. Ms. Gamez knew that Mr. Guthrie was not licensed and proceeded whole heartedly with her home improvements. Shew as the catalyst for the work.

2

B.   Steve Guthrie, 1102 Rivera Drive, Wrightwood, CA 92397. Mr. Guthrie will testify that he never represented himself as a contractor. He had been an owner builder on his own home. Ms. Gamez and her husband, Alvern Vom Steeg were cognizant of that fact.

C.   Carol Yasuhara. 12629 Half Moon Way, Victorville, CA 92392. Ms. Yasuhara will testify to the fact of statements made by Ms. Gamez and Mr. Vom Steeg to induce all work done at the Gamez property. Also that, any "plans" made were at the direction of Ms. Gamez one night as she had dinner at the Guthrie home.

D.   Vernon Short. 12629 Half Moon Way, Victorville, CA 92392. Mr. Short will testify to the fact of statements made by Ms. Gamez and Mr. Vom Steeg to induce all work done at the Gamez property. Also that, any "plans" made were at the direction of Ms. Gamez one night as she had dinner at the Guthrie home.

E.   Patty Guthrie. 1102 Rivera Drive, Wrightwood, CA 92397. Ms. Guthrie will testify to the fact of statements made by Ms. Gamez and Mr. Vom Steeg to induce all work done at the Gamez property. Also that, any "plans" made were at the direction of Ms. Gamez one night as she had dinner at the Guthrie home.

F.   Alvern Vom Steeg. 9870 Research Drive, Irvine, CA 92618. Mr. Vom Steeg will testify to the events that happened at his residence at the time in question.

G.   Mr. Kieran Brennan. 1090 Rivera drive, Wrightwood, CA 92397. Mr. Brennan will testify to the relationship of and actions of Ms. Gamez during the time in question.

H.   Elizabeth Gamez, 1070 Rivera Drive, Wrightwood, CA 92397. Ms. Gamez will testify to the planning, construction and quality of the remodeling work done on her home.

3

Exhibit E

| In re:  Steve and Christy Olson | CHAPTER: 7 |
|---|---|
| | |
| Debtor(s). | CASE NUMBER:  6:12-bk-12449-WJ |
| | ADVERSARY NUMBER: 6:12-ap-1159-WJ |

# NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled *(specify)* **FINAL JOINT PRE-TRIAL CONFERENCE ORDER** was entered on the date indicated as Entered on the first page of this judgment or order and will be served in the manner indicated below:

**I.  SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)** Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s), the foregoing document was served on the following person(s) by the court via NEF and hyperlink to the judgment or order. The following person(s) are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email address(es) indicated below.

- United States Trustee (RS)    ustpregion16.rs.ecf@usdoj.gov
- Robert Whitmore (TR)    rswtrustee@yahoo.com, rwhitmore@ecf.epiqsystems.com

☐    Service information continued on attached page

**II.  SERVED BY THE COURT VIA U.S. MAIL:** A copy of this notice and a true copy of this judgment or order was sent by United States Mail, first class, postage prepaid, to the following person(s) and/or entity(ies) at the address(es) indicated below:

Steve Guthrie
POB 982
Wrightwood, CA 92397

James P O'Neil
657 Gravilla Place
La Jolla, CA 92037

Christy Olson
POB 982
Wrightwood, CA 92397

☐    Service information continued on attached page

**III.  TO BE SERVED BY THE LODGING PARTY:** Within 72 hours after receipt of a copy of this judgment or order which bears an Entered stamp, the party lodging the judgment or order will serve a complete copy bearing an Entered stamp by U.S. Mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following person(s) and/or entity(ies) at the address(es), facsimile transmission number(s), and/or email address(es) indicated below:

☐    Service information continued on attached page

**ADDITIONAL SERVICE INFORMATION** (if needed):

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                                        **F 9021-1.1**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:



A true and correct copy of the foregoing document entitled (specify):    APPENDIX OF EXHIBITS IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REQUEST FOR JUDICIAL NOTICE

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (date) _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (date) March 9, 2013, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Steven Michael Guthrie          Christy Olson
P.O. Box 982                    P.O. Box 982
Wrightwood, CA 92397            Wrightwood, CA 92397

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (date) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| March 9, 2013 | James P. O'Neil | |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.